**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| T. S. *et al.*, | |
| Plaintiffs, | Case No. 1:16-cv-08303 |
| v. | Judge Amy J. St. Eve |
| Twentieth Century Fox Television, a division of Twentieth Century Fox Film Corporation *et al.*, | |
| Defendants. | |

**<u>UNOPPOSED MOTION TO RENAME PARTIES AND AMEND THE DOCKET</u>**

Plaintiffs in the above captioned matter, by and through their attorneys, bring this motion to rename certain parties and amend the docket. The Defendants do not oppose this motion. In support of their motion Plaintiffs state:

1. On August 24, 2016, Plaintiffs filed the original Complaint in this matter. (Doc. # 1.) Among other persons, the Complaint named multiple "Fox" entities as defendants.

2. Counsel for the Fox Defendants, Jeffrey Jacobson of Kelley Drye & Warren LLP, subsequently informed Plaintiffs' counsel that the Complaint had identified three of the Fox Defendants by the wrong corporate names. Using hand notation, Mr. Jacobson corrected the names of these three entities in each entity's waiver of service:

- **Fox Broadcasting Company, Inc.** *was corrected as* **Fox Broadcasting Company**. (Doc. # 9.)

- **Fox Entertainment Group, Inc.** *was corrected as* **Fox Entertainment Group LLC**. (Doc. # 9-1.)

- **Twentieth Century Fox Television, Inc.** *was corrected as* **Twentieth Century Fox Television, a division of Twentieth Century Fox Film Corporation**. (Doc. # 9-3.)

3. On October 5, Plaintiffs filed the First Amended Complaint ("FAC"). (Doc. # 23.) Plaintiffs filed the FAC in part to add a (non-Fox) defendant. Another purpose of the FAC, however, was to correct the names of the three Fox entities in accordance with the information that was provided by Mr. Jacobson, as described above. Thus the FAC's caption replaced the three erroneously identified Fox entities with the three correctly identified Fox entities.

4. Correcting the names of the three Fox entities in this manner had an unintended consequence on the docket sheet. The sheet now indicates that the three erroneously identified entities (*i.e.*, Fox Broadcasting Company, Inc.; Fox Entertainment Group, Inc.; and Twentieth Century Fox Television, Inc.) have been terminated from the litigation, while three new entities have been added, who are unserved and unrepresented (*i.e.*, Fox Broadcasting Company; Fox Entertainment Group LLC; and Twentieth Century Fox Television, a division of Twentieth Century Fox Film Corporation). That is not the case: each of the now correctly-identified Fox entities has returned a waiver of service and has appeared through their counsel Mr. Jacobson (appearance at Doc. # 14), Matthew C. Luzadder (appearance at Doc # 12) and Catherine E. James (appearance at Doc # 13).

WHEREFORE Plaintiffs respectfully request, pursuant to Federal Rule of Civil Procedure 15(c)(1)(C) and the Court's inherent authority to manage its docket, that the Court enter an order directing that the docket in this case be amended to change the names of the following parties *nunc pro tunc*:

(a) *Change* **Fox Broadcasting Company, Inc.** *to* **Fox Broadcasting Company**.

(b) *Change* **Fox Entertainment Group, Inc.** *to* **Fox Entertainment Group LLC**.

(c) *Change* **Twentieth Century Fox Television, Inc.** *to* **Twentieth Century Fox Television, a division of Twentieth Century Fox Film Corporation**.

Plaintiffs further respectfully request that the Court grant any other relief necessary to correct the docket sheet.

October 26, 2016                          Respectfully Submitted,

                                                    /s/ Stephen H. Weil

Stephen H. Weil
sweil@eimerstahl.com

Pamela R. Hanebutt
phanebutt@eimerstahl.com

Susan M. Razzano
srazzano@eimerstahl.com

Eimer Stahl LLP
224 South Michigan Avenue, Suite 1100
Chicago, IL 60604
Tel: (312) 660-7600

*Attorneys for Named Plaintiffs T. S. and Q. B.*

**CERTIFICATE OF SERVICE**

      I hereby certify that on October 26, 2016, a true and correct copy of the foregoing was filed electronically. Notice of this filing was sent by operation of the Court's ECF electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

                                                                         /s/ Stephen H. Weil