IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

T. S. *et al.*,

    Plaintiffs,

v.

Twentieth Century Fox Television, a division of Twentieth Century Fox Film Corporation *et al.*,

    Defendants.

Case No. 1:16-cv-08303

Judge Amy J. St. Eve

## PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION
## TO PERMIT SERVING OF DOCUMENT PRESERVATION SUBPOENAS

After the complaint was filed on August 24, counsel for the various Fox Defendants ("Fox") returned waivers of service, thus giving Fox until October 28 to respond to the complaint. On October 21, one week before that deadline, counsel for the defendants, including Fox, informed Plaintiffs that they all intended to move to dismiss the case, and they asked Plaintiffs not to oppose an extension into December to file those motions. Plaintiffs accommodated that request. To ensure that relevant discoverable information was not destroyed in the months it will take to resolve the defendants' motions, however, Plaintiffs asked Fox to agree that they be allowed to serve preservation subpoenas on non-parties who may have been involved in the production and filming at issue, and who therefore are likely to have discoverable evidence important for resolving this case. Even though the requested "discovery" is narrow in scope and the burden imposed by the contemplated preservation subpoenas is negligible, Fox opposes Plaintiffs' request.

Fox's primary argument seems to be that this case can't possibly have merit. But all defendants say that, and Plaintiffs simply want to preserve evidence while Fox's motion advancing arguments on that score is pending. Second, Fox argues that none of the non-parties it contracted with have much in the way of discoverable evidence. But if, for example, Fox hired a non-party to scout the JTDC as a location; or to make decisions about whether *Empire* should be filmed at the JTDC instead of somewhere else; or to work out with the government defendants what parts of the facility Fox could use; or to negotiate Fox's location agreement with the government defendants; or to coordinate production and filming within the JTDC, such that the party would likely have information about what parts of the JTDC were occupied by the *Empire* film crew; then such a party is likely to have discoverable information that is relevant to the resolution of this case.

Plaintiffs are not asking to take any discovery from such parties right now. Plaintiffs are only asking that Fox identify any such non-parties, and then that Plaintiffs be allowed to direct those non-parties to preserve relevant evidence. The discovery Plaintiffs seek is circumscribed to the risk that evidence would otherwise be destroyed, and it is designed to impose minimal burdens on parties and non-parties alike. It should be granted.

November 4, 2016                                  Respectfully Submitted,

                                                      /s/ Stephen H. Weil
                                                     Stephen H. Weil - sweil@eimerstahl.com
                                                     Pamela R. Hanebutt - phanebutt@eimerstahl.com
                                                     Susan M. Razzano - srazzano@eimerstahl.com
                                                     Eimer Stahl LLP
224 South Michigan Avenue, Suite 1100
Chicago, IL 60604
Tel: (312) 660-7600

*Attorneys for Named Plaintiffs T. S. and Q. B.*

# CERTIFICATE OF SERVICE

       I hereby certify that on November 4, 2016, a true and correct copy of the foregoing was filed electronically.  Notice of this filing was sent by operation of the Court's ECF electronic filing system to all parties indicated on the electronic filing receipt.  Parties may access this filing through the Court's electronic filing system.

                                                                           /s/ Stephen H. Weil