# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| T.S. *et al.*,<br><br>        Plaintiffs.<br><br>    v.<br><br>Twentieth Century Fox Television, a division of Twentieth Century Fox Film Corporation *et al.*,<br><br>        Defendants. | Case No. 1:16-cv-08303<br><br>Honorable Judge Amy J. St. Eve |

## MOTION TO DISMISS

Defendants Twentieth Century Fox Television, a division of Twentieth Century Fox Film Corporation ("TCFTV"), Fox Broadcasting Company, Fox Entertainment Group, LLC, Fox Networks Group, Inc., and Twenty-First Century Fox, Inc. (collectively the "Fox Defendants"), by and through their undersigned attorneys, hereby move for dismissal of Plaintiffs' Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), and in support thereof state as follows:

1.    As explained more fully in the accompanying Memorandum of Law submitted in support of this Motion, Plaintiffs' Complaint against the Fox Defendants should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6). First, as detailed in the motions to dismiss filed by the governmental defendants, which the Fox Defendants join, any disruptions to the Plaintiffs' detention routines did not rise to the level of constitutional violations, and therefore cannot support claims against any defendant under 42 U.S.C. § 1983 or otherwise.

2. Even if the Court concludes that Plaintiffs have asserted valid § 1983 claims against the government, Plaintiffs' allegations do not support any "joint action" claim against the Fox Defendants. "Joint action" requires allegations that the government and a private party had a "common, unconstitutional goal" to deny plaintiffs their constitutional rights. *Fries v. Helsper*, 146 F.3d 452, 458 (7th Cir. 1998). These Plaintiffs do not, and cannot, make such a claim, because TCFTV only reached an agreement to access areas of the JTDC for filming, and nothing more. Plaintiffs' conclusory allegations that TCFTV "knew" its filming would result in a "lockdown" is nothing more than baseless conjecture insufficient to survive a motion to dismiss. Plaintiffs' conspiracy claim fails for the same reasons. In addition, Seventh Circuit precedent is clear that respondeat superior claims cannot be asserted under § 1983 against governmental defendants *or* private corporations. *See, e.g., Chatham v. Davis*, 839 F.3d 679, 685 (7th Cir. 2016).

3. Plaintiffs fare no better by restating essentially the same claims under the state law rubrics of "inducement to breach a fiduciary duty," "intentional infliction of emotional distress," and "civil conspiracy." These state law claims all require the same type of active engagement by the Fox Defendants in decisions about Plaintiffs' conditions of confinement that Plaintiffs cannot allege. Plaintiffs' intentional infliction of emotional distress claim fails for the additional reason that this tort requires "extreme and outrageous" conduct that Plaintiffs' allegations here fail to satisfy. Plaintiffs' claim for inducement to breach a fiduciary duty also fails because Plaintiffs do not and cannot allege any benefit that flowed to any Fox Defendant specifically from the conditions the government allegedly imposed on Plaintiffs while TCFTV was present at the JTDC. Finally, Plaintiffs' state law claim for respondeat superior, which is not an independent claim, fails for the same reasons.

4. For all these reasons, Plaintiffs' claims against the Fox Defendants should be dismissed.

WHEREFORE, Defendants Twentieth Century Fox Television, a division of Twentieth Century Fox Film Corporation, Fox Broadcasting Company, Fox Entertainment Group, LLC, Fox Networks Group, Inc., and Twenty-First Century Fox, Inc., request that the Court dismiss Plaintiffs' Amended Complaint, and for such other and further relief as the Court deems just.

Date: December 5, 2016　　　　　　　　　　　　Respectfully Submitted,

/s/ Jeffrey S. Jacobson

Jeffrey S. Jacobson
Kelley Drye & Warren LLP
101 Park Ave
New York, NY 10178
212-808-5145
jjacobson@kelleydrye.com

Matthew C. Luzadder
Catherine E. James
Kelley Drye & Warren LLP
333 West Wacker Drive
Suite 2600
Chicago, IL 60606
(312) 857-7070
mluzadder@kelleydrye.com
cjames@kelleydrye.com

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing *Motion to Dismiss* was served on all counsel of record pursuant to the Court's ECF system on this 5th day of December, 2016.

/s/ Jeffrey S. Jacobson
Jeffrey S. Jacobson