**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| T.S., a minor by and through his parent | ) | |
| and guardian, S.S., *et al.* | ) | |
| Plaintiffs, | ) | |
| v. | ) | 16 C 8303 |
| | ) | |
| Twentieth Century Fox Television, Inc., | ) | Honorable Amy J. St. Eve |
| *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS COOK COUNTY AND DIXON'S REPLY BRIEF**
**IN SUPPORT OF THEIR MOTION TO DISMISS**

Defendants, Cook County and Leonard Dixon, by their attorney, Kimberly M. Foxx, State's

Attorney of Cook County, and through her Assistant State's Attorneys, Thomas E. Nowinski and

Anthony E. Zecchin, submit this reply brief in support of their motion to dismiss Plaintiff's First

Amended Complaint. In support thereof, Defendants state as follows:

**INTRODUCTION**

Even with the filing of their 48 page response, Plaintiffs have still failed to address the

fatal flaw in their complaint: the lack of any constitutional violation. Instead, Plaintiffs

exaggerate the conditions that they were allegedly subject to and argue around Defendants'

argument, without addressing them in their response brief. Plaintiffs, recognizing the deficiencies

in their complaint, exaggerate the conditions at the Juvenile Temporary Detention Center

(JTDC), taking unreasonable liberties with their own pleadings and, now, claim that the

conditions for those three separate and distinct periods - of no more than a few days at a time and

over the course of three months – essentially resulted in the complete restriction of movement

and virtually no programming for JTDC residents.

Now, Plaintiffs impermissibly seek to amend their pleadings in their response brief to

exaggerate their claims and assert new, unsupported arguments to save their First Amended

Complaint (FAC). For example, Plaintiffs claim that the alleged conditions increased the risk of

psychological and physical harm that the JTDC residents were exposed to. Dkt. no. 58, Pltfs.'

Resp., p. 12. This is not factual support for such a claim, but a convenient effort to elevate their

claims to one that actually implicates constitutional concerns. Although the Court must construe

the facts in Plaintiffs' favor, it need not accept unreasonable factual inferences. *See Caldwell v.*

*City of Elwood, Ind.,* 959 F.2d 670, 673 (7th Cir. 1992) (a court "strain to find inferences

favorable to plaintiffs" or accept unreasonable inferences). Another example of Plaintiffs'

attempt to improperly buttress their claims is their argument hat the physical layout of the JTDC

somehow was designed to facilitate programming. Pltfs.' Resp., p. 13. Even considering the

instant allegations to be true, this Court need not – and should not – accept arguments that are

completely devoid of factual support or cannot reasonably be inferred. *See Caldwell*, 959 F.2d at

673.

Finally, Plaintiffs have failed to provide any authority or distinguish the case law cited by

Defendants that would support the short-term deprivations, as alleged, stating a valid claim under

42 U.S.C. § 1983.

## ARGUMENT

### I.      Plaintiffs Have Failed to State a Valid Due Process Claim

As an initial matter, and to save this Court from having to review duplicative briefing,

Cook County and Dixon adopt the arguments made by the Fox Defendants in their reply

regarding the lack of any allegations of a "[p]rotected" (i.e. constitutional or statutory) right. Dkt.

no. 62, Fox Reply, pp. 4-6.

2

In their response, Plaintiffs have failed to cite to any case law in support of their claims related to education, recreation or sick call and they have failed to respond to Defendants' authority or arguments that demonstrate their allegations do not state a constitutional claim. Therefore, they have waived any argument and the Court should grant Defendants' motion to dismiss these claims. *See GS Holdings LLC v. Cont'l Cas. Co.*, 697 F.3d 534, 538 (7th Cir. 2012) ("We have repeatedly held that a party waives an argument by failing to make it before the district court. That is true whether it is an affirmative argument in support of a motion to dismiss or an argument establishing that dismissal is inappropriate.") (citations omitted). "If [a court is] given plausible reasons for dismissing a complaint, [the court is] not going to do the plaintiff's research and try to discover whether there might be something to say against the defendant's reasoning." *Slep-Tone Entm't Corp. v. Coyne*, 141 F. Supp. 3d 813 (N.D. Ill. Jan. 8, 2015) (quoting *Kirksey v. R.J. Reynolds Tobacco Co.,* 168 F.3d 1039, 1041 (7th Cir. 1999)).

Plaintiffs have also failed to state a constitutional injury. Instead, they have simply argued that there was a "substantial, cognizable injury." Pltfs.' Resp., p. 16. Plaintiffs provide no legitimate support for this contention. This Court is not required to presume that an injury was, in fact, suffered when there is *no* factual basis proffered as support for this claim.

For the reasons above and the reasons set forth in Defendants' motion, this Court should dismiss Plaintiffs' Complaint with prejudice.

## II.  Plaintiffs Have Failed to State a Claim Under the "Atypical and Significant Hardship" Test

### A.  The Atypical and Significant Hardship Test Applies in this Case

The proper test under which Plaintiffs' Due Process claim should be analyzed is the "atypical and significant hardship" test. Plaintiffs contend that the proper test is set forth in *Bell*

3

*v. Wolfish*, 441 U.S. 520 (1979), and the Chief Judge argues that the "shocks the conscience" test applies. Pltfs.' Resp., pp. 14-20; Dkt. no. 59, Chief Judge MTD, pp. 7-8. Even though those tests are not applicable to this case, analysis under either supports dismissal of Plaintiffs' claims.

Plaintiffs' argument that the atypical and significant hardship test does not apply is incorrect. The only effort Plaintiff makes in response is that the cases cited by Defendants were brought by prisoners, not pretrial detainees. Pltfs.' Resp., pp. 21-22. This is a distinction without difference, particularly because the two standards are virtually identical, *Phillips v. Sheriff of Cook Cnty.,* 828 F.3d 541, 554, n.31 (7th Cir. 2016), and, even under a more liberal view of the safeguards provided by the Due Process Clause, Plaintiffs' allegations do not state a plausible claim. Even more significantly, Plaintiffs have failed to cite to *any* authority that would support their allegations as sufficient to proceed under § 1983 or remove the application of well-established law to Plaintiffs' claims. The issue in this case is the nature and duration of the alleged restrictions; no reasonable reading of Plaintiffs' complaint can support the conclusion that these restrictions amounted to punishment.

Plaintiffs' narrow reading of *Tesch v. County of Lake*, 157 F.3d 465 (7th Cir. 1998) and *Antonelli v. Sheahan,* 81 F.3d 1422 (7th Cir. 1996) does not alter the rule of law in this Circuit, which has clearly established that short-term deprivations are not actionable under the Constitution. Moreover, Plaintiff has failed to distinguish any of the other cases cited by Defendants or direct this Court to *any* authority which would support a cause of action based on three short periods over time, totaling no more than two weeks, over the course of three months.

Plaintiffs' effort to analogize their claims to the cases cited in their response, Pltfs.' Resp., pp. 17-19, cannot reasonably be considered. As pointed out by the Fox Defendants, Fox

4

Reply, pp. 4-5, those cases involved far more egregious conduct and invasive conditions than anything pled here, regardless of Plaintiffs' ludicrous statement that their claims "far more serious," notwithstanding. *See* Pltfs.' Resp., p. 19. Plaintiffs' citation to *Doe v. Cook County*, 1999 U.S. Dist. LEXIS 18191 (N.D. Ill. Nov. 22, 1999) (Nordberg, J.) does not advance their argument. The issue that was decided in *Doe* was the application of the exhaustion requirement of the Prison Litigation Reform Act to juveniles that were being held in custody at the JTDC. 1999 U.S. Dist. LEXIS 18191, at ** 7-8, 13. The quotation cited by Plaintiff is of no import and was not in the context of any specific claims. Moreover, the citation to *Bergren v. City of Milwaukee*, 811 F.2d 1139 (7th Cir. 1987), which notably affirmed a directed verdict in favor of the defendants, is inapposite to the instant case; there is nothing in Plaintiffs' complaint that would support the inference that the alleged conditions were such that psychological damages would follow.

### B.    *Bell* does not state the applicable standard for juvenile detainees

Plaintiffs have failed to cite to any authority that *Bell* establishes the standard is applicable to the instant case. However, even if this Court accepts that as the proper standard here, it is clear that the allegations that there were "lockdowns" at the JTDC do not amount to punishment. Plaintiffs focus on what needs to be shown by a plaintiff in order to show they were punished misses the most obvious requirement: the complained of actions must be punishment. There is no claim – nor could there be – that filming at the JTDC was done to punish its residents. Therefore, Plaintiffs' allegations, as a matter of law, do not sufficiently state any punishment by Defendants and therefore cannot survive dismissal.

C. **Plaintiffs' Claim Against Cook County and Dixon Fail Under the Shocks the Conscience Test.**

If this Court considers the "shocks the conscience" test to be appropriate, it is clear that none of the allegations made here even remotely rise to the level of conscience shocking. Moreover, Plaintiffs' reliance on *Kingsley v. Hendrickson*, 135 S. Ct. 2466 (2015) is misplaced as that case arose from allegations of excessive force, none of which are made in this Complaint.

III. **Plaintiffs' Fourth Amendment Claim Likewise Fails**

In order to avoid repetition and unnecessary argument, Defendants incorporate their arguments in reply in support of dismissal of Plaintiffs' Due Process claim. The residents of the JTDC did not suffer a constitutional deprivation because any modifications to "normal operation" did not amount to significant hardships that were atypical of life at the JTDC. Accordingly, Count II of Plaintiffs' FAC must be dismissed with prejudice.

IV. **Plaintiffs Fail To Plead A Cause Of Action For Breach Of Fiduciary Duty**

In response to Defendants' Motion to Dismiss, Plaintiffs fail to cite to a single case or statute that establishes that Defendant Dixon was a guardian of the residents of the JTDC, that the residents were wards of Defendant Dixon, or that Defendant Dixon owed any fiduciary duty to Plaintiffs. In fact, Plaintiffs do not even address Defendants' arguments or the Illinois statutes that control when a minor is a ward in Illinois. Rather, Plaintiffs completely miss Defendants' argument of who are the guardians of the residents – the residents' parents or legally appointed guardians and not Leonard Dixon or anyone else.

The cases Plaintiffs cite in response to Defendants' Motion are entirely inapposite. In *Parks v. Kownacki*, the adult defendant that was found by the state circuit court to be the plaintiff's guardian was a priest that forced the plaintiff to move out of her parents' home and

into his house, forced the plaintiff to have sexual relations with him in exchange for her education and support, physically beat her and raped her in an effort to keep the plaintiff from telling anyone, and sought the assistance of other clergy to shame the plaintiff into succumbing to the defendant's wishes. *Parks v. Kownacki*, 305 Ill. App. 3d 449, 451-455 (Ill. Ct. App. 1999) Plaintiffs further inappropriately cite to *Parks* in an effort to establish a fiduciary duty between a guardian and a ward in this case by emphasizing that the Illinois Supreme Court affirmed the Appellate Court and noted that the defendant took on the role of the plaintiff's guardian even though he was not given that title by a court. However, *Parks* is of absolutely no help to Plaintiffs.

In this case, Defendant Dixon is not a sexual deviant who provides support and education to the residents in order for the residents to succumb to his criminal actions. Unlike *Parks*, Defendant Dixon did not seek out any of the residents to fulfil his despicable desires. Rather, Defendant Dixon manages the operations of a facility that houses residents who are awaiting an adjudication proceeding where the court may adjudicate them as wards of the court and commit them to the Illinois Department of Juvenile Justice. While *Parks* may stand for the proposition that there is a fiduciary duty owed by a guardian and a ward, Defendants do not dispute that statement of law. However, Plaintiffs have not pled, and cannot plead, sufficient facts to establish that there is a guardian/ward relationship between Defendant Dixon and the residents of the JTDC.

Plaintiffs further cite to *Nelson v. Heyne*, 491 F.2d 353 (7th Cir. 1974) in an attempt to persuade this Court that the Seventh Circuit has established a fiduciary relationship between residents of a juvenile detention center and the superintendent of that center. However, *Nelson*

7

does not stand for that proposition. Rather, the holding in *Nelson* concerns individual treatment for such residents. *See Nelson*, 491 F.2d at 360. Again, Plaintiffs' reliance on *Nelson* is of no help and, contrary to Plaintiffs' belief, does not establish a fiduciary duty between Defendant Dixon and the residents of the JTDC.

Moreover, assuming that a fiduciary relationship exists, as discussed above and in Defendants' Motion to Dismiss, Plaintiffs have failed to sufficiently plead facts that establish any breach of any duties imposed as a matter of law. Plaintiffs concede that the residents received education, exercise, recreation, visits, and other services. While Plaintiffs' complaint attempts to paint the life at the JTDC as oppressive and unconstitutional, Plaintiffs fail to show how it harmed the residents in any way that is different than the normal operations of the JTDC or that is below the standards established by the law.

Simply stated, Plaintiffs cannot establish a fiduciary relationship between the residents of the JTDC and Defendant Dixon as a matter of law. The cases relied upon by Plaintiffs may establish a right to individual treatment of residents in a detention facility, they do not establish a fiduciary duty. Accordingly, Plaintiffs' claim for breach of a fiduciary duty must be dismissed with prejudice.

## V.  Leonard Dixon Is Entitled to Qualified Immunity

In an effort to defeat Defendant Dixon's immunity to Plaintiffs' claims, Plaintiffs argue that Defendant Dixon "re-wrote" Plaintiff's First Amended Complaint. However, Defendant Dixon has done no such "re-writing." As discussed above, Plaintiffs and the residents of the JTDC received all of the services that they claim they are entitled to, in one fashion or another. When striped of conclusory language and editorial rhetoric, Plaintiffs' allegations do not

8

establish that any clearly established rights were violated or that the unlawfulness of Defendant Dixon's actions would be apparent to a reasonable official. Plaintiffs concede that the residents were given education, exercise, recreation, and other rehabilitative services. Even if some of these services were not convenient to or up to Plaintiffs' expectations, it does not follow that the services violated clearly established law. The residents of the JTDC do not have clearly established constitutional rights to education classes in a classroom, to recreation time outside, to visits for a set length of time, or to after school programming such as dance and music.

Any restrictions certainly cannot be characterized as severe or punitive. As such, Defendant Dixon is entitled to qualified immunity and Plaintiffs' First Amended Complaint must be dismissed against him with prejudice.

## VI. Plaintiffs' *Monell* Claim Against Cook County Fails As A Matter Of Law

Plaintiffs' response seems to concede that a *Monell* claim cannot survive dismissal. Plaintiffs agree that under *Monell*, the County may only be liable for actions which it is actually responsible. However, Plaintiffs argue that it is "too early to declare that the County did not in fact cause any of the challenged violations." Plaintiffs' argument flies in the face of their own allegations.

In the First Amended Complaint, Plaintiffs' clearly allege that "[s]pecifically, Chief Judge Timothy Evans was the person with final policymaking and decision-making authority regarding the administration and operation of the JTDC…" Pltfs.' Compl. ¶89. Plaintiffs do not contest that Chief Judge Evans, and all judges of the Circuit Court of Cook County, is a state employee and not an employee of Cook County. To be sure, in *Biggerstaff v. Moran*, 284 Ill.App.3d 196 (1st Dist. 1996), following *Moy v. County of Cook*, 159 Ill.2d 519 (Ill. 1994), the

9

court held that Cook County was not the employer of the State's Attorney's Office and not liable for the alleged conduct of Assistant State's Attorneys under the *respondeat superior* doctrine, because the State's Attorney is a state officer whose office was created under the judiciary article of the Illinois constitution. The Chief Judge is clearly a state officer created under the judiciary article of the Illinois constitution.  Following the reasoning in *Moy*, the *Monell* claim against Cook County fails as a matter of law and must be dismissed with prejudice.

**VI.    Plaintiffs' Claim of Intentional Infliction of Emotional Distress Fails**

Defendants had adopted the Fox Defendants argument regarding this claim made in the Fox Defendants' motion to dismiss and would also seek to adopt the argument that was made in their Reply.

Beyond the adopted argument of the Fox Defendants, Defendants would also argue that Plaintiff has failed to cite any case law to support the instant claims as being sufficient as a matter of law. Moreover, the only factual support offered on this claim is that Defendants "knew" the JTDC residents were "exceptionally vulnerable," needed programming and that "locking them down" could harm them psychologically. Pltfs.' Resp., p. 26. However, these conclusory statements are not reasonable inferences and therefore there is no basis for this Court to consider them as support for the IIED claim. *See Caldwell*, 959 F.2d at 673.

Respectfully submitted,

KIMBERLY M. FOXX
State's Attorney of Cook County

By:  _/s/ Thomas E. Nowinski
Thomas E. Nowinski
Assistant State's Attorney
500 Richard J. Daley Center
Chicago, Illinois 60602
(312) 603-4327

10