IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| T. S. *et al.*, | |
| Plaintiffs, | Case No. 1:16-cv-08303 |
| v. | Judge Amy J. St. Eve |
| Twentieth Century Fox Television, a division of Twentieth Century Fox Film Corporation *et al.*, | |
| Defendants. | |

**PLAINTIFFS' MOTION FOR LEAVE TO FILE A SUR-REPLY**

Plaintiffs T.S. and Q.B., by and through their guardians and undersigned attorneys, respectfully move this Court for leave to file a sur-reply in response to arguments made for the first time in reply brief the Chief Judge of the Circuit Court of Cook County ("Chief Judge"). In support of their motion, Plaintiffs state as follows:

In the memorandum supporting his motion to dismiss, (*see* Doc. # 44), the Chief Judge contended that he is a state official, and that Plaintiffs' claims against him are therefore barred by the Eleventh Amendment. (*Id.* at 4-5.) The memorandum did not support this contention with argument, however. Instead, it simply declared that "Judges and non-judicial employees of the circuit courts are state officials. As a result, the official capacity claims against the Chief Judge are claims against the state." (*Id.* (citation omitted)).

This skeletal argument did not satisfy the Chief Judge's burden to demonstrate his entitlement to Eleventh Amendment immunity. Eleventh Amendment immunity is an affirmative defense, and the party claiming that it enjoys the immunity has the burden to

1

demonstrate why this is so. *See Baxter by Baxter v. Vigo Cty. Sch. Corp.*, 26 F.3d 728, 735 n.5 (7th Cir. 1994) (holding that the party asserting Eleventh Amendment immunity had not met "its burden of persuasion"); *Young v. Dart*, No. 06-cv-552, 2009 WL 2986109, at *2 (N.D. Ill. Sept. 15, 2009) (citing *Baxter* for rule that "defendant bears burden of persuasion on Eleventh Amendment assertion"). *See also Thomas v. Guffy*, No. 07-cv-823, 2008 WL 2884368, at *4 & n.2 (W.D. Okla. July 25, 2008) ("The threshold issue is who bears the burden of persuasion regarding Eleventh Amendment immunity. . . . [E]very federal appeals court to address the question has placed the burden on the moving party." (collecting cases, including *Baxter*)).

That burden, in turn, cannot be satisfied simply by pointing to a state law that labels the defendant as a state officer. As the Supreme Court explained in *McMillian v. Monroe County*, 520 U.S. 781 (1997), "state law [cannot] answer the question [of whether an official acts for state or local government] for us by, for example, simply labeling as a state official an official who clearly makes county policy." *Id.* at 786. Rather, courts must determine "whether governmental officials are final policymakers for the local government in a particular area, or on a particular issue." *Id.* at 785. *Accord DeGenova v. Sheriff of DuPage Cty.*, 209 F.3d 973, 975 (7th Cir. 2000) (noting that Illinois law labeled as a county official the defendant sheriff seeking Eleventh Amendment immunity; "but our analysis does not end there. As the Supreme Court emphasized in *McMillian*, whether a sheriff acts for the State or a local entity is not an "all or nothing" determination. Rather, the question is whether, when the Sheriff acts in a particular area or on a particular issue, he acts for the State or a local entity." (citing *McMillian*)).

The First Amended Complaint made clear that Plaintiffs' claims against the Chief Judge arose from his office's role in administering the JTDC. (*See* Doc. # 23 ¶¶ 5, 58-62.) The Chief Judge nevertheless simply rested his immunity claim on the assertion that he was a state official,

without conducting the analysis required by *McMillian* to demonstrate that that was actually the case for the particular function at issue. Instead, the Chief Judge reserved his *McMillian* analysis for his reply, making detailed arguments about why he acted as an officer of the state, and not the county, regarding the challenged conduct. (*See* Doc. # 59 at 2-5.) This inappropriately shifted the burden of argument to the Plaintiffs, and it deprived them of the opportunity to respond to arguments that, under *McMillian*, the Chief Judge should have made in his original motion.

Arguments raised for the first time in a reply are subject to waiver. *See Zurich Capital Markets Inc. v. Coglianese*, 332 F. Supp. 2d 1087, 1110 (N.D. Ill. 2004) (St. Eve, J.). The Court alternatively has discretion to permit the filing of a sur-reply, however, *see Sommerfield v. City of Chicago*, No. 06-cv-3132, 2012 WL 3779104, at *2 (N.D. Ill. Aug. 31, 2012), which Plaintiffs respectfully suggest is the more appropriate course of action here.

WHEREFORE, Plaintiffs respectfully request that the Court permit them to file a sur-reply, limited to addressing arguments regarding Eleventh Amendment immunity that were raised for the first time in the Chief Judge's reply. The Plaintiffs' proposed sur-reply is attached hereto as Exhibit 1. Plaintiffs contacted counsel for the defendants on February 13 to seek their consent to this motion. At the time of filing, Plaintiffs have not received a response.

DATED: February 14, 2017   Respectfully Submitted,

 /s/ Stephen H. Weil
Stephen H. Weil - sweil@eimerstahl.com
Pamela R. Hanebutt - phanebutt@eimerstahl.com
Susan M. Razzano - srazzano@eimerstahl.com

Eimer Stahl LLP
224 South Michigan Avenue, Suite 1100
Chicago, IL 60604
Tel: (312) 660-7600

*Attorneys for Named Plaintiffs T. S. and Q. B.*

## **CERTIFICATE OF SERVICE**

   I hereby certify that on February 14, 2017, a true and correct copy of the foregoing was filed electronically. Notice of this filing was sent by operation of the Court's ECF electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

                      /s/ Stephen H. Weil