# Exhibit 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| T. S. *et al.*,　　　　　　　　　　　　　　　　　　　 | |
| 　　　　　Plaintiffs, | Case No. 1:16-cv-08303 |
| 　v. | Judge Amy J. St. Eve |
| Twentieth Century Fox Television, a division of Twentieth Century Fox Film Corporation *et al.*, | |
| 　　　　　Defendants. | |

**PLAINTIFFS' PROPOSED SUR-REPLY**

Immunity from suit is an affirmative defense, and the Chief Judge bears the burden to demonstrate that his office is entitled to Eleventh Amendment immunity. *See Baxter v. Vigo Cty. Sch. Corp.*, 26 F.3d 728, 734 n.5 (7th Cir. 1994) (defendant asserting Eleventh Amendment immunity bears burden to demonstrate that it was an arm of the state). The arguments raised for the first time in the Chief Judge's reply brief ("C.J. Reply" Doc. # 59) do not meet this burden.

*First*, the Chief Judge does not dispute that the County Shelter Care and Detention Home Act (the "Detention Home Act"), 55 ILCS § 75/1 *et seq.* makes administration of the JTDC a county function. Rather, he argues that the Detention Home Act gives his office no authority to administer the JTDC. (C.J. Reply at 2-3.) Instead, he contends, the Chief Judge's "*only power*," found under Section 75/3(b) the Detention Home Act, is to appoint the JTDC's superintendent and other personnel. (C.J. Reply at 3 (emphasis original).) Thus Superintendent Dixon, not the Chief Judge, is the person with administrative authority over the JTDC. (*Id.*) As such, "the

1

Chief Judge never acted as a county official because he never performed a function in accordance with Section 75/3(b) that gave rise to Plaintiffs' allegations." (*Id.*)

This argument confuses the nature the claims in this case. This is not a suit against Chief Judge Timothy Evans. It is a *Monell* official-capacity suit against the ***office*** of the Chief Judge, as a governmental entity responsible for administering the JTDC. *See Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 690 n. 55 (1978) (holding that official-capacity claims "generally represent only another way of pleading an action against an entity of which an officer is an agent"). As such, it ultimately does not matter whether Superintendent Dixon or Chief Judge Timothy Evans was the relevant final decision-maker;[1] what matters is whether the final decision maker acted on behalf of the office of the Chief Judge its official capacity as administrator of the JTDC.

The relevant question, therefore, is whether the office of the Chief Judge, as a governmental entity, exercises the requisite authority over the JTDC's administration. Again, the Chief Judge argues that he does not exercise such authority because Section 75/3(b) only empowers him to appoint the JTDC's superintendent, not administer the JTDC. (C.J. Reply at 3.) There are several responses to this argument. First, it gets the law wrong: this Court has treated the 2007 amendment to the Detention Home Act encoded in Section 75/3(b) as transferring administrative control of the JTDC to the office of the Chief Judge, *see M.W. v. Doe 1*, No. 12-cv-2461, 2012 WL 3717790, at *3 (N.D. Ill. Aug. 27, 2012) ("In August 2007, the State of Illinois enacted legislation transferring the administration of the [JTDC] from the executive branch of Cook County to the Office of the Chief Judge of the Circuit Court of Cook County"), and indeed that was the Legislature's intention. *See* Ill. Sen. Tr., 95th Leg., Reg. Sess.

---

[1] In all events, the FAC sufficiently alleges that Superintendent Dixon approved of the *Empire* filming and lockdowns. (*See, e.g.*, FAC ¶¶ 29, 34.)

2

No. 43 (May 22, 2007) (statement of Sen. Harmon) ("House Bill 236 provides for the transfer of the Cook County Juvenile Detention Center from the Office of the County Board President to the Office of the Chief Judge's Office. It is identical to Senate Bill 1686, which passed the Senate unanimously . . . ."). Second, as Plaintiffs demonstrated in their Response, to the extent the Chief Judge's office exercises *any* authority over the JTDC's operations, that authority derives from the county-officer powers of the Detention Home Act, not the state-officer powers found in Article VI of the Illinois Constitution. (*See* Pl. Resp. (Doc. # 58) at 32-33.) Finally, if the Chief Judge's office is not the governmental entity exercising administrative control over the JTDC, the correct entity is Cook County, which the FAC names as an alternative *Monell* defendant. And Cook County is a local entity that is not entitled to Eleventh Amendment immunity.

*Second*, the Chief Judge claims he is a state officer because he would be indemnified by the state, under the State Employee Indemnification Act ("SEIA"), 5 ILCS 350/1 *et seq.* (C.J. Reply at 4-5.) But multiple courts have held the fact that the SEIA indemnifies an employee "is not conclusive for Eleventh Amendment purposes." *Cervantes v. Metro. Enf't Grp.*, 01-cv-4433, 2001 WL 1329295, at *1 (N.D. Ill. Oct. 29, 2001). *See also Nixon v. Smith*, 10-cv-1382, 2011 WL 3236042, at *4 (N.D. Ill. July 26, 2011) (collecting cases). And moreover, the SEIA indemnifies individual employees—not governmental entities like the office of the Chief Judge. *See, e.g.*, *Collins v. Ne. Metro. Enf't Grp.* [*"NEMEG"*], No. 89-cv-3077, 1991 WL 93495, at *3 (N.D. Ill. May 20, 1991) (holding that the SEIA's indemnification of individual NEMEG officers "does not affect the status of NEMEG itself as a local government unit."). For this reason too, the Chief Judge's objections to *Robinson v. Sappington*, 351 F.3d 317 (7th Cir. 2003) are misplaced; this is not a question of liability for acts of individual employees. Ultimately, the liability of the office of the Chief Judge here arises from the operation of the JTDC pursuant to

3

the Detention Home Act, not any judicial or administrative actions that Chief Judge Evans might take pursuant to his state-officer judicial powers. There is no indication in the Detention Home Act—and the Chief Judge certainly does not point to any—that the Legislature meant to transfer liability for claims arising from the JTDC's operation from Cook County to the state treasury.

The Chief Judge, in short, has not met his burden of persuasion to show that he is entitled to Eleventh Amendment immunity for the particular functions at issue in this case.

DATED: February 14, 2017

Respectfully Submitted,

/s/ Stephen H. Weil
Stephen H. Weil - sweil@eimerstahl.com
Pamela R. Hanebutt - phanebutt@eimerstahl.com
Susan M. Razzano - srazzano@eimerstahl.com

Eimer Stahl LLP
224 South Michigan Avenue, Suite 1100
Chicago, IL 60604
Tel: (312) 660-7600

*Attorneys for Named Plaintiffs T. S. and Q. B.*

4

**CERTIFICATE OF SERVICE**

  I hereby certify that on February 14, 2017, a true and correct copy of the foregoing was filed electronically. Notice of this filing was sent by operation of the Court's ECF electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

                    /s/ Stephen H. Weil