IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| T.S. *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> Twentieth Century Fox Television *et al.*, <br><br> Defendants. | Case No. 1:16-cv-08303 <br><br> Hon. Amy J. St. Eve |

## MOTION TO AMEND COMPLAINT

Plaintiffs T.S. and Q.B., through their attorneys, move the Court for leave to include in their Second Amended Complaint a count for relief against the Fox Defendants that asserts a cause of action sounding in accounting and/or unjust enrichment. Plaintiffs contacted the Defendants to seek their consent to this addition and were informed that the Fox Defendants do not consent. Pursuant to Federal Rule of Civil Procedure 15(a)(2), Plaintiffs therefore seek leave from the Court.

In support of their motion, Plaintiffs state as follows:

1. Plaintiffs filed their original Complaint on August 24, 2016. (Doc. # 1.) The original Complaint alleged that the defendants in this case, particularly the Fox Defendants, were unjustly enriched by the lockdowns that were instituted by the administrators of the JTDC for the purpose of allowing the Fox Defendants to film scenes for *Empire* there. (*See* Doc. # 1 at 2 ("Introduction"); ¶¶ 49-54.) Plaintiffs sought disgorgement of this alleged unjust enrichment as

a remedy, (Doc. # 1 at 36), and they sought this recovery through several legal theories asserted in the Complaint's counts. (*See* Doc. # 1 ¶¶ 78, 85, 89, 93, 101, 109, 115, 119, 125.)

  2. On October 5, 2016, Plaintiffs filed a First Amended Complaint ("FAC"). (Doc. # 23.) Plaintiffs filed the FAC on their own initiative, before any of the Defendants had responded to the original Complaint. The purpose of this amendment was to correct the corporate names of some of the Fox Defendants and to add the Chief Judge of the Circuit Court of Cook County as an alternative *Monell* defendant. (Doc. # 23 ¶¶ 4, 5, 87-90.) Aside from those changes, the Plaintiffs did not make substantive changes between the original Complaint and the FAC.

  3. The defendants all moved to dismiss the FAC, and on April 20, 2017, the Court issued an opinion dealing with those motions. (Doc. # 73.) As relevant here, the Court dismissed FAC Counts IV, VI, VIII, IX, and X against the Fox Defendants without prejudice, giving Plaintiffs leave to file a Second Amended Complaint ("SAC") re-asserting those counts. (*See* Doc. # 73 at 2.)

  4. In the present motion, Plaintiffs seek the Court's leave to include in the SAC an additional count, which they have titled Count XIII. A proposed SAC, with Count XIII included, is attached to this motion as Exhibit A.

  5. Count XIII asserts a cause of action sounding in unjust enrichment and/or accounting. In summary, Count XIII charges that the Fox Defendants were on notice that the rights of the children at the JTDC were being violated in order to facilitate *Empire*'s filming at the JTDC, but that the Fox Defendants proceeded with the filming anyway, and profited therefrom. Therefore, Count XIII charges, the Fox Defendants were unjustly enriched and

2

should be ordered to provide an accounting of and disgorge their profits from the filming. Count XIII thus would assert a cause of action based on Plaintiffs' factual allegations in this case.

6. Federal Rule of Civil Procedure 15(a)(2) provides that leave to amend should be given "freely . . . when justice so requires." As the Seventh Circuit has "repeatedly" explained, "[o]rdinarily . . . a plaintiff whose original complaint has been dismissed under Rule 12(b)(6) should be given at least one opportunity to try to amend her complaint before the entire action is dismissed." *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 519 (7th Cir. 2015). *See also Barry Aviation Inc. v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004) ("That leave be 'freely given' is especially advisable when such permission is sought after the dismissal of the first complaint."). Thus, "[d]istrict courts routinely do not terminate a case at the same time that they grant a defendant's motion to dismiss; rather, they generally dismiss the plaintiff's complaint without prejudice and give the plaintiff at least one opportunity to amend her complaint." *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008). Plaintiffs seek to add Count XIII as part of the amendment process routinely granted to plaintiffs under Rule 15(a)(2).

7. The exception to the rule favoring such amendments is if the plaintiff has engaged in bad faith or dilatory tactics, the amendment would cause undue delay or prejudice to the defendant, or the amendment is certain to be futile. *See Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010). Plaintiffs do not know why the Fox Defendants have refused to consent to the proposed amendment, but presumably the Fox Defendants would not contend that Plaintiffs are acting in bad faith or are engaged in delay tactics, and it is hard to see how the proposed amendment could result in prejudice to the Fox Defendants, since it comes at the outset of this case, at a stage where leave to amend is granted as a matter of course.

8. Nor is the proposed amendment futile. Count XIII does not duplicate the existing causes of action against the Fox Defendants. To the contrary, the law of unjust enrichment provides for a cause of action in accounting or disgorgement where the defendant has notice that a third party is engaged in a breach of fiduciary duty or other misconduct against a victim, and the defendant nevertheless takes advantage of that misconduct to profit from it. *See, e.g.*, *Conant v. Karris*, 520 N.E.2d 757, 763 (Ill. Ct. App. 1987) (holding that non-fiduciary defendant, who profited from fiduciary's breach with notice thereof, was unjustly enriched and liable for accounting and disgorgement to the victim of the breach). *See also* Restatement (Third) Restitution and Unjust Enrichment § 43 cmt. g (Am. Law Inst. 2011) ("Benefits derived from a fiduciary's breach of duty may . . . be recovered from third parties, not themselves under any special duty to the claimant, who acquire such benefits with notice of the breach.") & illus. 32 (based on *Conant*)); *id.* § 44(1) ("A person who obtains a benefit by conscious interference with a claimant's legally protected interests (or in consequence of such interference by another) is liable in restitution as necessary to prevent unjust enrichment . . . ."). This basis for relief is consistent with Plaintiffs' allegations in this case, and the addition of this new claim thus would not be futile.

9. Plaintiffs therefore respectfully submit that under the liberal standards of Rule 15(a)(2), it is appropriate for the Court to give the Plaintiffs leave to include Count XIII in their Second Amended Complaint.

WHEREFORE, Plaintiffs respectfully request that the Court grant them leave to file a Second Amended Complaint that includes a Count XIII, as set forth in Exhibit A to this motion.

May 19, 2017                                     Respectfully submitted,

<u>/s/ Alexis G. Chardon</u>

Stephen H. Weil – steve@weilchardon.com
Alexis G. Chardon – ali@weilchardon.com
Weil & Chardon LLC
1713 W. School Street
Chicago, IL 60657
(312) 752-6046

*Attorneys for Named Plaintiffs T.S. and Q.B.*

**CERTIFICATE OF SERVICE**

      I hereby certify that on May 19, 2017, a true and correct copy of the foregoing was filed electronically. Notice of this filing was sent by operation of the Court's ECF electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

                                                /s/ Alexis G. Chardon