**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| T.S. *et al.,* | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No. 1:16-cv-08303 |
| v. | ) | |
| | ) | Hon. Amy J. St. Eve |
| Twentieth Century Fox Television *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |

**INITIAL STATUS REPORT**

Pursuant to the Court's Orders (*see* ECF Nos. 95, 100) and Federal Rule of Civil

Procedure 26(f), Plaintiffs T.S. and Q.B. ("Plaintiffs"), Defendants The County of Cook and

Leonard Dixon (the "County Defendants"), and Defendant Office of the Chief Judge of the

Circuit Court of Cook County ("Office of the Chief Judge"), by and through their respective

counsel, submit this Initial Status Report. (In this Report, the County Defendants and the Office

of the Chief Judge are referred to collectively as the "Government Defendants.")

1. **The Nature of the Case**

    A.  Identify the attorneys of record for each party, including the lead trial attorney.

Counsel for Plaintiffs are Stephen H. Weil (steve@weilchardon.com) and Alexis G.

Chardon (ali@weilchardon.com) of Weil & Chardon LLC, 333 S. Wabash Ave., Suite 2700,

Chicago, IL 60604, 312-585-7404. Mr. Weil is the lead trial attorney.

Counsel for the County Defendants are Anthony Zecchin

(anthony.zecchin@cookcountyil.gov) and Allyson West (Allyson.West@cookcountyil.gov) of

1

the Cook County State's Attorney's Office, Civil Actions Bureau, 500 Daley Plaza, Chicago, IL 60602, 312-603-3373. Mr. Zecchin is the lead trial attorney.

Counsel for the Office of the Chief Judge is T. Andrew Horvat (thorvat@atg.state.il.us), of the Illinois Attorney General's Office, 100 W. Randolph St., 13th Floor, Chicago, IL 60601 312-814-5484. Mr. Horvat is the lead trial attorney.

A third group of defendants in this case—Twentieth Century Fox Television, a division of Twentieth Century Fox Film Corporation; Fox Broadcasting Company; and Twenty-First Century Fox, Inc. (the "Fox Defendants")—are represented by Jeffrey S. Jacobson (jjacobson@kelleydrye.com), Kelley Drye & Warren LLP, 101 Park Ave., New York, NY 10178, 212-808-5145; Matthew C. Luzadder (mluzadder@kelleydrye.com), and Catherine E. James (cjames@kelleydrye.com), Kelley Drye & Warren LLP, 333 West Wacker Drive, Suite 2600, Chicago, IL 60606, 312-857-7070. The Fox Defendants are currently dismissed without prejudice from this case (*see* ECF Nos. 72, 73), and therefore did not participate in preparing this Report.

      B. <u>State the basis for federal jurisdiction</u>.

The basis for federal subject matter jurisdiction is 28 U.S.C. § 1331 because this is an action arising under 42 U.S.C. § 1983. The Court also has jurisdiction over the Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367(a) because those claims are so related to the claims providing the basis for federal subject matter jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

      C. <u>Describe the nature of the claims asserted in the complaint and any counterclaims</u>.

Plaintiffs are former detainees of the Cook County Juvenile Temporary Detention Center ("JTDC") who allege that they, along with the hundreds of other children detained at the JTDC, were placed on lockdown multiple times in the summer of 2015 to facilitate the Fox Defendants'

filming of scenes for a television show called *Empire*. Plaintiffs assert that these lockdowns

violated their due process rights under the Fourteenth Amendment and their rights against

unreasonable seizure under the Fourth Amendment (the Court has dismissed this claim). The

Plaintiffs have also asserted state law claims for breach of fiduciary duty, intentional infliction of

emotional distress, and unjust enrichment. Pursuant to Federal Rule of Civil Procedure 23,

Plaintiffs bring these claims on behalf of themselves as well as the hundreds of other children

who were subject to the lockdowns.

There are no counterclaims.

D.  Describe the relief sought.

Plaintiffs seek certification of a class of similarly situated individuals pursuant to Federal

Rule of Civil Procedure 23. They also seek the following:

- A judgment ordering an accounting and disgorgement of all profits and benefits realized by the Fox Defendants resulting from the filming at the JTDC, with interest.

- A judgment ordering an accounting and disgorgement of enrichment realized by the Government Defendants resulting from the misconduct described in this complaint, with interest.

- A judgment ordering the payment of nominal damages against all Defendants.

- A judgment ordering the payment of punitive damages against all Defendants except the Office of the Chief Judge and Cook County.

- A judgment ordering the payment of actual damages.

- An order and judgment granting reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988 and any other applicable law.

- Any other relief this Court deems just and proper.

**2. Pending Motions and Case Plan**

A. <u>Identify all pending motions</u>.

The Fox Defendants have filed a motion to dismiss Plaintiffs' Second Amended Complaint. (*See* ECF No. 91.)

There are no other pending motions.

B. <u>Submit a proposal for a discovery plan, including the following information</u>:

The parties submit this proposal for discovery plan as an initial proposal. The parties recognize that the scope of discovery and dates identified herein may need to be adjusted depending on the progress of discovery and the addition of the Fox Defendants.

1. <u>The type of discovery needed</u>.

Plaintiffs anticipate the need for the following types of discovery:

Information regarding the normal operation of the JTDC and the policies underlying such operations. This includes the relationship between the JTDC's operations and policies and the welfare and rehabilitation of the children housed at the JTDC, as well as the standards for operation of juvenile correctional facilities.

Information regarding communications between one or more of the Government Defendants and the Fox Defendants and others regarding the use of the JTDC as a location for *Empire*, along with related information such as the scouting of the JTDC as a film set.

Information regarding the Government Defendant's preparations and communications relating to the alteration of the JTDC's normal operations to facilitate *Empire*'s filming at the facility.

Information that will allow comparison of the normal operation of the JTDC with its operation during the *Empire* lockdowns. This includes, but is not limited, to:

4

- Communications pertaining to the lockdowns among the Government Defendants, the Fox Defendants, Chicago Public Schools, Public Defenders, the Juvenile Court, programming providers, contractors, and others.

- Movement and schedules of pods (*i.e.* movement and schedules of children in pod, as a group).

- Movement of individual detainees within the JTDC for specified services or events, such as visitation, programming, commissary, medical care, court, and other services or appointments.

- Schedules and movement of non-detainees within the JTDC, including employees of the JTDC, the healthcare provider to the JTDC, Chicago Public Schools employees, visitors, programming providers, contractors to the JTDC, and others.

- The nature of the education provided to the children by Chicago Public School instructors.

- The nature of other services provided to children at the JTDC, including counseling, recreation, visitation, programming, and services related to health care.

- The children's experience of detention during normal operations and during the *Empire* lockdowns.

The Government Defendants anticipate the need for the following types of discovery:

- Plaintiffs' medical and mental health records while in the JTDC and any documentation concerning requests or efforts to seek medical attention at the JTDC during the relevant time period.

    2.    <u>A date for Rule 26(a)(1) disclosures</u>.

Rule 26(a)(1) disclosures were exchanged between Plaintiffs, the County Defendants, and the Office of the Chief Judge on June 1, 2017. The County Defendants supplemented their Rule 26(a)(1) disclosures on July 14, 2017.

    3.    <u>A date to issue written discovery</u>.

The parties anticipate being able to begin issuing written discovery shortly after the Court's entry of a scheduling order, and to complete most written discovery by February 1, 2018.

    4.    <u>A fact discovery completion date</u>.

The parties anticipate being able to complete fact discovery by April 15, 2018.

5. An expert discovery completion date, including dates for the delivery of expert reports.

The parties anticipate that they will be able to deliver expert reports by May 15, 2018, deliver rebuttal reports by June 15, 2018, deliver reply reports by July 9, 2018, and complete expert discovery by August 1, 2018.

6. A date for the filing of dispositive motions.

The parties anticipate being able to file dispositive and class certification motions on or before September 1, 2018.

C. Discuss the anticipated scope, if any, of electronic stored information ("ESI") in the case and the potential methodologies for identifying ESI for production. Submit the parties' agreements regarding ESI and identify any areas of disagreement regarding ESI.

The parties anticipate that there will be some discovery of ESI. In addition to email communications, the JTDC maintains records of some relevant activity (such as pod movement) in ESI format. The parties' discussion of ESI production has been limited so far, pending a more thorough understanding of the discoverable information. The parties anticipate that production of email ESI may be flexible (*i.e.*, production in native or PDF format, depending on the circumstances), while the production of certain other ESI (such as database or spreadsheet records of movement and scheduling, as well as other ESI depending on the circumstances) will be produced in a native format or some similar format that allows the ESI to be manipulated as it would in its original form.

D. Indicate whether a jury is requested, the probable length of trial, and the earliest possible date when the case will be ready for trial.

The parties each request a jury trial. The probable length of trial will be three weeks. The parties anticipate that the earliest possible date when the case will be ready for trial is November 1, 2018.

3. **Consent to Proceed Before a Magistrate Judge**

> <u>Indicate whether the parties consent unanimously to proceed before a Magistrate Judge.</u>

At this time Plaintiffs do not consent to proceed before a Magistrate Judge.

At this time the Government Defendants do not consent to proceed before a Magistrate Judge.

4. **Status of Settlement Discussions**

> A. <u>Indicate whether any settlement discussions have occurred.</u>

The parties have held one settlement discussion, in October 2016.

> B. <u>Describe the status of any settlement discussions.</u>

There are currently no settlement discussions between the parties, and at the moment none are planned.

> C. <u>Specify whether the parties request a settlement conference.</u>

Plaintiffs do not request a settlement conference at this time.

The Government Defendants do not request a settlement conference at this time.

Dated: July 21, 2017                                      Respectfully submitted,


/s/ Stephen H. Weil                         Kimberly M. Foxx
Stephen H. Weil                             State's Attorney of Cook County

Stephen H. Weil (steve@weilchardon.com)     /s/ Anthony Zecchin
Alexis G. Chardon (ali@weilchardon.com)     Anthony Zecchin
Weil & Chardon LLC
333 S. Wabash Ave.                          Assistant State's Attorney
Suite 2700                                  Richard J. Daley Center
Chicago, IL 60604                           50 West Washington, Suite 500
312-585-7404                                Chicago, IL 60602

*Attorneys for Plaintiffs T.S. and Q.B.*    *Attorneys for Defendants Leonard Dixon and*
                                            *Cook County*

7

Lisa Madigan
Illinois Attorney General

By: /s/ T. Andrew Horvat            .
T. Andrew Horvat
Assistant Attorney General
100 W. Randolph St., 13th Fl.
Chicago, IL 60601
(312) 814-5484
thorvat@atg.state.il.us

*Attorneys for Defendant Office of the Chief*
*Judge of the Circuit Court of Cook County*

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 21, 2017, a true and correct copy of the foregoing was filed electronically. Notice of this filing was sent by operation of the Court's ECF electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.


/s/ Stephen H. Weil