**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

T.S. *et al.,*

        Plaintiffs,

v.

Twentieth Century Fox Television *et al.,*

        Defendants.

Case No. 1:16-cv-08303

Hon. Amy J. St. Eve

**PLAINTIFFS' MOTION TO STRIKE NEW ARGUMENTS
IN DEFENDANT FOX'S REPLY, AND TO FILE A SUR-REPLY**

Plaintiffs hereby move the Court to strike arguments raised for the first time in Defendant Fox's reply brief (ECF # 103 ("Fox Reply")) that Plaintiffs do not have a "better claim" or an "entitlement" to the profits that Fox realized as a result of the lockdowns.  (In the alternative, Plaintiffs request leave to file a sur-reply responding to these new arguments.)

Plaintiffs also move the Court for leave to file a sur-reply correcting a misstatement of the facts in Fox's Reply regarding *People ex rel. Daley v. Warren Motors, Inc.*, 500 N.E.2d 22 (Ill. 1986).

In support of their request for this relief, Plaintiffs state as follows:

1. **Motion to Strike.**

Plaintiffs move to strike arguments raised in Section IV of Fox's Reply—beginning with the third paragraph on Page 8 ("The Fox Defendants' opening . . . .") to the conclusion of Section IV on Page 10 (". . . . leave for further amendments.")—that Plaintiffs have failed sufficiently to allege they are "entitled" or have a "better claim" to the profits Fox derived from the lockdowns.

1

The Court should strike these arguments because Fox raised them for the first time in its Reply, but they should have been made in Fox's original Motion to Dismiss (ECF # 91 ("Fox Mem.")). By raising these arguments for the first time in its Reply, Fox has improperly deprived Plaintiffs of their chance to respond.

In its original Motion to Dismiss the Second Amended Complaint ("SAC"), Fox contended that Plaintiffs had not shown that they had a "better claim" or "entitlement" to the benefits that Fox realized as a result of the lockdowns. Fox never developed an argument supporting this position, however. Instead, Fox stated:

> Nor do Plaintiffs claim that these advertising revenues should have been given to them instead or that they possess "a better claim" to advertising dollars than the Fox Defendants. *HPI Health Care Servs., Inc. v. Mt. Vernon Hosp., Inc.*, 545 N.E.2d 672, 679 (Ill. 1989). Even where a plaintiff pursues an unjust enrichment claim on a theory of "wrongful conduct" by the defendant, he "must show some entitlement to the benefit at issue allegedly enjoyed by the defendant." *Alarm Detection Sys., Inc. v. Orland Fire Prot. Dist.*, 194 F. Supp. 3d 706, 726 (N.D. Ill. 2016) (citing cases). Plaintiffs here cannot satisfy that standard, and as a result, the Court should dismiss their unjust enrichment claim.

 (Fox Mem. at 12-13). This was the entirety of Fox's argument. While Fox had noted that the "better claim" and "entitlement" standards existed, it made no effort develop its position by explaining what either of these standards required, or by explaining how the SAC's allegations failed to satisfy them. Plaintiffs did their best to respond (*see* Plf. Response, ECF # 97 at 14-15) but were forced to argue in generalities because, as they noted, "Plaintiffs cannot tell why Fox contends that the SAC fails to meet the ["better claim" and "entitlement"] rules Fox has invoked." (*Id.* at 14).

Now in its Reply, Fox for the first time develops an argument in support of its "better claim" and "entitlement" defenses: it contends that these rules require a defendant to have wrongfully obtained "monies meant for the plaintiff." (Fox Reply at 9.) Fox's argument appears to be that in order to state a "better claim" or "entitlement" to a defendant's unjust gain, the

plaintiff must show that the defendant possesses something that would have belonged to the plaintiff but for the wrongful conduct.  (*Id.*)

No doubt mindful of the bar against raising new arguments in a reply, Fox frames this new position as a response to "both cases Plaintiffs cited [in their Response] as examples of valid unjust enrichment claims . . . ."  (*Id.*)  That is disingenuous.  Plaintiffs' Response analyzed *Conant v. Karris*, 520 N.E.2d 757 (Ill. Ct. App. 1986) and *People ex rel. Daley v. Warren Motors, Inc.*, 500 N.E.2d 22 (Ill. 1986), along with Sections 43 and 44 of the Restatement (Third) of Restitution and Unjust Enrichment, to examine an entirely different issue:  the principle that where one party violates a plaintiff's substantive rights, and a second party profits from that violation with notice of it, the second party has been unjustly enriched and is liable to plaintiff under the law of unjust enrichment.  (*See* Plf. Response at 7-11.)  Because Fox's Motion to Dismiss did not make the arguments that Fox now makes in its Reply about the nature of the injury which would entitle a plaintiff to assert an unjust enrichment claim, none of the cases Plaintiffs cited, and none of the arguments Plaintiffs made, were directed at answering that question.  The same goes for *Devco v. T10 Meltel, LLC*, No. 15-cv-2558, 2017 WL 750603 (N.D. Ill. Feb. 27, 2017), which Plaintiffs cited to identify the elements of unjust enrichment.  (*See* Pl. Response at 15.)  Without knowing that Fox would contend that there exist only certain kinds of injuries for which a Plaintiff can assert a claim for unjust enrichment, Plaintiffs' Response simply did not cite any authorities or make any arguments addressing that question.

It is well-established that what Fox did in its Reply is improper.  As the court explained,

Delaying the presentation or development of an argument until the reply brief in order either to get the last word or to develop the argument in the first place is not only unfair to one's opponent—it is a form of "sandbagging"—it is unfair to the court.  It can effectively result in a one-sided presentation on the delayed or developed argument, which in turn can adversely affect the accuracy of the judicial process, which depends on comprehensive and adversarial presentations.

*Stout Risius Ross, Inc. v. People Care Holdings, Inc.*, No. 15-cv-9298, 2016 WL 4593824, at *1 (N.D. Ill. Sept. 2, 2016) (citations omitted).  The risk of inaccuracy has certainly been created here:  it is true that deprivation of a property right can entitle a plaintiff to assert a claim for unjust enrichment, but that is not the only basis for an unjust enrichment claim.  Because the law of unjust enrichment stems from the principle that a person is not permitted to profit by his or her own wrong, "[r]estitution is available in any intentional-tort case in which the tortfeasor has made a profit that exceeds the victim's damages . . . ." *Williams Elecs. Games, Inc. v. Garrity*, 366 F.3d 569, 576 (7th Cir. 2004).  Likewise,

> liability in restitution [arising from a breach of fiduciary duty] does not depend on
> proof . . . that the claimant has sustained quantifiable economic injury . . . .  It is
> enough that the fiduciary has acquired some asset or opportunity by a transaction
> in which the fiduciary was required to act solely in the interest of another.
> Particular circumstances in which a breach of fiduciary duty gives rise to a claim
> in restitution are almost numberless; the applicable principles vary only slightly.

Restatement (Third) of Restitution and Unjust Enrichment § 43 cmt. b (Am. Law Inst. 2011).  Fox's new argument is at odds with these basic principles, but because Fox made that argument for the first time in its Reply, Plaintiffs have not had the opportunity to set the record straight.

"[A]rguments in support of a motion that are raised for the first time in a reply brief are waived." *Chicago Reg'l Council of Carpenters Pension Fund v. Woodlawn Cmty. Dev. Corp.*, No. 09-cv-3983, 2011 WL 6318605, at *4 (N.D. Ill. Dec. 15, 2011) (citation omitted, collecting cases).  Plaintiffs respectfully submit that this is the proper outcome here.  Fox is represented by sophisticated, well-resourced counsel who have had ample time to develop arguments in support of Fox's Motion to Dismiss.  Fox simply has no excuse for waiting to develop its "better claim" and "entitlement" arguments for the first time in a reply.  In the alternative, Plaintiffs request the Court's leave to file a sur-reply responding to these new arguments.

**2.  Motion to File a Sur-Reply.**

Plaintiffs also seek the Court's leave to file a sur-reply, a copy of which is filed as an exhibit to this Motion, to rebut a misstatement that Fox makes regarding the facts in *People ex rel. Daley v. Warren Motors, Inc.*, 500 N.E.2d 22 (Ill. 1986).

In their Response to Fox's Motion to Dismiss Count XIII (Plaintiffs' claim for accounting and/or unjust enrichment) from the SAC, Plaintiffs explained that a defendant who knew ***or should have known*** that it has profited from another's violation of the plaintiff's rights may be held liable to the plaintiff in unjust enrichment.  (Plf. Response at 9, 12-13.)  Plaintiffs drew that rule in part from *Warren Motors*, which held that the defendant was unjustly enriched because he knew or should have known that the county assessor employees who provided him with suspicious tax breaks were involved in misconduct.  (*Id.* (discussing *Warren Motors*).)

In its Reply, Fox states that in *Warren Motors*, one of the assessor employees *"**told**"* the defendant auto dealer that he was engaged in misconduct to fraudulently alter the dealer's tax liability.  (Fox Reply at 9.)  That flatly mischaracterizes facts in *Warren Motors*.  Nowhere in that case is there any support for Fox's characterization of the facts.

This mischaracterization changes the meaning of the decision, which Fox employs to imply that *Warren Motors* requires a defendant's ***actual*** knowledge of another's misconduct to state a claim for unjust enrichment, rather than the "knew or should have known" standard that *Warren Motors* had articulated.  (*See* Fox Reply at 9 ("In . . . [*Warren Motors*], the defendant[] ***knew*** that" he had been enriched as a result of misconduct (emphasis added)).)

Plaintiffs seek the Court's leave to file the attached Sur-Reply to correct the Fox's mischaracterization of *Warren Motors*.  *See Crosby v. City of Gastonia*, No. 3:07-cv-492, 2009

WL 3336044 (W.D.N.C. Oct. 14, 2009) (granting non-moving party leave to file a sur-reply to correct misstatements in the moving party's reply).

July 31, 2017                                    Respectfully Submitted,

                                                /s/ Stephen H. Weil

                                                Stephen H. Weil – steve@weilchardon.com
                                                Alexis G. Chardon – ali@weilchardon.com
                                                Weil & Chardon LLC
                                                333 S. Wabash Avenue, Suite 2700
                                                Chicago, IL 60604
                                                (312) 585-7404

                                                *Attorneys for Named Plaintiffs T.S. and Q.B.*

## CERTIFICATE OF SERVICE

      I hereby certify that on July 31, 2017, a true and correct copy of the foregoing was filed electronically.  Notice of this filing was sent by operation of the Court's ECF electronic filing system to all parties indicated on the electronic filing receipt.  Parties may access this filing through the Court's electronic filing system.

/s/ Stephen H. Weil