**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| T.S. *et al.*, <br><br> Plaintiffs. <br><br> v. <br><br> Twentieth Century Fox Television, a division of Twentieth Century Fox Film Corporation et al., <br><br> Defendants. | Case No. 1:16-cv-08303 <br><br> Honorable Judge Amy J. St. Eve |

**MEMORANDUM IN SUPPORT OF THE FOX DEFENDANTS' MOTION
FOR CLARIFICATION OR RECONSIDERATION**

Defendants Twentieth Century Fox Television, a division of Twentieth Century Fox Film Corporation, Fox Broadcasting Company, and Twenty-First Century Fox, Inc. (collectively the "Fox Defendants"), by and through their undersigned attorneys, and pursuant to Federal Rule of Civil Procedure 60, hereby submit this Memorandum in Support of their Motion for Clarification or Reconsideration of the Court's October 16 Memorandum Opinion and Order (the "New Opinion," Dkt. No. 110), with respect to Plaintiffs' burden of pleading and proof on their claims that the Fox Defendants tortiously induced the governmental defendants to breach fiduciary duties (Plaintiffs' Second Amended Class Action Complaint, Count VIII).

**INTRODUCTION**

The Fox Defendants are <u>not</u> asking this Court to reverse its decision allowing Plaintiffs' claim against them for tortious inducement to breach fiduciary duties to proceed to discovery. By this motion, the Fox Defendants ask only that the Court revisit and clarify its analysis of the elements necessary to support this particular claim as it proceeds to discovery.

1

In its April 20, 2017 Order dismissing Plaintiffs' claims against the Fox Defendants, the Court made clear—consistent with numerous Seventh Circuit and Illinois appellate decisions—that pleading and proving a tortious inducement claim requires establishing that the defendant ***knowingly participated*** in or ***knowingly induced*** the breaches at issue. (Dkt. 73 at 26, hereinafter "Prior Opinion.") In contrast to the Prior Opinion, the New Opinion may be read to suggest, through references to Plaintiffs' factual allegations, that Plaintiffs instead can establish liability simply by proving that the Fox Defendants "offer[ed] to pay rent for the JTDC" if "the JTDC's administrators would…make the second and third floors of the JTDC available for filming of [*Empire*]." New Opinion at 10. The Fox Defendants are concerned, in other words, that Plaintiffs may argue the New Opinion lightened their burden from having to prove "knowing participation" to one where they can prevail by showing that the Fox Defendants' actions proximately *led* to a breach of fiduciary duty by Cook County officials, even if the Fox Defendants did not *know* their actions would result in the alleged breach or *intend* a breach.

The Fox Defendants ask this Court to clarify—as it stated explicitly in the Prior Opinion—that Plaintiffs must prove ***knowing participation*** by the Fox Defendants in a breach of duty by Cook County in order to succeed in a claim for inducing that breach.

To be clear, the Fox Defendants bring this motion for reconsideration or clarification reluctantly, well aware that (1) this Court discourages such motions, and (2) to obtain reconsideration in the absence of new evidence, the Fox Defendants must establish that the Court made a "manifest error of law or fact" in the New Opinion. *See, e.g., LG Elec. v. Whirlpool Corp.*, No. 08 C 242, 2009 WL 5579006, at *2 (N.D. Ill. Nov. 23, 2009) (St. Eve., J.), *quoting Publishers Resource Inc. v. Walker-Davis Publications, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985). The question of what Plaintiffs must *prove* in this matter, however—be it the Fox Defendants' simple *presence*

on the second and third floors of the JTDC on agreed filming days, which is not in dispute, or their *knowing participation* in a demonstrated breach of fiduciary duty—undoubtedly will arise again as this case moves forward, in discovery disputes and at the summary judgment stage.

The Fox Defendants believe they have no choice but to seek clarification or reconsideration now, in order to prevent any confusion regarding what may become the "law of the case," and to foreclose any argument that the Fox Defendants, by not seeking clarification, have somehow conceded a lower standard of proof applies than "knowing participation." The Fox Defendants respectfully request that the Court clarify that the standard of proof contains a "knowing" or scienter requirement consistent with the cases cited in both the Prior Opinion and the New Opinion.

### **RELEVANT BACKGROUND**

The alleged breach of fiduciary duty at issue in this case is that the government defendants "subjected [Plaintiffs] to numerous restrictions that were detrimental to their health and safety." Prior Opinion at 25. (The government defendants and the Fox Defendants both vigorously deny that any such breach occurred.) Plaintiffs accuse the Fox Defendants of "tortiously inducing" these alleged breaches. In defending that claim against the Fox Defendants' prior, successful motion to dismiss, Plaintiffs contended that "[k]eeping the children off the second and third floors [of the JTDC], which meant they were locked on [sic] their pods, was **the act** that cleared out those facilities for Fox to film the *Empire* scenes, from which it then profited." Dkt. No. 58 at 27 (emphasis in original). Plaintiffs argued that they stated a valid claim by alleging, without more, that the Fox Defendants' *presence* on those floors was the "***proximate***" cause of what they contend was the government's breach of its fiduciary duty to Plaintiffs. *Id.* (emphasis in original).

The Court, in its Prior Opinion, relied on the standard set forth by the Seventh Circuit and Illinois appellate courts and explicitly rejected Plaintiffs' argument. The Court held it was *not*

enough for Plaintiffs to have alleged that the Fox Defendants "encouraged" JTDC officials to depart from normal operations "for economic and commercial benefits." Prior Opinion at 26. What was "[m]issing," the Court held, were claims that "the Fox Defendants *knowingly participated* in a breach of duty." *Id.* (emphasis added, citation omitted).

Granted leave to attempt to amend their complaint to state a valid tortious inducement claim, Plaintiffs added a new paragraph 32 to their Second Amended Complaint ("SAC"):

> 32. To induce the JTDC's administrators to let *Empire*'s crew use the education and rehabilitation facilities that were normally used by the children at the JTDC, the Fox Defendants offered to pay a rental fee for the use of the JTDC. The Fox Defendants also offered to pay wages and overtime for JTDC staff to leave their duties facilitating the normal operation of the JTDC…and instead facilitate the *Empire* crew's use of the same facilities for filming. These offers were made on the condition that the JTDC's administrators would change the facility's normal operations to make the second and third floors available to *Empire*'s crew….

Ostensibly, this paragraph about rent and overtime reimbursement was aimed at their claim that the Fox Defendants "encouraged" the granting of access to the second and third floors of the JTDC.

The Fox Defendants again moved to dismiss. In opposition, Plaintiffs did not contend that they had alleged any new facts supporting a claim of "knowing participation" by the Fox Defendants in a breach of fiduciary duty by the government. Manifestly, they had not. Instead, Plaintiffs argued that (1) they had alleged an actionable "meeting of the minds" all along (Dkt. No. 97 at 5)—a contention the Court rejected in both the Prior Opinion and the New Opinion—and (2) the Court *applied the wrong legal standard* in the Prior Opinion by requiring "knowing participation." *Id.* at 5-6. Although Plaintiffs had not disputed the knowing participation standard in their prior opposition, this time they argued that "in Illinois, a plaintiff can state an inducement-of-breach claim by alleging either that the defendant 'participated' in a fiduciary's breach *or* that it induced the breach," omitting "knowing" from both formulations. *Id.* at 5 (emphasis in original).

4

Plaintiffs then cited two state court cases using that "or" formulation and argued that it reflected "a considered judgment" that defendants need not have engaged in any affirmative wrongdoing or consciously "participated" in a fiduciary breach to be liable on a tortious inducement theory. *Id.*

The Fox Defendants' reply brief analyzed the state court cases Plaintiffs cited, noting that in both of them, "the alleged inducer conceived the idea of the fiduciary breach, knew he was inducing it, encouraged it, and participated in it." Dkt No. 103, at 7. The reply further described the two controlling Seventh Circuit cases, both requiring scienter and affirmative wrongdoing: *Borsellino v. Goldman Sachs Grp., Inc.*, 477 F.3d 502 (7th Cir. 2007) (requiring "collu[sion] with a fiduciary in committing a breach"); and *Pappas v. Buck Consultants, Inc.*, 923 F.2d 531 (7th Cir. 1991) (inducement claim requires "knowing[] participat[ion] in a breach of…trust").

The Court's New Opinion agreed that Plaintiffs had added no new allegations suggesting "knowing participation" by the Fox Defendants. But the Court then noted that "Plaintiffs add[ed] more factual details as to how the Fox Defendants ***induced*** the breach of fiduciary duty." New Opinion at 10 (emphasis added). Specifically, the Court focused on their augmented claim that "the Fox Defendants made their offers [of rent and overtime reimbursements] on the condition that the JTDC's administrators would change the facility's normal operations to make the second and third floors available for filming of the television show." *Id.*

## ARGUMENT

Although the Fox Defendants believe the Court intended the New Opinion only to hold that Plaintiffs have met the pleading requirement entitling them to discovery into what they speculate to be the *possibility* that the Fox Defendants' "knowingly participated" in breaches, the New Opinion gives rise to concern—particularly in light of Plaintiffs' arguments on the motion—about what Plaintiffs ultimately must *prove* to prevail on this claim. If the Court did not intend a

5

change in the legal standard from that articulated in the Prior Opinion, the Fox Defendants respectfully request that the Court clarify its intention so that discovery may proceed accordingly. The Fox Defendants will establish that they did not knowingly participate in any alleged breach of fiduciary duty. If, however, the Court intended to hold that Plaintiffs can prove "tortious inducement to breach a fiduciary duty" simply by establishing a breach *occasioned by* the Fox Defendants' paying for access to the JTDC, that would represent a *sub silentio* reversal of the Prior Opinion at odds with controlling Seventh Circuit law. In that event, the Fox Defendants would respectfully request reconsideration of that holding as manifest error.

The Fox Defendants' belief that the New Opinion *did not* intend a change from the Prior Opinion, and that the applicable standard remains "knowing participation," is supported by controlling case law. *Borsellino*, 477 F.3d at 508, as quoted by this Court in the New Opinion (at 9), recites the elements of a claim for tortious inducement to breach a fiduciary duty as follows: one must have "colluded with a fiduciary in committing a breach; (2) knowingly participated in or induced the breach of duty; and (3) knowingly accepted the benefits resulting from such breach." The Court's Prior Opinion recited the same elements, that time quoting *Village of Wheeling v. Stavros*, 89 Ill. App. 3d 450, 454 (1st Dist. 1980). Both of those decisions, like *every* other case to construe this standard, has interpreted "collusion" to mean "collusion in the breach," and been decided as though the "knowingly" in the second element modifies *both* "participated" and "induced." Every case, therefore, has assumed that the defendant cannot be liable for tortious inducement without consciously causing a breach.

In both *Stavros* and *Borsellino*, the plaintiff alleged that the third-party inducer knowingly instigated the breach and participated in it. In *Stavros*, the Illinois Court of Appeals reversed a dismissal decision because the defendant, a former municipal official, "manipulated the[] actions"

6

of current officials in order to "demand and obtain money from prospective developers." 89 Ill. App. at 452. (In *Regnery v. Meyers*, 679 N.E.2d 74, 80 (Ill. App. Ct. 1997)—another case on which Plaintiffs relied—the accused third party similarly "initiated the idea" of the breach, "proposed" it, and "full participated in all steps of the transaction.") In *Borsellino*, by contrast, the Seventh Circuit *upheld* a dismissal order because the plaintiffs did not "allege[] any active misbehavior on the part of Goldman Sachs." 477 F.3d at 509. That critical difference, where alleged "active misbehavior" by the alleged inducer suffices to sustain a claim but the absence of such allegations does not, runs through every single federal and state case citing either *Stavros* or *Borsellino*. In all of these cases, the key elements of "collud[ing] with a fiduciary in committing a breach," and "knowingly participat[ing]" or "knowingly…induc[ing]" a breach, required more than "acting together with" a fiduciary in activities *separate from* the alleged breach.

The parties, in their dismissal briefing, intensely disputed the standard of pleading and proof applicable to Plaintiffs' inducement claim. The Fox Defendants' opening brief (Dkt. No. 91, at 10) contended that the Court accurately relied on *Borsellino* and *Pappas* in requiring "knowing participation" in a breach, allegations of which were "missing" from both Plaintiff's prior complaint and the SAC. In contrast, Plaintiffs' opposition brief (Dkt. No. 97, at 4-7) argued that they could establish their claim even in the absence of knowing participation, if they can establish "but for" causation flowing from the Fox Defendants' having rented temporary access to the second and third floors of the JTDC. The Fox Defendants' reply memorandum (Dkt. No. 103, at 6-7) explained that *no* case, including those cited by Plaintiffs, allowed inducement claims to proceed without allegations of conscious wrongdoing by the alleged inducer. *See also, e.g., Al Maha Trading & Contracting Holding Co. v. W.S. Darley & Co.*, 936 F. Supp.2d 933, 950 (N.D. Ill. 2013) (denying dismissal where alleged inducer made a $50,000 payment to a purchasing agent

7

with the specific intent to induce that agent's fiduciary breach); *Lansing v. Carroll*, No. 11 C 4153, 2013 WL 589242, at *3 (N.D. Ill. Feb. 14, 2013) (denying dismissal because "unlike in *Borsellino*, counter-plaintiffs have alleged active misbehavior on the part of" the alleged inducer, "permit[ting] an inference that [it] furthered or completed" the breach).

In the section of the New Opinion addressing Plaintiff's inducement claim (Dkt. No. 110, at 9-11), the Court began by citing *Borsellino*, but then appeared to adopt Plaintiffs' argument that, notwithstanding *Borsellino*, Plaintiffs can proceed on an "inducement" theory merely by alleging a chain of causation between the Fox Defendants' payment for access and the government's alleged fiduciary breach. It also held that Plaintiffs met the "collusion in a breach" element by alleging that the Fox Defendants and the County Defendants "act[ed] together…*in filming Empire*." *Id.* at 9. The Court seemingly did not require Plaintiffs to allege that the Fox Defendants and Cook County officials "acted together" (which they provably did not) in any of the "restrictions [allegedly] detrimental to health and safety" that Plaintiffs contend constituted the fiduciary breaches. *Id.* The Court also said that Plaintiffs' SAC "further…support[ed] this element" by claiming that "the Fox Defendants deliberately encouraged the JTDC's administrators and officials to improperly place the JTDC on lockdown during the filming of *Empire*," *id.* at 9-10, but Plaintiffs' bare assertions of "deliberate[] encourage[ment]" were exactly the same in the SAC as in the prior complaint (¶ 93), which the Court found to lack sufficient claims of "knowing participation." The only change the Court noted in the SAC was Plaintiffs' addition of claims about the Fox Defendants having agreed to pay rent and reimburse overtime costs.

Although the Fox Defendants do not ask this Court to dismiss this claim without allowing Plaintiffs to take discovery, the question of what Plaintiffs must *establish*—at trial or to prevail on summary judgment—is another matter. In the unlikely event that Plaintiffs establish a breach of

8

fiduciary duty by JTDC officials actually occurred, the Fox Defendants submit that Plaintiffs, in order to prevail on a tortious inducement theory, must prove "knowing participation" in or "knowing inducement" of that breach by the Fox Defendants. The mere fact that the Fox Defendants paid for access to the second and third floors of the JTDC, without knowingly participating in or knowingly inducing JTDC officials to impose restrictions on detainees that were detrimental to the detainees' health or safety, cannot suffice. The Fox Defendants respectfully request that the Court clarify Plaintiffs' burden of proof or, to the extent the Court intended in its New Opinion to impose a lighter burden, to reconsider that holding.

## CONCLUSION

For the reasons stated above, the Fox Defendants request reconsideration or clarification of the Court's October 16, 2017, Opinion and Order.

Date: October 24, 2017

Respectfully Submitted,

/s/Jeffrey S. Jacobson

Jeffrey S. Jacobson
Kelley Drye & Warren LLP
101 Park Ave
New York, NY 10178
212-808-5145
jjacobson@kelleydrye.com

Matthew C. Luzadder
Catherine E. James
Kelley Drye & Warren LLP
333 West Wacker Drive
Suite 2600
Chicago, IL 60606
(312) 857-7070
mluzadder@kelleydrye.com
cjames@kelleydrye.com

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

The undersigned, an attorney, certifies that the foregoing Defendant Twentieth Century Fox Television's **MEMORANDUM IN SUPPORT OF THE FOX DEFENDANTS' MOTION FOR CLARIFICATION OR RECONSIDERATION** were served on all counsel of record pursuant to the Court's ECF system on this 24th day of October, 2017.

/s/Jeffrey S. Jacobson

Jeffrey S. Jacobson
Kelley Drye & Warren LLP
101 Park Ave
New York, NY 10178
212-808-5145
jjacobson@kelleydrye.com

Matthew C. Luzadder
Catherine E. James
Kelley Drye & Warren LLP
333 West Wacker Drive
Suite 2600
Chicago, IL 60606
(312) 857-7070
mluzadder@kelleydrye.com
cjames@kelleydrye.com

*Attorneys for Defendants*