**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| T.S., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No. 16 C 8303 |
| v. | ) | |
| | ) | Judge Amy St. Eve |
| TWENTIETH CENTURY FOX | ) | |
| TELEVISION, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

The Court, in its discretion, denies Defendants' motion for reconsideration, but grants their motion for clarification. [112].

## STATEMENT

On October 16, 2017, the Court granted in part and denied in part the Twentieth Century Fox Defendants' Federal Rule of Civil Procedure 12(b)(6) motion to dismiss certain claims set forth in Plaintiffs' Second Amended Class Action Complaint.[1] The Court presumes familiarity with that ruling, as well as the Court's April 20, 2017 ruling concerning Defendants' first Rule 12(b)(6) motion to dismiss. Before the Court is the Fox Defendants' motion for reconsideration or clarification. For the following reasons, the Court, in its discretion, denies the Fox Defendants' motion for reconsideration, but grants their motion for clarification.

## LEGAL STANDARD

Because the Fox Defendants are asking the Court to reconsider its earlier, interlocutory ruling, the Court reviews their motion under Rule 54(b), which states in relevant part:

> [A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Under Rule 54(b), the Court may exercise its inherent authority to reconsider its interlocutory orders because such orders "may be revised at any time before the entry of judgment adjudicating all the claims." *See* Fed.R.Civ.P. 54(b); *see also Moses H. Cone Mem. Hosp. v.*

---

[1] The Fox Defendants include Twentieth Century Fox, a division of Twentieth Century Fox Film Corporation, Fox Broadcasting Company, and Twenty-First Century Fox, Inc.

*Mercury Constr. Corp.*, 460 U.S. 1, 12, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983) ("every order short of a final decree is subject to reopening at the discretion of the district judge"); *Galvan v. Norberg,* 678 F.3d 581, 587 (7th Cir. 2012) ("Rule 54(b) provides that non-final orders may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities").

## ANALYSIS

In the present motion, the Fox Defendants seek clarification of the Court's analysis regarding the elements necessary to support Plaintiffs' claim for tortious inducement of the breach of fiduciary duty. As discussed in the Court's April and October rulings, "[u]nder Illinois law, a party is liable for tortious inducement if a plaintiff demonstrates that the defendant (1) colluded with a fiduciary in committing a breach; (2) knowingly participated in or induced the breach of duty; and (3) knowingly accepted the benefits resulting from that breach." *Borsellino v. Goldman Sachs Grp., Inc.,* 477 F.3d 502, 508 (7th Cir. 2007); *see also Regnery v. Meyers,* 287 Ill. App. 3d 354, 364 (1st Dist. 1997) ("A third party who colludes with a fiduciary in committing a breach of duty, induces or participates in such breach, and obtains the benefits therefrom is directly liable to the aggrieved party."); *Village of Wheeling v. Stavros,* 89 Ill. App. 3d 450, 454-55 (1st Dist. 1980) ("A third party's inducement of, or knowing participation in a breach of duty by an agent is a wrong against the principal which may subject the third party to liability").

Here, the Fox Defendants point to the second element asserting that a tortious inducement claim requires that they either knowingly participated in or knowingly induced the breach at issue. The Court agrees. *See Al Maha Trading & Contracting Holding Co. v. W.S. Darley & Co.,* 936 F. Supp. 2d 933, 950 (N.D. Ill. 2013); *Nemitz v. Metro. Life Ins. Co.,* No. 12 C 8039, 2013 WL 3944292, at *6 (N.D. Ill. July 31, 2013); *cf. Howell v. Motorola, Inc.,* 337 F. Supp. 2d 1079, 1088 (N.D. Ill. 2004) ("fraud and scienter are not necessary elements of breach of fiduciary duty claim").

Nonetheless, the Fox Defendants maintain that the Court's October 2017 analysis suggests that Plaintiffs can establish liability simply by proving that Defendants offered to pay rent to use the JTDC for filming the television series *Empire*. Despite Defendants' argument to the contrary, Plaintiffs have alleged more than Defendants' offer to pay rent. They also alleged that Defendants offered to pay wages and overtime for JTDC staff and that Defendants made these offers on the condition that the JTDC's administrators would change the facility's normal operations to make the second and third floors of the JTDC available for filming of the television show. Plaintiffs further alleged:

> That the children at the JTDC had been placed on lockdown was made obvious to the Fox Defendants from the first day they arrived at the JTDC for filming. Despite this, the Fox Defendants continued to use the facilities at the JTDC for filming. The Fox Defendants continued to pay the JTDC's administrators to make the JTDC's second and third floors available to Empire's crew even though the Fox Defendants knew or were substantially certain that this was accomplished by keeping the children housed at the JTDC on lockdown, and they continued knowingly to benefit from the lockdowns at the expense of the children housed

there, by using the spaces freed up by the lockdowns to record footage for *Empire*.

(R. 88, Second Am. Compl. ¶ 45.)  Also, Plaintiffs specifically alleged that Defendants' misconduct was undertaken knowingly, intentionally, and/or with reckless indifference to the rights of the children housed at the JTDC.  (*Id.* ¶¶ 82, 121.)  Plaintiffs further allege that the Fox Defendants knew or should have known that the JTDC's administrators were fiduciaries of the children housed at the JTDC.  (*Id.* ¶ 145.)

From these factual details, the Court can reasonably infer that Defendants knowingly induced JTDC officials to breach their fiduciary duty to the juveniles in their care at the JTDC. *See Al Maha Trading,* 936 F.Supp.2d at 950-51; *see also Iqbal,* 556 U.S. at 679 ("Determining whether a complaint states a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.").  Therefore, to clarify any confusion, the Court reiterates that Plaintiffs must establish that Defendants either knowingly participated in or knowingly induced the JTDC officials to breach their fiduciary duty under the second element of this cause of action.

**Dated:**  October 30, 2017

_____
**AMY J. ST. EVE**
**United States District Court Judge**

3