IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| T.S. *et al.,*<br><br>        Plaintiffs,<br><br>  v.<br><br>Twentieth Century Fox Television *et al.,*<br><br>        Defendants. | Case No. 1:16-cv-08303<br><br>Hon. Amy J. St. Eve |

**PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION
TO CHIEF JUDGE OF THE CIRCUIT COURT OF COOK COUNTY**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiffs request that Defendant Chief Judge of the Circuit Court of Cook County ("Chief Judge") produce the following:

**DEFINITIONS**

1. "You," "Your," "Chief Judge," and "the Office of the Chief Judge," refer to Defendant Chief Judge of the Circuit Court of Cook County in his official capacity, and/or the office of the Chief Judge of the Circuit Court of Cook County.

2. The term "document" means both documents and electronically stored information as those terms defined under Federal Rule of Civil Procedure 32(a)(1)(A) (*i.e.,* to include writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data complications).

3. "Relevant Period" means May 22, 2015 to September 26, 2015.

**INSTRUCTIONS**

1. These Requests are to be construed in accordance with Rules 26 and 34 of the Federal Rules of Civil Procedure.

2. These Requests seek documents in the possession of the Chief Judge, his Office, his staff, employees, officers, agents, and any other persons within the control of the Chief Judge.

3. Pursuant to Rule 34(b)(1)(C), Electronically Stored Information ("ESI") is to be produced in the following forms:

    a. Except as stated below, ESI may be produced in PDF form. However, ESI should not be scanned to PDF (*i.e.*, printed out on paper and then scanned). Rather, the PDF should be generated directly from the underlying electronic file.

    b. Plaintiffs anticipate that for most ESI the production of metadata will not be necessary. Thus, unless otherwise identified in a request, ESI converted to PDF need not be accompanied by the underlying metadata of the native ESI. However, if Plaintiffs later determine that the production of metadata may be relevant for certain documents, Plaintiffs will request metadata for such documents, and Defendants shall produce responsive metadata within 14 days of such a follow-up request.

    c. Notwithstanding the foregoing instructions, to the extent that information responsive to a document request is stored in a spreadsheet, database, or similar form of ESI, such ESI should not be produced in PDF. Rather, such ESI should be produced in its original or native form, such that it can be manipulated in the same manner that it would be manipulated in the normal course of business.

4. To the extent that documents responsive to a request contain colors (*i.e.*, colors in addition to black and white), production of such documents should be in color.

## DOCUMENT REQUESTS

1. All documents, including but not limited to communications, relating in any way to the filming of *Empire* at JTDC.

2. All documents relating in any way to the allocation of decision-making authority and responsibility among different persons, including but not limited to Chief Judge Timothy Evans and Superintendent Leonard Dixon, relating to the operation of the JTDC during any time that includes Relevant Period.

3. All communications with or relating to Prof. Thomas Geraghty relating to the filming of *Empire* at the JTDC, including all drafts of correspondence, the correspondence itself, and all communications relating to the correspondence, as well as any metadata relating to each such communication.

4. All photographs of any members of the crew or cast of *Empire* at the JTDC during the Relevant Period, including any metadata.

5. All gifts or memorabilia received from persons employed or affiliated with *Empire*. To the extent that items responsive to this request are not documents or ESI, this is a request for tangible things pursuant to Rule 34(a)(1)(B).

August 31, 2017                                                Sincerely,

                                                                                               /s/ Alexis G. Chardon

Stephen H. Weil – steve@weilchardon.com
Alexis G. Chardon – ali@weilchardon.com
Weil & Chardon LLC
333 S. Wabash Ave., Suite 2700
(312) 585-7404

*Attorneys for Named Plaintiffs T.S. and Q.B.*

## **CERTIFICATE OF SERVICE**

  I hereby certify that on August 31, 2017, I sent a true and correct copy of the foregoing to the following persons, via email:

  Allyson West, allyson.west@cookcountyil.gov

  Anthony Zecchin, anthony.zecchin@cookcountyil.gov

  T. Andrew Horvat, THorvat@atg.state.il.us

             /s/ Alexis G. Chardon