**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| T.S., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 16 C 8303 |
| | ) | |
| v. | ) | Judge Amy J. St. Eve |
| | ) | |
| TWENTIETH CENTURY FOX, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

The Court, in its discretion, grants in part and denies in part Plaintiffs' motion to compel brought pursuant to Federal Rule of Civil Procedure 37(a). [138]. Defendants must produce the discovery discussed in detail below and file an affidavit attesting to the completeness of its discovery searches and production by no later than March 30, 2018. Defendants must also file the affidavit of completeness on the Court's docket.

## STATEMENT

On May 23, 2017, Plaintiffs filed a Second Amended Class Action Complaint against the Fox Defendants, namely, Twentieth Century Fox Television, a division of Twentieth Century Fox Film Corporation ("TCFTV"), Fox Broadcasting Company ("FBC"), and Twenty-First Century Fox, Inc. ("21CF"), among others. After Defendants' motions to dismiss, Plaintiffs' remaining claims against the Fox Defendants include their tortious inducement of the breach of fiduciary duty and unjust enrichment claims.

## LEGAL STANDARD

In 2015, the Rules Committee amended Rule 26(b)(1) to "restore[ ] the proportionality factors to their original place in defining the scope of discovery. This change reinforces the Rule 26(g) obligation of the parties to consider these factors in making discovery requests, responses, or objections." Advisory Committee Notes, 2015 Amendment. Accordingly, pursuant to Federal Rule of Civil Procedure 26(b)(1):

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and *proportional to the needs of the case*, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed.R.Civ.P. 26(b)(1) (emphasis added). In short, "[a]ll discovery must be relevant and proportional to the needs of the case[.]" *Leibovitch v. Islamic Republic of Iran*, ___ F.Supp.3d

___, 2018 WL 1072567, at *11 (N.D. Ill. Feb. 27, 2018). District courts have broad discretion in controlling and directing discovery. *See Geiger v. Aetna Life Ins. Co.,* 845 F.3d 357, 365 (7th Cir. 2017).

## ANALYSIS

In general, Plaintiffs seek information regarding: (1) communications about the filming of Empire at the Cook County Juvenile Detention Center ("JTDC"); (2) the activities of Fox personnel within the JTDC in the lead-up to and during filming; (3) the profits that the Fox Defendants realized from the episodes filmed at the JTDC; and (4) information concerning Fox Television Group. In addition, Plaintiffs served several interrogatories asking for information about people with knowledge of the case, and an interrogatory asking the Fox Defendants to describe the nature of its search for documents responsive to Plaintiffs' discovery.

**I.      Interrogatory No. 4**

Plaintiffs first contend that the Fox Defendants did not properly respond to Interrogatory No. 4, which states:

> Describe in detail the nature of the search you have performed to discover and/or produce documents in this case. Include in your answer a description of all locations, whether electronic or physical, that have been searched, and all custodians whose documents have been searched. If you have used search terms or other parameters to search ESI, provide those terms and parameters.

In response, each Fox Defendant objected to Interrogatory No. 4 stating that it is inconsistent with the Seventh Circuit's approach to "discovery on discovery" as stated in the Seventh Circuit Electronic Discovery Pilot Program (Second Ed. Jan. 2018), Principle 2.04(b).[1] That being said, each Fox Defendant also stated that it had searched for written communication between itself and Cook County and the Chief Judge of the Circuit Court of Cook County and found no documents discussing or referencing the filming of Empire at the JTDC.

Plaintiffs argue that the Fox Defendants production in this matter has been "thin" and appears incomplete in relation to the fact that the Fox Defendants' filming of Empire at the JTDC involved a cast and crew of more than 200 people. Plaintiffs point out that the main source of the documents produced to date are from a single custodian, namely, a location manager name Brady Breen. Moreover, Plaintiffs highlight that virtually no internal Fox communications have been produced.

Under these circumstances, Plaintiffs' request in Interrogatory No. 4 is appropriate under Principle 2.04(b), especially because the parties have met, conferred, and corresponded about this issue prior to Plaintiff filing the present motion. Once the Fox Defendants have fulfilled the

---

[1] Principle 2.04(b) states in pertinent part: "Discovery concerning the preservation and collection efforts of another party may be appropriate but, if used unadvisedly, can also contribute to the unnecessary expense and delay and may inappropriately implicate work product and attorney-client privileged matter."

request under Interrogatory No. 4 – which based on Defendants' arguments will not be a particularly difficult task due to the discrete period of time and number of people involved in the filming – and turned over any additional discovery captured by the searches requested in Interrogatory No. 4 and highlighted by the bullet points on page 4 of Plaintiffs' motion, the Fox Defendants must provide Plaintiffs with an affidavit attesting to the completeness of their discovery searches.

**II.     Advertising Revenue Discovery**

In Interrogatories Nos. 8 and 9 and Requests for Production Nos. 28, 29, and 30, Plaintiffs request discovery regarding the profits that the Fox Defendants realized as a result of filming the scenes of two Empire episodes for its second season. Plaintiffs maintain that this information is relevant to liability because it relates to motives, mental state, knowledge, and background and that it is foundational for Plaintiffs' unjust enrichment claim. Plaintiffs, however, are seeking more than the advertising revenue from the two Empire episodes filmed at the JTDC. In particular, they have requested the gross revenues, net revenues, and profits for the entire first and second seasons of Empire. In doing so, Plaintiffs explain that revenue from the first season is relevant for the pricing of season two, including the two episodes shot at the JTDC, and the revenues for the entire second season are necessary because they do not know how the Fox Defendants account for costs and income.

The Fox Defendants, on the other hand, maintain that Plaintiffs' revenue discovery is overly-broad and unduly burdensome, although it appears that the Fox Defendants declined to negotiate this aspect of Plaintiffs' discovery requests during the parties' attempts to meet and confer. Instead, the Fox Defendants rely upon their arguments that Plaintiffs' unjust enrichment claim is without merit – arguments the Court rejects at this procedural posture. As the Fox Defendants are no doubt aware, Plaintiffs' unjust enrichment claim survived their Rule 12(b)(6) motion to dismiss, and thus these arguments are best left for summary judgment or trial.

In any event, Plaintiffs' reasons for why they need this discovery for two full seasons of Empire is not proportional to the needs in this case, especially because their requests place a disproportionate burden on the Fox Defendants to produce information that goes well beyond the scenes shot at the JTDC. Nonetheless, all of the Fox Defendants must produce the revenues and profit information for the first two episodes of Empire's second season, which is relevant and proportional to Plaintiffs' claims.

**III.    Discovery Concerning Fox Television Group**

Last, in Interrogatory No. 9 to 21CF, Plaintiffs request that 21CF "identify each employee or agent of 21CF or any of its subsidiaries who were assigned to or worked in or as part of the business unit 'Fox Television Group' during the relevant time period." The Fox Defendants argue that the Fox Television Group is a separate corporate entity not involved in filming Empire and that 21CF is unable to provide and verify any discovery responses regarding Fox Television News and the other corporate Defendants. Plaintiffs, however, argue that 21CF is the controlling corporate parent of TCFTV and FBC, and thus is required to answer discovery and provide a Rule 30(b)(6) witness to testify about matters within the knowledge of each of its

subsidiaries. Under these circumstances, the Fox Defendants must include an averment in their affidavit of completeness attesting to 21CF's inability to provide and verify discovery responses in relation to Interrogatory No. 9. If the Fox Defendants cannot attest to 21CF's inability to produce the discovery requested in Interrogatory No. 9, they must produce the responding information to Plaintiffs as relevant to their theory of liability that the Fox Defendants acted jointly.

**Dated:** March 7, 2018

_____
**AMY J. ST. EVE**
**United States District Court Judge**