IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| T.S. *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> Twentieth Century Fox Television *et al.*, <br><br> Defendants. | Case No. 1:16-cv-08303 <br><br> Hon. Amy J. St. Eve |

**PLAINTIFFS' MOTION FOR PAYMENT OF EXPENSES
AND MEMORANDUM IN SUPPORT THEREOF**

Pursuant to Federal Rule of Civil Procedure 37(a)(5)(A), Plaintiffs, through undersigned counsel, move the Court to order the Fox Defendants ("Fox") to pay the reasonable expenses Plaintiffs incurred in moving to compel their responses discovery. (*See* Pls.' Mot. to Compel Disc. from Fox Defs. ("Motion to Compel,") ECF No. 138.)

**A. Background**

Fox refused to respond to three categories of discovery served by Plaintiffs: "Interrogatory No. 4," which asked Fox to describe the search which they conducted to discover and produce documents in this case; discovery regarding Fox's revenues from the episodes of *Empire* filmed at the JTDC; and a single discovery request relating to the interaction of defendants Fox Broadcasting Company ("FBC") and Twentieth Century Fox Television through Fox Television Group ("TCFTV"). (*See* Motion to Compel at 1-2 (describing discovery at issue); *id.* at 7 (describing Fox's arguments opposing the discovery).) Plaintiffs engaged in a substantial effort to obtain this discovery without bringing the dispute to court, but Fox refused. (*See id.* at 2 (describing Plaintiffs' discovery enforcement efforts).) This forced Plaintiffs to file the Motion to Compel.

1

Fox objected to the discovery on three basic grounds. Its lead argument was that Plaintiffs were not entitled to further discovery because their underlying claims about the JTDC lockdown were meritless. (*See* Fox Defs.' Mem. in Opp'n to Plfs.' Mot. to Compel Disc. ("Fox Opp'n"), ECF No. 140 at 3-5.) Second, Fox argued that it should not be required to answer Interrogatory No. 4 because Plaintiffs should instead seek such information through a deposition. (*Id.* at 7.) Third, Fox opposed responding to *any* revenue regarding discovery on grounds that Plaintiffs' unjust enrichment claims were meritless, and that any such discovery would be unduly burdensome. (*Id.* at 8-11.) Fourth, Fox opposed Plaintiffs' interrogatory about Fox Television Group on the grounds that it was irrelevant, and that Twenty-First Century Fox did not have access to responsive information. (*Id.* at 12-13.)

The Court broadly rejected Fox's arguments, ordering it to respond to all Plaintiffs' discovery requests with the exception of season-wide revenue discovery. (*See* Order (the "Order"), ECF No. 143.)

**B. Legal Standard**

Rule 37 provides that if a motion to compel is granted, the party "whose conduct necessitated the motion" is presumptively obligated pay the moving party's reasonable expenses. Fed. R. Civ. P. 37(a)(5)(A). This presumption can be overcome if the losing party can "establish[] that [its] position was substantially justified," *Rickels v. City of South Bend,* 33 F.3d 785, 787 (7th Cir. 1994), or "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(iii). Notably, it is the burden of the party opposing payment of fees to justify an exception. *Rickels*, 33 F.3d at 787 ("Rule 37(a)(4) [predecessor of Rule 37(a)(5)] presumptively requires every loser to make good the victor's costs.").

Substantial justification means that the losing party's position was "'justified to a degree that could satisfy a reasonable person.'" *Cardenas v. Grozdic*, No. 12-cv-292, 2013 WL 4080652, at *2 (N.D. Ill. Aug. 13, 2013) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). Under this standard, the party whose conduct necessitated the motion must establish that its position had a "reasonable basis both in law and fact," *Pierce*, 487 U.S. at 565, which "means, of course, more than merely undeserving of sanctions for frivolousness; that is assuredly not the standard . . . of which a reasonable person would approve." *Id.* at 566.

Finally, if a discovery motion is granted in part and denied in part, the court may apportion reasonable expenses for the motion. Fed. R. Civ. P. 37(a)(5)(C).

### C. Plaintiffs are entitled to payment of expenses

The Court's discovery Order makes clear that Fox did not have a reasonable basis in law or fact for opposing the bulk of Plaintiffs' discovery. As such, Fox's conduct requiring Plaintiff's Motion to Compel was not substantially justified:

- The Order rejected out of hand Fox's primary argument—that Plaintiffs were not entitled to discovery from Fox until Plaintiffs had established the merit of their claims regarding the lockdown. That is for good reason: it is a bedrock principle of the federal Rules that a plaintiff whose claims survive a motion to dismiss is entitled to take discovery to prove those claims.

  > **Commented [A1]:** I don't think bullets are necessary.

- Indeed the Court was explicit on this point in addressing Fox's opposition to all revenue discovery, in which Fox, again, "rel[ied] on the[] argument[] that Plaintiffs' unjust enrichment claim is without merit." (Order at 3.) This argument was a nonstarter: "*As the Fox Defendants are no doubt aware*, Plaintiffs' unjust enrichment claim survived their Rule 12(b)(6) motion to dismiss," which made Fox's discovery opposition to wholly improper. (Order at 3; emphasis

  > **Commented [A2]:** Don't even need to go there. I think it's unbecoming to even address it!

3

added.)  The Court's only limitation of revenue discovery was as to requests for season-wide revenue figures.

- Fox also claimed that responding to Interrogatory No. 4 would be too burdensome (*see* Fox Opp'n at 5-8), but the Court recognized that Fox was talking out of both sides on its mouth, and concluded that "*based on Defendants' arguments*," answering Interrogatory No. 4 "will not be a particularly difficult task due to the discrete period of time and number of peopled involved in the filming."  (Order at 2-3 (emphasis added).)

- Finally, Fox opposed discovery regarding Fox Television Group on grounds that it was not relevant (*see* Fox Opp'n at 12-13), but Plaintiffs pointed out that this discovery concerned specific allegations in their Complaint (Pl. Reply at 10.)  The Court rejected Fox's "relevance" arguments and required an averment regarding Twenty-First Century Fox's ability to obtain such information.  (Order at 4.)

Fox's refusal to provide discovery amounted to a position that, notwithstanding its discovery obligations, *it* would dictate how and when discovery would proceed, and *it* would decide what evidence was really relevant to Plaintiff's claims.  That position had no reasonable basis either under the Federal Rules or Plaintiffs' claim in this case.  Fox's conduct was not substantially justified.

In addition, there are no "other circumstances make an award of expenses unjust."  Fed. R. Civ. P. 37(a)(5)(A)(iii).  Quite the contrary.  Fox is represented by sophisticated counsel who are familiar with their clients' discovery obligations.  Yet Fox has already tried to shut down discovery with the same inappropriate "meritless case" argument it made in opposing the Motion to Compel.  As the Court will recall, at the outset of this case Plaintiffs made a routine request to serve document preservation subpoenas on several third parties while the defendants' motions to

dismiss were pending. (*See* ECF No. 35.) Fox inexplicably opposed this motion, primarily on the grounds that Plaintiffs should not be entitled to this basic "discovery" because their case was meritless, and Fox would soon prevail on its motion to dismiss. (*See* ECF No. 39 at 1-2.) Fox turned out to be wrong, of course, but its "meritless case" grounds for opposing the subpoenas was flatly improper in the first place. The Court rightly rejected it from the bench. Fox should have known better than to oppose Plaintiffs' discovery on essentially the same grounds here.

Plaintiffs were entitled to the discovery they sought through the Motion to Compel. They never should have had to waste time and resources it took to enforce that discovery before the Court. Fox knew better, and should be required to pay for forcing Plaintiffs' counsel, and the Court, to deal with this entirely unnecessary motion practice. As Judge Easterbrook explained,

> Fee shifting when the judge must rule on discovery disputes encourages their voluntary resolution and curtails the ability of litigants to use legal processes to heap detriments on adversaries . . . without regard to the merits of the claims. [The party opposing discovery] lost and must pay.

*Rickels*, 33 F.3d at 787.

D. **Expenses at issue**

Under the fee-shifting provisions of Rule 37(a)(5)(A), Plaintiffs are entitled to the following categories of expenses. Exhibit 1 sets out the time Plaintiffs' counsel devoted to each category.

- *Discovery enforcement*. Fox is required to pay for Plaintiffs' attorneys' fees for their time spent communication on discovery requests underlying the Motion to Compel. *See, e.g. Heneghan v. City of Chicago*, No. 09-cv-0759, 2010 WL 3715142, at **3-4 (N.D. Ill. Sept. 14, 2010) (listing categories of fees for which winning party should be reimbursed, including for time spent "communicating with opposing counsel on the motion to compel and underlying discovery request . . . . Time spent communicating with opposing counsel is reasonable time

5

incurred making the motion."); *Budget Rent-A-Car Sys., Inc. v. Consol. Equity, LLC*, No. 04-cv-1772, 2005 WL 6088859, at *2 (N.D. Ill. Aug. 3, 2005) (awarding fees under Rule 37 for, *inter alia*, "drafting and reading numerous letters [and] telephone conversations with opposing counsel."). Plaintiffs devoted 24.5 hours to discovery enforcement regarding these requests. As the discovery correspondence reflects, a portion of this time was spent on discovery that was not part of the Motion to Compel. (*See* ECF No. 138-1, Exs. 5-12.) At the same time, that correspondence indicates that the bulk of Plaintiffs' enforcement correspondence involved the discovery that was eventually brought before the Court. To adjust for this fact, Plaintiffs have multiplied their hours spent on discovery enforcement by 0.7, and thus seek reimbursement for 16.4 attorney hours.

- *The Motion to Compel*. Time spent drafting the Motion to Compel is compensable under Rule 37. *See Heneghan*, 2010 WL 3715142, at *3. As set forth in Exhibit 1, Plaintiffs' counsel devoted 38.6 hours to drafting the Motion to Compel and Reply in support of same. The overwhelming majority of Plaintiffs' motion to compel was granted, and the portion that the Court denied (involving Fox's argument that season-wide revenue discovery was unduly burdensome) involved a simple argument that took up little time to brief. To adjust for this fact, Plaintiffs have multiplied their time spent on the Motion to Compel by 0.9, and thus seek reimbursement for 34.7 attorney hours.

- *Attending hearings*. Plaintiffs' counsel are entitled to the time spent attending hearings in support of their Motion to Compel. *Heneghan*, 2010 WL 3715142, at *3. Because Plaintiffs noticed the Motion to Compel to coincide with an already-scheduled status conference, however, Plaintiffs are not seeking reimbursement for this time.

- *Drafting fee petition*. Plaintiffs are entitled to fees incurred for the time they were forced to devote seeking fees through this petition. *Heneghan*, 2010 WL 3715142, at *4. *Accord Rickels*, 33 F.3d at 787 ("[T]he victor is entitled to recoup his full outlay, including the fees incurred in seeking fees . . . ."). As Exhibit 1 reflects, to date Plaintiffs have devoted 12.4 hours to the instant fees motion.

*   *   *

- *Hourly rates*. Plaintiffs are civil rights attorneys. As such, an hourly rate awarded to comparably experienced attorneys in the same field is an appropriate guide for an hourly rate here. Plaintiffs submit that the recent fee awards made by Judge Kennelly in *Fields v. City of Chicago*, No. 10-cv-1168, 2018 WL 253716 (N.D. Ill. Jan. 1, 2018) provide appropriate hourly rates for similarly experienced attorneys. Plaintiffs' attorney Stephen Weil graduated from law school in 2006 and thus has 12 years' experience. Plaintiffs' attorney Alexis Chardon graduated from law school in 2008 and thus has 10 years' experience. In *Fields* Judge Kennelly awarded a rate of $360 per hour to an attorney with 11 years' experience, less than Mr. Weil today, *see id.* at *3, and $325 per hour to attorneys with 8 years' experience, less than Ms. Chardon today. *Id.* IN light of these fee determinations Plaintiffs respectfully submit that a rate of $365 is appropriate for Mr. Weil and $350 is appropriate for Ms. Chardon. These rates reflect that they are slightly more experienced than the comparable attorneys in *Fields*.

D.   **Conclusion**

For the foregoing reasons, Plaintiffs move this Court to award reasonable fees associated with their Motion to Compel Discovery (ECF 138, 142). The fees requested are set forth in Exhibit 1 to this Motion, and total $ 23,225.

May 4, 2018

Respectfully submitted,

/s/ Alexis G. Chardon

Alexis G. Chardon – ali@weilchardon.com
Stephen H. Weil – steve@weilchardon.com
Weil & Chardon LLC
333 S. Wabash Ave., Suite 2700
Chicago, IL 60604
312-585-7404

Adam J. Pessin – apessin@finekaplan.com
Fine, Kaplan and Black, R.P.C.
One South Broad Street, Suite 2300
Philadelphia, PA 19107
(215) 567-6565

*Attorneys for Named Plaintiffs T.S. and Q.B.*

8

**CERTIFICATE OF SERVICE**

    I hereby certify that on May 4, 2018, a true and correct copy of the foregoing was filed electronically. Notice of this filing was sent by operation of the Court's ECF electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

                                                /s/ Stephen H. Weil