UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

T.S. *et al.*,

    Plaintiffs.

v.

Twentieth Century Fox Television, a division of Twentieth Century Fox Film Corporation et al.,

    Defendants.

Case No. 1:16-cv-08303

Honorable Judge Amy J. St. Eve

**FOX DEFENDANTS' MEMORANDUM IN OPPOSITION
TO PLAINTIFFS' MOTION FOR PAYMENT OF EXPENSES**

In an Order dated March 7, 2018 (the "Order"), this Court only *partially* granted a motion by Plaintiffs T.S. and Q.B. to compel certain discovery from Defendants Twentieth Century Fox Television ("TCFTV"), Fox Broadcasting Company ("FBC"), and Twenty-First Century Fox, Inc. ("21CF") and, collectively with TCFTV and FBC, the "Fox Defendants"). The Fox Defendants undisputedly and timely complied with the Order. Because the Fox Defendants had a good faith basis to dispute Plaintiffs' entitlement to the discovery the Court granted in the Order, a "genuine dispute" existed as to those issues. Plaintiffs' "Motion for Payment of Expenses" pursuant to Federal Rule of Civil Procedure 37, therefore, is unwarranted and should be denied.

**BACKGROUND**

The Motion to Compel that Plaintiffs filed in March 2018 concerned discovery requests Plaintiffs propounded on the Fox Defendants on November 2, 2017, and to which the Fox Defendants timely responded. Among other things, the Fox Defendants produced to Plaintiffs all their correspondence with the Cook County Juvenile Temporary Detention Center ("JTDC"); all of their internal correspondence related to the filming of scenes from two episodes of *Empire* at

1

the JTDC; their contract documents with Cook County; all documents pertaining to payments to Cook County; and "call sheets" and other documents showing where TCFTV filmed within the JTDC and when, and who was present at the JTDC for filming. *See* Dkt. No. 138-1, Ex. 5.

On January 12, 2018, Plaintiffs' counsel sent a 10-page Local Rule 37.2 letter initiating a discovery dispute. *See* Dkt. No. 138-1, Ex. 5. On January 17, the Fox Defendants' counsel proposed an in-person meeting to occur following an already-scheduled status conference before this Court on January 24. *See id.* Ex. 6 (pgs. 50-51). Plaintiffs' counsel insisted on a written response to their letter in advance of an in-person conference, and the parties exchanged writings over the next several days. *See id.* Ex. 6 (pages 41-50). The parties then conferred in person in the Court's attorney conference room on January 24 and had subsequent written exchanges about the matters discussed, during which the parties reached agreement on many issues. *See id.* Exs. 7-12. The parties did not, however, reach agreement on all issues. On March 2, 2018, therefore—near midnight on a Friday evening—Plaintiffs filed a Motion to Compel Discovery, noticing it for presentment the following Wednesday. *See* Dkt. Nos. 138-139. The Fox Defendants responded to that motion on Monday, March 5. *See* Dkt. No. 140. Plaintiffs replied on March 6. *See* Dkt. No. 142. In their respective motion papers, the parties disputed the following:

**"Discovery About Discovery."** Plaintiffs demanded that the Fox Defendants respond to an interrogatory requiring them, among other things, to "[d]escribe in detail the nature of the search you have performed to discover and/or produce documents in this case." *See* Dkt. No. 138 at 3; Dkt. No. 138-1 Ex. 2 (Interrogatory No. 4). In exchanges prior to Plaintiffs' filing their motion, the Fox Defendants contended that this kind of "discovery about discovery" is appropriate only in limited circumstances, as advised by the Seventh Circuit Electronic Discovery Committee, and

2

should not have been necessary in this case. The Court ultimately ordered the Fox Defendants to respond to Interrogatory No. 4, which they did.

*Empire* **"Revenue" Discovery.** TCFTV filmed limited scenes for two *Empire* episodes—episodes 1 and 2 of Season 2—at the JTDC. In various interrogatories and requests for production, Plaintiffs demanded information and documents relating to "[t]he gross revenues, net revenues, and profits" the Fox Defendants "received" related to *all* episodes of *Empire* in both Seasons 1 and 2, including "all sources of revenue and the amounts of each such source; and all costs and the amounts of each source of cost." *See, e.g.,* Dkt. No. 138-1, Ex. 1 (Interrogatory No. 9); *id.* Ex. 4 (Requests for Production Nos. 28-30). In pre-motion correspondence with Plaintiffs' counsel, the Fox Defendants raised a number of objections to producing this information:

> [A]lthough the demonstrable meritlessness of your liability case certainly is relevant to our arguments about undue burden, that is not the sole reason we are declining to provide information about advertising revenues for *Empire* received by corporate entities above TCFTV. We have many other objections, including that (1) the limited claims that Judge St. Eve allowed you to pursue do not and cannot implicate any corporate entity other than TCFTV, which was the only entity present at or involved with filming at the JTDC; (2) advertising revenues are not a viable measure of damages in an "unjust enrichment" claim because Plaintiffs were not alternative recipients of those revenues; and (3) even if advertising revenues are relevant, which they are not, your demands for revenues related to two entire seasons of *Empire* are vastly overbroad and unduly burdensome. [Dkt. No. 138-1, Ex. 12 (page 73).]

The Court ultimately found that "Plaintiffs' reasons for why they need this discovery for two full seasons of Empire is not proportional to the needs of this case, especially because their requests place a disproportionate burden on the Fox Defendants to produce information that goes well beyond the scenes shot at the JTDC." Order at 3. The Court only ordered the Fox Defendants to provide limited information regarding the two specific episodes of *Empire* filmed at the JTDC.

3

**Interrogatory Response From Corporate Parent 21CF.** Plaintiffs demanded that 21CF, the publicly-traded ultimate parent company of, among (many) other subsidiaries, TCFTV and FBC, "identify each employee or agent of…any of its subsidiaries who were assigned to or worked in or as part of the business using 'Fox Television Group' during the relevant time period." Dkt. No. 138-1, Ex. 3 (Interrogatory No. 9). During the parties' meet-and-confer exchanges that preceded Plaintiffs' Motion to Compel, Plaintiffs did not explain what they wanted, beyond an amended response confirming that "no 21CF employee had communications regarding the filming of Empire at the JTDC." Dkt. No. 138-1, Ex. 10 (page 66). Defense counsel requested an explanation of this from Plaintiffs' counsel, but they did not provide one before filing their Motion to Compel. *See id.* The Court ultimately ordered the Fox Defendants only to "include an averment in their affidavit of completeness attesting to 21CF's inability to provide and verify discovery responses in relation to Interrogatory No. 9," which they did. Order at 4.

## LEGAL STANDARD

Federal Rule of Civil Procedure 37(a)(5)(A) provides that if a party's motion to compel discovery "is granted…the court must, after giving an opportunity to be heard, require the party… whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorneys' fees." Rule 37(a)(5)(A) goes on to provide, however, that "the court must ***not*** order this payment if:

> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response or objection was ***substantially justified***; or (iii) other circumstances make such an award of expenses unjust. [*Id.* (emphasis added).]

Rule 37(a)(5)(B) reciprocally provides that where a motion to compel is denied, the court "must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both

4

to pay the party…who opposed the motion its reasonable expenses incurred in opposing the motion, including attorneys' fees," again unless "the motion was substantially justified or other circumstances make an award of expenses unjust." Because the Court granted Plaintiffs' motion only in part, Rule 37(a)(5)(C) applies, providing that the Court "may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion."

The Supreme Court, in *Pierce v. Underwood*, 487 U.S. 552 (1988), held that "substantially justified" does not mean "'justified to a high degree,' but rather has been said to be satisfied if there is a 'genuine dispute,'" or "if reasonable people could differ as to the appropriateness of the contested action." *Id.* at 565 (citations omitted); *accord Stein v. Sullivan*, 966 F.2d 317, 320 (7th Cir. 1992), *citing Pierce*, 487 U.S. at 565; *Crabtree v. Experian Info. Sols.*, Inc., No. 1:16-CV-10706, 2017 WL 4740662, at *3 (N.D. Ill. Oct. 20, 2017) ("The test for substantial justification as it applies to Rule 37(a) is whether there is a genuine dispute.") (internal quote and citation omitted). "That is no different from the 'reasonable basis both in law and fact' formulation adopted by…the vast majority of…Courts of Appeals that have addressed this issue." *Pierce*, 487 U.S. at 565.

Among the tests that courts in this District have used to determine whether sanctions are justified include "whether the party's failure to cooperate in discovery [was] due to willfulness, bad faith, or fault;…whether the adversary was prejudiced by the party's failure to cooperate in discovery;…whether the party was warned that failure to cooperate could lead to the sanction; and…whether less drastic sanctions were first imposed or considered." *Lorillard Tobacco Co. v. Elston Self Service Wholesale Groceries, Inc.*, 259 F.R.D. 323, 327 (N.D. Ill. 2009), *citing Doe v. Lexington-Fayette Urban County Gov't*, 407 F.3d 755, 766 (6th Cir. 2005). *See also Messier v. Southbury Training School*, No. 3:94-CV-1706 (EBB), 1998 WL 422858, at *2 (D. Conn. June 29, 1998) (denying discovery sanctions where "both parties advanced principled arguments in

support of their positions"); *OCE-Bus. Sys., Inc. v. Dual Office Suppliers, Inc.*, No. 87 C 8613, 1988 WL 37711, at *1 (N.D. Ill. Apr. 21, 1988) (denying discovery sanctions where motion to compel raised an issue as to which reasonable persons could differ), citing *Johnson v. W.H. Stewart Co.*, 75 F.R.D. 541, 543–44 (W.D. Okla. 1976) (declining to award fees and costs after finding "some merit" in the defendant's objections to interrogatories).

In *Fogel v. Bukovic*, No. 11-CV-1178 (N.D. Ill., Dkt. No. 36, slip op. dated May 5, 2011), this Court denied various discovery motions and concluded its motion with the observation that "[t]here is a real question whether Plaintiffs' motion for sanctions and to quash subpoenas was substantially justified." *Id.* at 6. After raising that question, the Court directed briefing pursuant to Rule 37(a)(5). *See id.* However, even having specifically raised the possibility of sanctions in its order, this Court ultimately declined to impose them. *See Fogel v. Bukovic*, No. 11-CV-1178, 2011 WL 2463528 (N.D. Ill. June 20, 2011).

## ARGUMENT

The Court's Order reflected the first discovery dispute between the parties requiring judicial intervention. The Fox Defendants did not object to the bulk of Plaintiffs' discovery requests and timely and fully responded to those requests. The Fox Defendants objected only to certain categories of discovery and had a good faith basis for doing so. Accordingly, Plaintiffs' motion for Rule 37 sanctions is unjustified and the Court should deny it.

### I. THE FOX DEFENDANTS WERE SUBSTANTIALLY JUSTIFIED IN RESISTING PLAINTIFFS' DEMAND FOR "DISCOVERY ABOUT DISCOVERY."

As the Fox Defendants explained in their opposition to Plaintiffs' Motion to Compel (Dkt. No. 140 at 5-7), the Fox Defendants, during meet-and-confer discussions, provided Plaintiffs with a great deal of information regarding how the Fox Defendants gathered and produced documents from relevant custodians, the bulk of whom are *not* the Fox Defendants' employees. Plaintiffs'

6

motion acknowledged as much. *See* Dkt. No. 138 at 4. In these communications, the Fox Defendants made a good faith effort to describe to Plaintiffs the steps that they had taken to collect and produce documents responsive to Plaintiffs' discovery requests. *See, e.g.*, Dkt. No. 138-1, Ex. 6 (Pages 44, 49, 58). Where a party has made a good faith effort to accommodate discovery requests, an award of attorney's fees is inappropriate. *Moore v. Heller Fin., Inc.*, No. 87 C 6620, 1988 WL 82553, at *1 (N.D. Ill. July 29, 1988) (denying motion for award of fees and expenses when there was a good faith effort to accommodate discovery requests); *Clark v. Ruck*, No. 13-CV-03747, 2014 WL 1477925, at *3 (N.D. Ill. Apr. 15, 2014) (lack of bad faith a factor in denying request for fees and expenses).

Plaintiffs' motion cited no case law supporting their demand that the Fox Defendants must go further and respond to an interrogatory explaining in detail their production methodologies. The parties disputed, in good faith, whether the Northern District of Illinois's Mandatory Initial Discovery Pilot Program ("MIDP"), which applies to civil cases filed on or after June 1, 2017, had any bearing on the instant matter, filed on August 24, 2016. *See, e.g.*, *See* Dkt. No. 138-1, Ex. 5 (Page 31). In opposing Plaintiffs' Motion to Compel, the Fox Defendants cited to the contrasting approach set forth in the Seventh Circuit's principles on "discovery about discovery," which make clear that "discovery about discovery" should not be approached unadvisedly and that delving into this topic may "contribute to the unnecessary expense and delay and may inappropriately implicate work product and attorney-client privileged matter." *See* Seventh Cir. Elec. Discovery Comm., Proposed Standing Order Relating to the Discovery of ESI, Principle 2.04(b). Notably, Principle 2.04(b) is directed to judges and leaves it to the Court, not the parties, to determine if "discovery about discovery" is advisable. The Fox Defendants urged in this case that such discovery was not

7

advisable.  Although the Court disagreed, the Fox Defendants raised its opposition in good faith based on the Seventh Circuit Electronic Discovery Committee's Principles.

When "the rules under which [a party] was operating were ambiguous and it pursued a reasonable interpretation on which [the Court] had not previously ruled," that party's position is considered "substantially justified" under Rule 37.  *Gutierrez v. Barnhart*, 274 F.3d 1255, 1261 (9th Cir. 2001).  There was a clear contrast between the approach taken under the inapplicable MIDP cited by Plaintiffs and the Seventh Circuit's Principle 2.04(b).  The Court's Order, like the parties' briefing, focused on Principle 2.04(b).  It found Plaintiffs' request "appropriate" under that Principle (Order at 2), and the Fox Defendants complied with the Court's Order.  The Court did not find in any respect that the Fox Defendants' position was unjustified, nor (like Plaintiffs) did the Court cite precedent on which either party could have relied.

The Fox Defendants' conduct in this case does not remotely resemble the defendant's conduct in *Heneghan v. City of Chicago*, No. 09-CV-759, 2010 WL 3715142 (N.D. Ill. Sept. 24, 2010), the case upon which Plaintiffs principally rely.  In *Heneghan*, the defendant did not object to the production of documents and argue that position to the court; instead, it merely failed to produce those documents by one deadline that Judge Leinenweber set for it, and then a second. *See id.* at *1.  Even after that plaintiff filed a motion to compel, the court gave the defendant two more months to produce the documents, but it still did not do so.  *See id.*  Only in those extreme circumstances did the Court award sanctions.  The Fox Defendants, by contrast, quickly submitted a detailed brief in opposition to Plaintiffs' midnight-Friday filing, appeared at a regularly-scheduled status conference to argue against Plaintiffs' motion, and then timely complied with the Court's Order after the Court disagreed with the Fox Defendants' position.

8

Further, all Interrogatory No. 4 required was the provision of information about discovery methodologies. The Fox Defendants had stated prior to the Motion to Compel that if they located additional responsive documents, those documents would be produced. See Dkt. No. 138-1, Ex. 6 (Page 44). The Court directed the Fox Defendants to "provide Plaintiffs with an affidavit attesting to the completeness of their discovery searches." Order at 3. Courts have held that the filing of an affidavit to serve as proof of a party's claim that certain information has been produced or does not exist does not support the award of attorney's fees to the party seeking the information or documents. *Gaska Tape, Inc. v. Pres-On Prod., Inc.*, No. 90 C 3725, 1992 WL 159402, at *1 (N.D. Ill. July 1, 1992) (denying portion of motion for award of attorney's fees related to court order requiring filing of affidavit stating that the information sought did not exist).

For all four of these reasons—a substantially justified position, reasonable attempts to avoid the dispute, the limited nature of the relief the Court ordered, and timely compliance—the Fox Defendants submit that Rule 37's cost-shifting provisions do not apply and that both sides should bear their own costs regarding Plaintiffs' Motion to Compel.

## II. PLAINTIFFS *LOST* THE BULK OF THEIR REQUEST FOR "REVENUE" DISCOVERY, CONFIRMING THE FOX DEFENDANTS' POSITION WAS SUBSTANTIALLY JUSTIFIED.

In opposing Plaintiffs' request for discovery concerning advertising revenues, the Fox Defendants did *not* premise their objection on the lack of merit in Plaintiffs' underlying claims. The main basis of the Fox Defendants' objection was that pursuant to controlling Seventh Circuit law, Plaintiffs cannot claim advertising revenues from *Empire* as damages even if they win their claim for "unjust enrichment." *See* Dkt. No. 140 at 8, *quoting Banco Panamericano, Inc. v. City of Peoria, Ill.*, 880 F.3d 329, 333 (7th Cir. 2018). The Fox Defendants also cited other District Court cases so holding. *See id.* at 8-11. The Court elected to treat Plaintiffs' ability to reach these

9

revenues as a merits issue and thus declined to address it in ruling on Plaintiffs' motion (*see* Order at 3), but that does not affect the substantial justification for the Fox Defendants' argument.

The Fox Defendants also objected to Plaintiffs' request on undue burden grounds, and the Court largely *sustained* that objection. "Plaintiffs' reasons for why they need this discovery for two full seasons of Empire is not proportional to the needs in this case, especially because their requests place a disproportionate burden on the Fox Defendants to produce information that goes well beyond the scenes shot at the JTDC." Order at 3. Accordingly, the Court only directed the Fox Defendants to "produce the revenues and profit information for the first two episodes of Empire's second season." *Id.*

Because Plaintiffs largely lost this aspect of their Motion to Compel, Rule 35(a)(5)(A) does not apply. The substantial justification of the Fox Defendants' position is not in doubt and the Fox Defendants will not dispute that Plaintiffs also had a good faith basis for the position they argued. Rule 37(a)(5)(C) therefore should not cause an apportionment of costs. Instead, both sides should bear their own costs.

### III. THE COURT ALSO LARGELY SUSTAINED THE FOX DEFENDANTS' OBJECTION TO PLAINTIFFS' INTERROGATORY NO. 9 TO 21CF.

Plaintiffs' Interrogatory No. 9 demanded information from 21CF, the ultimate parent company, that 21CF was unable to provide. The parties met and conferred about this issue and, as the Court can see from the parties' final exchange about it, Plaintiff could not articulate what remained at issue. *See* Dkt. No. 138-1, Ex. 10 (Page 66). Plaintiffs' Motion to Compel was no more forthcoming, stating only in vague terms that they were seeking "information from 21CF about Fox Television Group, discussed above." Dkt. No. 138 at 11.

The Court ruled that "the Fox Defendants must include an averment in their affidavit of completeness [responding to Interrogatory No. 4, addressed above] attesting to 21CF's inability to

10

provide and verify discovery responses in relation to Interrogatory No. 9." Order at 4. In other words, the Court *sustained* the Fox Defendants' objection, but ordered the Fox Defendants to support its objection with an averment. Plaintiffs' Motion to Compel did not request such an averment, nor did the Fox Defendants refuse to provide one. Accordingly, Plaintiffs cannot reasonably contend that they prevailed on this request, much less that the Fox Defendants' position with respect to it was not "substantially justified."

In addition, and as discussed above, courts have held that the filing of an affidavit to serve as proof of a party's claim that certain information has been produced or doesn't exist does not support the award of attorney's fees to the party seeking the information or documents. *Gaska Tape, Inc.,* 1992 WL 159402, at *1 (denying portion of motion for award of attorney's fees related to court order requiring filing of affidavit stating that the information sought did not exist). In denying the motion for award of attorney's fees related to the production of certain formula documents, the court in *Gaska Tape* reasoned, "[t]his court could hardly order Gaska to produce documents which it claimed it did not have," so it directed the provision of an affidavit "intended to serve as proof of Gaska's claim." *Id.* This reasoning applies with equal force here. Rather than compelling the Fox Defendants to produce documents or information, this Court required 21CF to sign an affidavit attesting to its inability to do so. Plaintiffs therefore did not prevail on this portion of their Motion to Compel and the award of attorney's fees is inappropriate.

Finally, as a general matter, it should be noted that discovery in this case does not close until April 1, 2019. Courts have seen the wisdom of not awarding fees under Rule 37(a)(5) when the complained of party has no history of engaging in repeated discovery violations and where substantial discovery remains. *See Tile Unlimited, Inc. v. Blanke Corp.*, No. 10 C 8031, 2014 WL 257862, at *3 (N.D. Ill. Jan. 23, 2014) ("Awarding expenses at this relatively early point in the

11

litigation is likely to increase animosity and inhibit the cooperation among counsel that is essential to facilitate the merits discovery ahead."); *In Re Broiler Chicken Antitrust Litigation*, No. 1:16-CV-08637, 2017 WL 3391698, at *10 (N.D. Ill. Aug. 7, 2017) (denying award of attorney's fees under Rule 37(a)(5)(A) and stating that awarding fees in this case every time a discovery motion is granted or denied could foster satellite litigation regarding fees and incentivize additional motions to compel).

Because this is the first instance where the Court has been asked to address a discovery dispute between Plaintiffs and the Fox Defendants and the first Rule 37 motion in this matter, the Fox Defendants urge this Court to reject the sharp practice reflected by yet another midnight-Friday filing by Plaintiffs and deny their "Motion for Payment of Expenses."

## IV. PLAINTIFFS' FEE DEMANDS ARE INFLATED AND UNJUSTIFIED.

The Court should not grant Plaintiffs' motion for fees in any respect, but if it elects to grant the motion in part, Plaintiffs' demand for $23,225 in fees is inflated and not justified by the cases they cite in support of it.

Plaintiffs are simply wrong to contend that "[t]he overwhelming majority of [their] motion to compel was granted." Dkt. No. 151 at 6. Of the three requests Plaintiffs' made, the Court denied the bulk of the second and denied the third in its entirety, except that it required the Fox Defendants to state their objection in the form of an averment. Indeed, to the extent the Court believes that Rule 37 requires a fee analysis, Rule 37(a)(5)(C) requires the Court to *apportion* fees based on the extent to which the Fox Defendants *defeated* Plaintiffs' motion. The Fox Defendants will submit fee details if necessary, but the Court should avoid this by determining that both sides should bear their own costs in this discovery dispute.

To the extent the Court scrutinizes Plaintiffs' fee request, it appears facially unreasonable. Plaintiffs' opening briefing on the first issue, the only issue on which they won outright, included no case citations, and their reply brief on that issue barely consumed a full page. *See* Dkt. No. 142 at 6-7. Yet Plaintiffs contend that they spent 38.6 hours briefing their 12-page motion to compel and 11-page reply brief and they demand all of those fees. This includes 12.6 hours purportedly spent by Plaintiffs' counsel Stephen Weil on the single day of March 2, the day he filed the motion, and then 11.8 hours purportedly spent by Mr. Weil between March 5 and 6 to draft his reply. Plaintiffs do not provide any time detail for these or any other hours beyond "drafting." In *Budget Rent-a-Car System, Inc. v. Consol. Equity, LLC*, No. 04-CV-1772, 2005 WL 6088859 (N.D. Ill. Aug. 3, 2005)—one of the cases upon which Plaintiffs rely—the Court found a $15,983 request for briefing to be "not reasonable," and determined that 15 hours of associate time should have been sufficient. *Id.* at *2. *See also Catapult Comm'cs Corp. v. Foster*, No. 06-CV-6112, 2009 WL 2707040, at *2 (N.D. Ill. Aug. 25, 2009) (reducing fee request by over 70% because the plaintiff "spent an unreasonable amount of time" on it).

Plaintiffs then contend that, separate from their fees associated with drafting their largely unsuccessful motion to compel, they also are entitled to their fees for *pre-motion* communications in which the parties attempted to resolve or narrow their disputes. The case upon which they rely, *Heneghan*, does not support that request. *Heneghan* awarded the plaintiff 2.4 hours of time for "communicating with opposing counsel on the motion to compel and underlying discovery request." *Heneghan*, 2010 WL 3715142, at *2. The court did not explain what it meant by communications about the "underlying discovery request," and all of the communications at issue appear to have occurred after the defendant had missed both court-imposed deadlines to produce

13

the documents at issue. *See id.* Plaintiffs did not have to spend any time "enforcing" the Court's Order; the Fox Defendants timely and fully complied with it.

*Heneghan* also *rejected* that plaintiff's request for fees associated with preparation for and attendance at the associated motion hearing. "[F]ees for time spent attending a hearing is not reasonable if the attorney would already be in court at the same time for a status hearing and no additional time is attributable to the motion to compel." *Heneghan*, 2010 WL 3715142, at *3 Here, the parties appeared in court only "for a status hearing," and the Court did not invite or entertain oral argument on the motion to compel at that hearing. The Court said it would issue a decision on the Motion to Compel after the hearing, and it did so.

Plaintiffs finally claim to have spent 12.4 hours drafting the instant fee motion, all in the two days before yet another midnight-Friday filing. Plaintiffs did not meet-and-confer at all before drafting and filing this motion. *Heneghan* sustained a fee request of $768 associated with the drafting of a fee petition and the case on which *Heneghan* relied, *Catapult*, awarded $1,400. *Catapult*, 2009 WL 2707040, at *2. Plaintiffs' request for nearly $4,500 is not justified.

## CONCLUSION

For the reasons stated above, the Fox Defendants request that the Court deny the relief sought in Plaintiffs' Motion for Expenses.

Date: May 7, 2018

Respectfully Submitted,

/s/Jeffrey S. Jacobson

Jeffrey S. Jacobson
Kelley Drye & Warren LLP
101 Park Ave
New York, NY 10178
212-808-5145
jjacobson@kelleydrye.com

14

          Matthew C. Luzadder
Catherine E. James
Kelley Drye & Warren LLP
333 West Wacker Drive
Suite 2600
Chicago, IL 60606
(312) 857-7070
mluzadder@kelleydrye.com
cjames@kelleydrye.com

*Attorneys for Fox Defendants*

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that the foregoing **FOX DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR PAYMENT OF EXPENSES** was served on all counsel of record pursuant to the Court's ECF system on this 7th day of May, 2018.

/s/ Jeffrey S. Jacobson

Jeffrey S. Jacobson
Kelley Drye & Warren LLP
101 Park Ave
New York, NY 10178
212-808-5145
jjacobson@kelleydrye.com

Matthew C. Luzadder
Catherine E. James
Kelley Drye & Warren LLP
333 West Wacker Drive
Suite 2600
Chicago, IL 60606
(312) 857-7070
mluzadder@kelleydrye.com
cjames@kelleydrye.com

*Attorneys for Fox Defendants*