IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| T.S. *et al.*,<br><br>      Plaintiffs,<br><br>  v.<br><br>Twentieth Century Fox Television *et al.*,<br><br>      Defendants. | Case No. 1:16-cv-08303<br><br>Hon. Amy J. St. Eve |

**PLAINTIFFS' REPLY IN SUPPORT OF
MOTION FOR PAYMENT OF EXPENSES**

Fox opposes Plaintiffs' Motion for Payment of Expenses (ECF No. 158) on the basis of arguments that re-frame its reasons for opposing Plaintiffs' discovery. (*See* ECF No. 156.) For purposes of Rule 37(a)(5)(A), however, the relevant issue is: were Fox's reasons for opposing the discovery at issue, which necessitated the Motion to Compel, substantially justified?

To answer that question the Court should look to the arguments Fox actually made in opposing Plaintiffs' discovery. Those arguments were far afield from the law, and almost all were entirely inappropriate. Under Rule 37(a)(5)(A), an award of fees is therefore merited.

*Meritless-case objection*. During the parties' meet-and-confer, Fox told Plaintiffs that it was objecting to discovery on the grounds that Plaintiffs' underlying claims had no merit. (*See, e.g.*, ECF No. 138-1, Ex. 5 at Page ID #1068-69; Ex. 5 at Page ID #1080). This was also Fox's leading argument in opposing Plaintiffs' Motion to Compel. (ECF No. 140 at 3-5, 11.) Aside from being wrong on the facts, the position was entirely improper: having survived Fox's motion to dismiss, Plaintiffs were entitled to take discovery that would prove their claims. Notably, Fox's current brief is entirely silent regarding its leading argument.

*Revenue discovery*. Plaintiffs were forced to move to compel Fox's revenue discovery because Fox opposed *any* such discovery, as a threshold matter. That threshold opposition was based on multiple arguments: (1) that Plaintiffs should not be able to take revenue discovery until Plaintiffs had proven the "merits" of their case (*see* ECF No. 140 at 11); (2) that Plaintiffs were not entitled to such discovery under the law of unjust enrichment (*id.* at 8-11); and (3) that any such discovery could not be taken only from TCFTV, not FBC. Those arguments were entirely improper: Plaintiffs' unjust enrichment claims had survived Fox's motion to dismiss, and under bedrock principles of the federal rules, Plaintiffs were entitled to take discovery in order to prove those same claims.[1]

The Court did deny Plaintiffs' motion to compel season-wide revenue discovery on grounds of burden, and for that reason Plaintiffs have discounted the attorney fees they now seek. (*See* ECF No. 158 at 6.) The discount is not steep, however, because briefing on the issue was necessarily minimal: Fox had simply made boilerplate overbreadth and burden objections, and when Plaintiffs' counsel attempted to discuss those objections during the meet-and-confer process, Fox's counsel pointedly refused to do so. (*See* ECF No. 142 at 9.) As a result there was not much for Plaintiffs to say about Fox's burden argument, other than to explain the relevance of the discovery sought and to note Fox's unwillingness to negotiate on the issue. (*See, e.g.*, *id.*) That straightforward briefing simply did not take up much of Plaintiffs' time.

*Interrogatory No. 4.* Fox refused to respond to this interrogatory on the grounds that it conflicted with the policy "approach" of the Seventh Circuit's pilot discovery order. (*See* ECF

---

[1] Fox *still* claims its unjust enrichment arguments were substantially justified. (ECF No. 156 at 9-10.) The point, though, is that Fox had already made those same arguments against Plaintiffs' unjust enrichment claims in its motion to dismiss and it lost them, and as such, "Fox's objection to Plaintiffs' revenue discovery rests on arguments that would require the Court to reconsider, and reverse, its ruling on Fox's motion to dismiss." (ECF No. 142 at 8.)

No. 138-1 Ex. 13.) But the order in question simply stated that such discovery could be used "unadvisedly," and also stated that such discovery "may be appropriate." *7th Cir. Elec. Disc. Pilot Prog.* ¶ 2.04(b).

Fox never explained what made Interrogatory No. 4 "unadvised" rather than "appropriate." Nevertheless, it now claims that ¶ 2.04(b) created ambiguity that should excuse its refusal to respond to the interrogatory. (ECF No. 156 at 8.) But ¶ 2.04(b) *did* provide guidance about when such discovery would be ill-advised—when it would "contribute to unnecessary expense and delay" or when it would "inappropriately implicate work product and attorney-client privileged matter." *7th Cir. Elec. Disc. Pilot Prog.* ¶ 2.04(b).

Fox cites that guidance for the first time in opposing Plaintiffs' fee motion (*see* ECF No. 156 at 7.) But Fox never objected that Interrogatory No. 4 might invade any privilege, and as the Court noted, Fox's own arguments indicated that responding to the interrogatory "will not be a difficult task . . . ." (ECF No. 143 at 3.) In short, ¶ 2.04(b) *did* articulate an "approach," to such discovery, specifying circumstances that might make discovery like Interrogatory No. 4 "unadvised." And none of those circumstances applied here. Fox did not resist Interrogatory No. 4 pursuant to the Seventh Circuit's "approach" to such discovery; it simply did not want to respond to the interrogatory.

Fox otherwise claims that it operated in "good faith" to "accommodate" Interrogatory No. 4. (ECF No. 156 at 7.) It is unclear what Fox means, since it had refused to answer Interrogatory No. 4. In this regard, it is worth noting that Fox's responses to Plaintiffs' document discovery expanded after it was forced to answer the interrogatory. For example, as far back as 2016, Fox represented that it had custody of the emails of all relevant "third party" custodians, which included Brady Breen. (*See* ECF No. 39 ¶ 3.) One of the concerns Plaintiffs

highlighted in seeking a response to Interrogatory No. 4 was that Fox's document production, which was made in December 2017, appeared to contain only emails from Mr. Breen's inbox. (ECF No. 138 at 3-4.) It was only after Fox was ordered to respond to Interrogatory No. 4 that additional production was made from the "outbox" portion Mr. Breen's email account, which Fox apparently had for years.

*Interrogatory regarding Fox Television Group*. This interrogatory sought information from Twenty-First Century Fox ("21CF") about employees who participated in Fox Television Group. 21CF objected primarily on grounds of relevance and overbreadth. (ECF No. 140 at 12.) The Court overruled those objections and ordered 21CF to aver that it had no access to the information, which had been 21CF's secondary objection (*id.* at 13). (*See* ECF No. 143 at 3-4.)

Fox's argument is well taken that, to the extent 21CF's amended response was an averment stating that it had no access to responsive information, fees should not be awarded. An additional discount of Plaintiffs' attorney fees is therefore appropriate. However, Fox's threshold, *relevance* objection to this request was entirely inappropriate—the discovery concerning Fox Television Group flowed directly from the allegations in Plaintiffs' complaint, as Plaintiffs had explained (*see* ECF No. 142 at 10). Plaintiffs had to overcome this inappropriate objection in order to obtain the averment, and to that extent fees are appropriate.

*Amount of fees*.

Fox argues that Plaintiffs' motion to compel was largely unsuccessful. (ECF No. 156 at 12.) That is simply incorrect. Fox's leading arguments against this discovery consisted of meritless threshold objections, and Plaintiffs overcame those arguments. Fox's arguments

regarding 21CF's averment merit a downward adjustment in the "multiplier" that Plaintiffs have proposed,[2] but that exception is narrow.

Fox also argues that fees should not be awarded because there is no history of discovery violations. (*Id.* at 11-12.) Yet Fox has lodged meritless objections since the outset of this case, forcing Plaintiffs to spend time filing motions for what should have been housekeeping matters. (*See* ECF No. 39 (opposing Plaintiffs' motion to serve document preservation subpoenas); ECF No. 85 (opposing Plaintiffs' motion to amend complaint).) Fox also argues that a fee award would result in acrimony between counsel. (ECF No. 156 at 12.) The same might be said if Fox is allowed to get away with forcing Plaintiffs to spend time compelling discovery responses to which Fox should have responded of its own accord. More importantly, Plaintiffs are confident that if fees are awarded, the parties will conduct themselves professionally going forward.

Fox objects that Plaintiffs are seeking fees for attending the status hearing where the motion to compel was argued. (ECF No. 156 at 14.) They are not. (*See* ECF No. 158 at 6.)

Fox seems to suggest that if Plaintiffs are awarded fees, *it* should be awarded fees on those issues where it prevailed. (ECF No. 156 at 12.) But Fox does not claim that Plaintiffs' grounds for seeking a motion to compel were not substantially justified—and indeed they were. Apportioning fees is therefore inappropriate.

Fox objects that fees for discovery enforcement leading up to the motion to compel are not appropriate because the *Heneghan* case Plaintiffs cited involved enforcement of discovery after a court order. But whether a Rule 37 fees motion involves discovery enforcement before or after a discovery order is irrelevant to the question of whether discovery enforcement fees are

---

[2] An adjustment might be made as follows: multiplying Plaintiffs' "Discovery Enforcement" hours by 0.6 (instead of 0.7) and Plaintiffs' "Motion to Compel" hours by 0.8 (instead of 0.9) would result in fees of $20,954 instead of $23,225. (*See* generally ECF No. 151-1 (fees table).)

merited. *See, e.g.*, *Maxwell v. S. Bend Work Release Ctr.*, No. 3:09-cv-008-PPS-CAN, 2010 WL 4318800, at *5 (N.D. Ind. Oct. 25, 2010) (time spent communicating with opposing counsel is related to a motion to compel, no order at issue); *Knapp v. Evgeros, Inc.*, No. 15-cv-754, 2016 WL 2755452, at *3 (N.D. Ill. May 12, 2016) (awarding fees for hours allocated to communication with client and opposing counsel on motion to compel, no order at issue); *Tanner v. TPUSA, Inc.*, No. 1:12-cv-33 WLS, 2014 WL 4102435, at *1 (M.D. Ga. Aug. 18, 2014) (awarding fees for time spent communicating with opposing counsel).

Fox also objects that the amount of time Plaintiffs' counsel spent on the Motion to Compel is excessive. But Plaintiffs had to conduct legal research to ensure that their position was sound, they had to work back through a large production to gather facts showing that the underlying case had merit, and they had to spend time drafting carefully worded briefs against what they knew would be vigorous opposition by Fox's counsel. That time could have been spent on other matters if Fox had not made meritless objections to Plaintiffs' discovery.

May 8, 2018

Respectfully submitted,

/s/ Alexis G. Chardon

Alexis G. Chardon – ali@weilchardon.com
Stephen H. Weil – steve@weilchardon.com
Weil & Chardon LLC
333 S. Wabash Ave., Suite 2700
Chicago, IL 60604
312-585-7404

Adam J. Pessin – apessin@finekaplan.com
Fine, Kaplan and Black, R.P.C.
One South Broad Street, Suite 2300
Philadelphia, PA 19107
(215) 567-6565

*Attorneys for Named Plaintiffs T.S. and Q.B.*

## **CERTIFICATE OF SERVICE**

  I hereby certify that on May 8, 2018, a true and correct copy of the foregoing was filed electronically. Notice of this filing was sent by operation of the Court's ECF electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

                  /s/ Stephen H. Weil