# Exhibit List

**Exhibit 1.**    (June 27, 2018) OCJ Responses to Plaintiffs' Third Set of Requests for Production

**Exhibit 2.**    (June 29 to July 3, 2018) Discovery enforcement email correspondence

**Exhibit 3.**    (Nov. 17, 2017) Agreed Petition to Authorize the Disclosure of Juvenile Records of Putative Minor Class Members in *Campbell v. City of Chicago* (Ill. Cir. Ct.)

**Exhibit 4.**    (Nov. 29, 2017) Administrative Special Order 2017-13 Re: Access to the Juvenile Law Enforcement and Court Records (Ill. Cir. Ct.)

# Exhibit 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

|  |  |  |
|---|---|---|
| T.S. a minor by and through his guardian, SS, et al. | ) ) ) | No. 16-cv-8303 |
| Plaintiffs, | ) ) ) | The Honorable Rebecca R. Pallmeyer |
| v. | ) ) | Judge Presiding |
| Twentieth Century Fox Television, et al. | ) ) |  |
| Defendants. | ) ) ) |  |

<u>**THE CHIEF JUDGE OF THE CIRCUIT COURT OF COOK COUNTY'S RESPONSES**</u>
<u>**TO PLAINTIFFS' THIRD REQUEST FOR PRODUCTION OF DOCUMENTS**</u>

Defendant, The Chief Judge of the Circuit Court of Cook County, through its attorney,

Illinois Attorney General Lisa Madigan, responds to Plaintiff's Third Request for Production of

Documents as follows:

<u>**DOCUMENT REQUESTS**</u>

1. All documents identified, relied upon, or referenced by you in response to any of Plaintiff's Interrogatories served on you in this matter.

   <u>Answer</u>: See answer to request no. 1 of Plaintiff's Second Request for Production of Documents.

2. All Monthly Master Reports from the Relevant Period, or any other report synthesizing or analyzing data from JTDC which was submitted to the Transitional Administrator, Superintendent, or Chief Judge.

   <u>Answer</u>: Defendant objects to this request as overly broad, irrelevant to any party's claim or defense and disproportional to the needs of the case.

3. All videos referred to in the documents bates-marked CCSAO 09224 ("I have made a list of all the useful videos I could find. Would you like to review them before I move them into the final folder?") (*See also* CCSAO 09226 (similar reference to video).).

1

<u>Answer</u>: Defendant objects to this as irrelevant to any party's claim or defense and disproportional to the needs of the case.

4. Documents summarizing, analyzing, or consolidating pod totals, resident locations, activities, programming for Relevant Period; including but not limited to charts and summaries pertaining to same.

<u>Answer</u>: Defendant objects to this request as overly broad, irrelevant to any party's claim or defense and disproportional to the needs of the case. Defendant further objects as this request is redundant (see, e.g., Plaintiffs' Second Request for Production of Documents nos. 3, 4, 10, 11). Without waiving said objection, see also OAG1549-1611 and DC-5 logs for 5/15 through 9/15.

5. Documents relating or pertaining to resident screening and classification conducted during the Relevant Period, including *but not limited to*:

    a. Committee Meeting Minutes of the Housing Classification and Assignment Committee (*see* Policy 6.09.03 "Housing Classification");
    b. Housing Classification and Assignment Forms (*see* Policy 6.09.03 "Housing Classification");
    c. Transfer Lists;
    d. Monthly Reports relating to inmate screening and classification (*see* Policy 6.09.03 "Housing Classification");
    e. Admissions Checklists (*see* Policy 4.07.06 "Health Screenings");
    f. Nursing Admissions Screenings (*see* Policy 4.07.04, "Suicide Self Prevention");
    g. MAYSI Reports (see Policy 4.07.04, "Suicide Self Prevention"; Policy 5.10.03, "Reception and Orientation");
    h. Other documents related to or created pursuant to procedures referenced in Policy 6.09.03 ("Housing Classification");
    i. Other documents related to or created pursuant to procedures referenced Policy 4.07.04 ("Suicide Self Prevention");
    j. Other documents related to or created pursuant to procedures referenced Policy 4.07.06 ("Health Screenings").

<u>Answer</u>:

    a. Defendant objects to this request as overly broad, irrelevant to any party's claim or defense and disproportional to the needs of the case.

    b. Defendant objects to this request as overly broad, irrelevant to any party's claim or defense and disproportional to the needs of the case.

2

    c.  Defendant objects to this request as overly broad, irrelevant to any party's claim or defense and disproportional to the needs of the case.

    d.  Defendant objects to this request as overly broad, irrelevant to any party's claim or defense and disproportional to the needs of the case.

    e.  Defendant objects to this request as overly broad, irrelevant to any party's claim or defense and disproportional to the needs of the case. Defendant objects further as the information sought is privileged. Without waiving said objections, Defendant possesses no documents responsive to this request.

    f.  Defendant objects to this request as overly broad, irrelevant to any party's claim or defense and disproportional to the needs of the case. Defendant objects further as the information sought is privileged. Without waiving said objections, Defendant possesses no documents responsive to this request.

    g.  Defendant objects to this request as overly broad, irrelevant to any party's claim or defense and disproportional to the needs of the case. Defendant objects further as the information sought is privileged. Without waiving said objections, Defendant possesses no documents responsive to this request.

    h.  Defendant objects to this request as overly broad, irrelevant to any party's claim or defense and disproportional to the needs of the case.

    i.  Defendant objects to this request as overly broad, irrelevant to any party's claim or defense and disproportional to the needs of the case. Defendant objects further as the information sought is privileged. Without waiving said objections, Defendant possesses no documents responsive to this request.

    j.  Defendant objects to this request as overly broad, irrelevant to any party's claim or defense and disproportional to the needs of the case. Defendant objects further as the information sought is privileged. Without waiving said objections, see OAG1595-1598 for the medical and mental health screening processes, in general. Answering further, with respect to individualized screening documents, Defendant possesses no documents responsive to this request.

6. Documents summarizing, analyzing, or consolidating information regarding the classification and screening process during the Relevant Period.

   <u>Answer</u>: Defendant objects to this request as overly broad, irrelevant to any party's claim or defense and disproportional to the needs of the case.

7. "JTDC Policy 10.02," which is referenced in Policy 5.10.03 ("Reception and Orientation"); policies and procedures related to resident health care; and any other JTDC policy in effect during the Relevant Period which has not been produced in this litigation.

<u>Answer</u>: Defendant objects to this request as it is irrelevant to any party's claim or defense and disproportional to the needs of the case.

8. All schedules, timetables, logs, policies, procedures, or other documents reflecting the schedules for the following during the Relevant Period:

    a. The delivery of medication to the residents of the JTDC;

    b. The collection of sick call slips or mental health slips at the JTDC;

    c. The provision of medical care to residents at the JTDC in light of requests made on sick call and mental health slips.

<u>Answer</u>: Defendant objects to this request as overly broad, irrelevant to any party's claim or defense and disproportional to the needs of the case. Defendant objects further as the information sought is privileged. Without waiving said objections, Defendant possesses no documents responsive to this request.

9. Documents reflecting the actual times that:

    a. Medication was delivered to the residents of the JTDC during the Relevant Period;

    b. Sick call slips and mental health slips were collected during the Relevant Period;

    c. Medical care was provided in response to requests made on sick call and mental health slips during the Relevant Period.

<u>Answer</u>: Defendant objects to this request as overly broad, irrelevant to any party's claim or defense and disproportional to the needs of the case. Defendant objects further as the information sought is privileged. Without waiving said objections, Defendant possesses no documents responsive to this request.

10. Documents analyzing, consolidating, logging, or in any way reflecting the actual length of time between when sick call requests and/or mental health requests were authored and/or collected and when medical care was provided response to the requests during the Relevant Period.

<u>Answer</u>: Defendant objects to this request as overly broad, irrelevant to any party's claim or defense and disproportional to the needs of the case. Defendant objects further as the

information sought is privileged. Without waiving said objections, Defendant possesses no documents responsive to this request.

11. Documents, including communications, regarding the provision of medical services during the Filming Periods and any disruptions or changes to normal processes, schedules, and procedures for the same.

Answer: Defendant objects to this request as overly broad, irrelevant to any party's claim or defense and disproportional to the needs of the case. Defendant objects further as the information sought is privileged. Without waiving said objections, other than those documents previously tendered, Defendant possesses no documents responsive to this request.

12. Documents reflecting, summarizing, analyzing, or consolidating information about medication distribution/administration and responses to resident health care and mental health care requests or needs for the Relevant Period.

Answer: Defendant objects to this request as overly broad, irrelevant to any party's claim or defense and disproportional to the needs of the case. Defendant objects further as the information sought is privileged. Without waiving said objections, other than those documents previously tendered, Defendant possesses no documents responsive to this request.

13. Documents regarding the provision of medical services during the Filming Periods and any disruptions or changes to normal processes, schedules, and procedures for the same.

Answer: Defendant objects to this request as overly broad, irrelevant to any party's claim or defense and disproportional to the needs of the case. Defendant objects further as the information sought is privileged. Without waiving said objections, other than those documents previously tendered, Defendant possesses no documents responsive to this request.

/s/ *T. Andrew Horvat*
T. Andrew Horvat
Assistant Attorney General
100 W. Randolph St., 13th Fl.
Chicago, IL 60601
(312) 814-5484
THorvat@atg.state.il.us

## CERTIFICATE OF SERVICE

I, T. Andrew Horvat, hereby certify that on June 27, 2018, I have caused true and correct copies of The Chief Judge of the Circuit Court of Cook County's Responses to Plaintiffs' Third Set of Document Requests as well as OAG1549-1611 to be sent via email to all counsel of record.

/s/ *T. Andrew Horvat*
T. Andrew Horvat
Assistant Attorney General
100 W. Randolph St., 13th Fl.
Chicago, IL 60601
(312) 814-5484
THorvat@atg.state.il.us

# Exhibit 2



Stephen Weil <steve@weilchardon.com>

---

## Re: T.S. v. 20th; OCJ's Answeres to Pl.'s 3rd RFP
1 message

**Stephen Weil** <steve@weilchardon.com>                                                Tue, Jul 3, 2018 at 8:08 AM
To: "Horvat, Timothy" <THorvat@atg.state.il.us>
Cc: Adam Pessin <apessin@finekaplan.com>, Alexis Chardon <ali@weilchardon.com>

Please provide amended responses by this Friday.  I understand that you will soon be on trial, but we did not create this situation--we are quickly running out of time to complete discovery, and the choice to make the boilerplate objections was yours.  If you have actual objections to any of the requests they should not take long to write down.  If you think that will take too long, you can just explain them to me on the phone.

Separately, your June 27 production redacts names from  OAG1549-50.  Please identify the basis for these redactions (i.e., identify the privilege or protection being asserted), as Rule 26(b)(5)(A) requires.


Stephen H. Weil
Weil & Chardon LLC
333 S. Wabash Ave., Suite 2700
Chicago, IL 60604
(o) 312-585-7404
(f)  773-409-2745
(c) 267-240-5585
steve@weilchardon.com
www.weilchardon.com


On Mon, Jul 2, 2018 at 8:38 PM, Horvat, Timothy <THorvat@atg.state.il.us> wrote:
> Steve,
>
> I'm in trial prep most of this week. Trial begins 7/9 and will take the entire week.
>
> I am told that I might receive more documents this week. I'll know for certain by our status Friday. Either way I'll amend my responses to address your concerns and account for any new disclosures - assuming there will be any.
>
> Sent from my iPhone
>
> On Jul 2, 2018, at 5:20 PM, Stephen Weil <steve@weilchardon.com> wrote:
>
>> Andrew,
>>
>> I don't believe any of us heard from you today, or over the weekend.  I'll try you by phone first thing tomorrow.
>>
>> If you agree to amend these responses then no call is necessary; just let me know.  But if you are standing on your responses I'd like to quickly fulfill our LR 37.2 obligations with a call.  Thus if you will be out of the office tomorrow I please let me know how to reach you.  If we are going to be at issue the call will be short, and won't interfere with any travel plans.
>>
>> Best regards,
>>
>> Steve
>>
>>
>> Stephen H. Weil
>> Weil & Chardon LLC
>> 333 S. Wabash Ave., Suite 2700
>> Chicago, IL 60604
>> (o) 312-585-7404

(f)  773-409-2745
(c) 267-240-5585
steve@weilchardon.com
www.weilchardon.com

On Fri, Jun 29, 2018 at 3:00 PM, Stephen Weil <steve@weilchardon.com> wrote:

   Andrew,

   You have made nearly identical objections to RFPs 2, 3, 5(a)-(d) and (h), 6, and 7 that are composed
   solely of boilerplate.   We are willing to engage in a good-faith meet-and-confer, but the first step is for
   you to identify what problems responding to our requests creates for your client.  From these objections
   we have no idea.

   You also don't say whether any responsive materials are being withheld on the basis of these
   objections, which is required under the Rules.  *See* Rule 34(b)(2)(C).

   Please amend your responses to comply with your obligations under the Rules.  If you decline to do so,
   please let us know in advance of the status hearing scheduled for July 6, so that we can prepare to
   bring this to the attention of the Court.

   Best regards,

   Steve



   Stephen H. Weil
   Weil & Chardon LLC
   333 S. Wabash Ave., Suite 2700
   Chicago, IL 60604
   (o) 312-585-7404
   (f)  773-409-2745
   (c) 267-240-5585
   steve@weilchardon.com
   www.weilchardon.com

On Wed, Jun 27, 2018 at 10:10 AM, Horvat, Timothy <THorvat@atg.state.il.us> wrote:

   All, please see the OCJ's answers to Plaintiff's 3rd request for production and accompanying
   documents.


   As for the DC-5 logs, those are being uploaded to disc as they are too large to email.


   *T. Andrew Horvat*

   Assistant Attorney General

   General Law Bureau

   Civil Rights Division

   100 W. Randolph St., 13th Fl.

   Chicago, IL 60601

   312-814-5484

E-MAIL CONFIDENTIALITY NOTICE: This electronic mail message, including any attachments, is for the intended recipient(s) only.  This e-mail and any attachments might contain information that is confidential, legally privileged or otherwise protected or exempt from disclosure under applicable law.  If you are not a named recipient, or if you are named but believe that you received this e-mail in error, please notify the sender immediately by telephone or return e-mail and promptly delete this e-mail and any attachments and copies thereof from your system.  If you are not the intended recipient, please be aware that any copying, distribution, dissemination, disclosure or other use of this e-mail and any attachments is unauthorized and prohibited.  Your receipt of this message is not intended to waive any applicable privilege or claim of confidentiality, and any prohibited or unauthorized disclosure is not binding on the sender or the Office of the Illinois Attorney General.  Thank you for your cooperation.

# Exhibit 3

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**JUVENILE JUSTICE AND CHILD PROTECTION DEPARTMENT,**
**JUVENILE JUSTICE DIVISION**

| | | |
|---|---|---|
| IN THE INTERESTS OF THE PUTATIVE | ) | |
| MINOR CLASS MEMBERS IN | ) | |
| *CAMPBELL* v. *CITY OF CHICAGO*, | ) | CASE NO. 17 JD MISC _____ |
| 17-CV-4467 (N.D. ILL.) | ) | |

---

**AGREED PETITION TO AUTHORIZE THE DISCLOSURE OF JUVENILE RECORDS
OF PUTATIVE MINOR CLASS MEMBERS IN *CAMPBELL v. CITY OF CHICAGO***

Petitioners, counsel for the putative Plaintiff class and sub-class in *Campbell v. City of Chicago*, Case No. 17-cv-4467, currently pending in the United States District Court for the Northern District of Illinois, and with the agreement of the City of Chicago (the "City"), respectfully petition this Court for an order authorizing the City to disclose certain court records and law enforcement records of juveniles, including of putative class members in *Campbell*, which are in the custody and control of the City. In support, Petitioners state as follows:

**I.     BACKGROUND**

1.     On June 14, 2017, Petitioners, on behalf of individual and organizational plaintiffs, and a putative class of similarly situated persons, brought suit against the City of Chicago, alleging a widespread pattern and practice of excessive force by the Chicago Police Department ("CPD"). Petitioners also allege that the City's pattern and practice of unlawful use of force disproportionately affects Black and Latinx individuals. That lawsuit – *Campbell v. City of Chicago* – is currently pending before the Honorable John Z. Lee of the United States District Court for the Northern District of Illinois, Case No. 17-cv-4467.

2.     Petitioners and attorneys for the City of Chicago have held several meet-and-confer conferences concerning the scope of requested discovery and the relevance of various

discovery requests. Some of the documents requested by Petitioners from the City encompass the court and law enforcement records of juveniles, including of putative class members in *Campbell*, that the parties agree may be relevant to the action. These records include, but are not limited to: use of force complaints filed against individual CPD officers by minors and/or their families, use of force and incident reports filed by CPD officers involving minors, arrest reports of minors, and court records pertaining to CPD use of force incidents and arrests.

3.     The requested documents are directly relevant to Petitioners' allegations about a widespread pattern and practice involving the use of excessive force and discriminatory policing by the CPD and City of Chicago, including against youth.

4.     A protective order has been entered in the *Campbell* litigation and is attached hereto (the "Protective Order" or "Order"). *See* Ex. A. Under the Protective Order, any juvenile records released pursuant this Petition will be stamped "Attorneys' Eyes Only" and will not be disseminated for any purpose, or disclosed to any third party, other than those allowed under the Order.

## II.    PETITIONERS SHOULD BE GRANTED ACCESS TO THE JUVENILE COURT RECORDS AND JUVENILE LAW ENFORCEMENT RECORDS THAT ARE RELEVANT TO THEIR CLAIMS.

5.     The court and law enforcement records sought by Petitioners are subject to protection under the Juvenile Court Act of 1987 (the "Act"), 705 ILL. COMP. STAT. 405/1-1 (1987) *et seq*.[1]

6.     The Act mandates that juvenile court records not be accessible except by court order and "upon request by a representative of an agency, association, or news media entity or by

---

[1] The relevant provisions of the Juvenile Court Act at issue in this Petition have recently been amended by a new Public Act 100-285. *See* 2017 Ill. Legis. Serv. P.A. 100-285 (H.B. 3817) (West). However, those revisions do not go into effect until January 1, 2018. Thus, this Petition is brought under the existing standards governing the release of juvenile records.

a *properly interested person*." 705 Ill. Comp. Stat. 405/1-8(C) (emphasis added). The Act similarly requires that law enforcement records of juveniles only be open to inspection or disclosed "by order of the court." 705 Ill. Comp. Stat. 405/1-7(C). In determining whether to allow a moving party to inspect *any* records of a juvenile, the court is directed to consider "the minor's interest in confidentiality and rehabilitation" and "the [moving or requesting] party's interest in obtaining the information." 705 Ill. Comp. Stat. 405/1-7(C)(3), 1-8(C)(0.3).

7.      Petitioners are "properly interested person[s]" for the purposes of the relevant provision of the Act. 705 Ill. Comp. Stat. 405/1-8(C). Courts have interpreted "properly interested person" to be someone who "in good faith . . . believes the records are relevant to the case." *Landon v. Oswego Unit School Dist. #308*, No. 99 C 1803, 2000 WL 33172933, at *1 (N.D. Ill. Feb. 13, 2000); *see also Chatman v. City of Chicago*, No. 13 C 5697, 2014 WL 1813172, at *1 (N.D. Ill. May 5, 2014) (In wrongful death suit, defendants City and officers were "properly interested" parties entitled to decedent's juvenile criminal history, which was relevant to issue of damages). Court records regarding class members' past dealings with the justice system and the police and its accountability systems are directly relevant to Petitioners' allegations concerning the CPD's pattern and practice of excessive force and discriminatory policing.

8.      Importantly, the minors' interests in this case are aligned with Petitioners' interests in obtaining the court and law enforcement records. The requested records may provide evidence of how CPD officers subject youth to excessive force; thus, Petitioners require the requested records to adequately represent their clients and protect their constitutional rights. In short, it is in the minors' interest to have the records disclosed, particularly as they will be maintained confidential under the Protective Order.

9.    This Petition does not present a question of first impression. This court granted a similar petition brought by counsel for a class of individuals, including minors, seeking relief from the CPD's "stop and frisk" policy in *Smith v. City of Chicago*, No. 15-cv-3467 (N.D. Ill.). *See* Ex. B ("Petition for Access to Confidential Records" and accompanying court order). And during the pendency of the investigation by the Department of Justice (the "DOJ") of the CPD, on August 30, 2016, the Juvenile Court issued Administrative Special Order 2016-13, granting the DOJ access to juvenile records from the City. *See* Ex. C. Petitioners, with the agreement of the City of Chicago, request similar relief here.

10.    Petitioners have provided a copy of this Petition to the Assistant State's Attorney in the presiding judge's courtroom in advance of the hearing on the Petition. Copies have also been provided to all counsel who have filed an appearance in the *Campbell* matter.

WHEREFORE, Petitioners respectfully request that this Court grant the agreed Petition, and enter an order authorizing the City of Chicago to disclose and produce in discovery documents that concern youth under the age of 18, which are relevant to the Plaintiffs' claims in *Campbell v. City of Chicago*.

Dated: November 17, 2017          Respectfully submitted,

_____    _____

*Counsel for the City of Chicago*       *Counsel for Petitioners*

Jeffrey Schieber, No. 6300779        Alexa Van Brunt, No. 6301074
Taft Stettinius & Hollister LLP        MacArthur Justice Center
111 East Wacker                Northwestern University School of Law
Suite 2800                    375 East Chicago Avenue
Chicago, IL 60601             Chicago, IL 60611
Tel: (312) 527-4000           Tel: (312) 503-1336
Fax: (312) 527-4011          Fax: (312) 503-1272

## **PROOF OF SERVICE**

The undersigned, an attorney, does hereby certify and swear that copies of the above were served on the parties in the attached service list via email and by U.S. Mail on November 17, 2017.

_____
*Counsel for the Petitioners*

## SERVICE LIST

Sheila A. Bedi
Alexa Van Brunt
Vanessa del Valle
Locke Bowman
MacArthur Justice Center
Northwestern Pritzker School of Law
375 E. Chicago Avenue
Chicago, Illinois 60611
(312) 503-1336

Brandon Schiller
April Preyar
Shiller Preyar LLC
601 S. California Avenue
Chicago, Illinois 60612
(312) 226-4590

Jeanette S. Samuels
Samuels & Associates, Ltd.
3440 S. Cottage Grove, #504
Chicago, Illinois 60616
(872) 588-8726

Thomas J. Moloney
Roger A. Cooper
Jared Gerber
Nefertiti J. Alexander
Heather K. Suchorsky
Matthew M. Karlan
Cleary Gottlieb Steen & Hamilton LLP
One Liberty Plaza
New York, New York 10006
(212) 225-2000

*Counsel for Campbell Plaintiffs*

Allan T. Slagel
Heather Ann Jackson
Jeffrey M. Schieber
Taft Stettinius & Hollister LLP
111 E. Wacker Dr.
Ste. 2800
Chicago, IL 60601
(312) 527-4000

*Counsel for City of Chicago*

Craig Futterman
Randolph N. Stone
Mandel Legal Aid Clinic
University of Chicago Law School
6020 S. University Avenue
Chicago, Illinois 60637
(773) 702-9611

Andrew M. Stroth
Carlton Odim
Action Injury Law Group
191 North Wacker Drive, #2300
Chicago, Illinois 60606
(312) 977-1300

Cannon Lambert, Sr.
Karchmar & Lambert, P. C.
211 W. Wacker, Ste. 1400
Chicago, Illinois 60606
(312) 977-1300

Emmanuel Andre
Northside Transformative Law Center
1543 W. Morse, 2nd Floor
Chicago, Illinois 60626
(312) 219-6544

# Exhibit 4

# IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## CHILD PROTECTION AND JUVENILE JUSTICE DEPARTMENT
## JUVENILE JUSTICE DIVISION

## ADMINISTRATIVE SPECIAL ORDER 2017-13

## RE:  ACCESS TO THE JUVENILE LAW ENFORCEMENT AND COURT RECORDS

WHEREAS, Petitioners, acting on behalf of a putative class and sub-class, have filed the lawsuit *Campbell v. City of Chicago,* Case No. 17-cv-4467, currently pending in the United States District court for the Northern District of Illinois, alleging that the City of Chicago (the "City"), acting through the Chicago Police Department ("CPD"), engages in a pattern of excessive use of force, including deadly force, and other misconduct that disproportionately harms Chicago's Black and Latinx residents;

WHEREAS, the City collects and documents the data regarding the use of force by CPD members and officer misconduct;

WHEREAS, the information collected and documented by CPD concerns both persons over and under the age of eighteen (18), including their identity at the time of the incident;

WHEREAS, Petitioners and the City agree that the juvenile law enforcement records related to the use of force and officer misconduct may be relevant for purposes of both prosecuting and defending this lawsuit;

WHEREAS, the parties recognize and seek to ensure compliance with 705 ILCS 405/1-7(c) and 705 ILCS 405/5-905(5) of the Illinois Juvenile Court Act, which mandates the confidentiality of juvenile law enforcement records;

WHEREAS, the parties have entered into an *Agreed Protective Order* approved by the District Court of the Northern District of Illinois on November 17, 2017 (the "Order"), which restricts the Petitioner's use of confidential materials produced by CPD and the City;

**THEREFORE, EFFECTIVE IMMEDIATELY, IT IS HEREBY ORDERED THAT:**

1.  The City is authorized to disclose and produce pursuant to the City's discovery obligations in *Campbell v. City of Chicago,* Case No. 17-cv-4467, all relevant and responsive data regarding the use of force and officer misconduct for persons under the age of eighteen for the relevant time period, subject to the conditions set forth in paragraph 2 below.

2.  All juvenile law enforcement records shall be kept confidential by the parties pursuant to the *Agreed Protective Order* and shall not be disclosed by the parties or otherwise used for any purpose whatsoever other than as provided for in the Order entered in *Campbell v. City of Chicago*, Case No. 17-cv-4467, (Dkt. 128, entered November 17, 2017).

Entered this 29th day of November, 2017 and spread upon the records of the Court.

Entered: _____

Michael P. Toomin
Presiding Judge
Juvenile Justice Division