IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| T.S. *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>Twentieth Century Fox Television *et al.*,<br><br>Defendants. | Case No. 1:16-cv-08303<br><br>Hon. Rebecca Pallmeyer |

**PLAINTIFFS' MOTION TO COMPEL
DISCOVERY RESPONSES FROM COOK COUNTY**

Plaintiffs hereby move the Court for an order compelling defendant Cook County to respond to several requests in Plaintiffs' Third Set of Requests for Production ("RFPs").[1] The RFPs, and the County's responses to them, are attached hereto as **Exhibit 1**.

This discovery involves a request for documents that will reveal certain, limited medical information about numerous members of the putative class. The dispute about this discovery largely involves a question that the Court already answered: whether the existing Confidentiality Order (ECF 125) permits the disclosure of information that would otherwise require a personal waiver.

At the July 17, 2018 hearing on Plaintiffs' motion to compel discovery from the Office of the Chief Judge, the Court held from the bench that because a protective order was in place, such

---

[1] *Local Rule 37.2 Statement*. Pursuant to Local Rule 37.2, Counsel for Plaintiff attempted to resolve this discovery dispute through informal discovery enforcement. This included multiple email communications and a telephone conference between Stephen Weil and Danielle Mikhail on September 14, 2018. The parties were able to resolve and narrow the discovery dispute at issue, but ultimately they were not able to resolve it. This motion follows.

1

information could be disclosed. And indeed, that is the law. Nevertheless, the County refuses to disclose such information to Plaintiffs, claiming (1) that the information is irrelevant to Plaintiffs' allegations, and (2) that privacy laws prevent disclosure of this information without a waiver. Both these arguments fail, as Plaintiffs have explained to the County multiple times.

Plaintiffs therefore request that the Court order the County to respond.

## BACKGROUND

Plaintiffs allege that sick call slips usually received prompt attention, but did not during the *Empire* filming. (*See* Second Amended Complaint, ECF 88 ¶¶ 43, 47(c), 48(d).) Documents produced discovery indicate that nurses make daily rounds to pods to collect sick call request slips, and then record the resolution of the requests in a log:

[Image of sick call log table with columns: RESIDENT NAME, DOB, POD, COMPLAINT, DATE REC'D, RESP DATE, NSG. Protocol, CLINIC REFERRAL, RESOLVED w/o Tx, DENTAL REFERRAL, MH REFERRAL, Nurse Initials]

Check-marks in the produced logs indicate that that the nurse deals with some sick call requests (or aspects of a request) on the spot (*i.e.* "NSG. Protocol"), but refers other requests (or aspects thereof) for further attention by other medical professionals (*i.e.* "Clinic Referral," "Dental Referral," "MH Referral").

2

In the discovery at issue (as narrowed through the meet-and-confer process, *see* **Exhibit 2** at Sept. 10, 2018 email from S. Weil to D. Mikhail), Plaintiffs requested documents sufficient to show how long it took for these referrals to occur. Of necessity, this requires disclosing the names of the detainees on both the nursing logs and on the documents that show when the referral appointment occurred, because in order to determine how long it took for the referral, Plaintiffs must link the detainee in each of the two documents.

The County does not object that this request is unduly burdensome or overbroad. Instead, the County makes two objections. First, it argues that the information is irrelevant, because it does not concern any of Plaintiffs' allegations. Second, the County claims that it is forbidden by health privacy laws from disclosing the requested records unless it receives a written waiver from each detainee listed—an impossible task, since the records likely involve several hundred sick call requests, and there is no reason to believe that any of the children who filed the requests are still housed at the JTDC. The County has therefore refused to respond.

## ARGUMENT

As set out below, the County's relevance argument and its medical-privacy argument are wrong. This discovery is relevant to Plaintiffs' claims in this case, and with the Confidentiality Order already in place, its disclosure is permitted.

1. **Relevance.**

The County contends that the information sought by Plaintiffs is irrelevant because "Plaintiffs' allegations regarding any medical inquiry is limited to the timeliness of responding to sick requests. The nature and details of any medical visit by each patient is therefore irrelevant." (*See* **Exhibit 2** at Sep. 24, 2018 email from D. Mikhail to S. Weil.) This position is a nonstarter. What the County seems to be saying is, Plaintiffs' allegation that there was a delay in responding

3

to sick call requests is confined to the question of whether there was a delay in a nurse *picking up the sick call requests*—not whether there was a delay in providing the medical attention that was called for by the problem the sick call requests identified. That is nonsense. An appointment with a medical professional is plainly a component of responding to a sick call request—indeed, such referrals likely concern the more serious medical needs that the sick call requests identified. Any such delays are part of this case.

2. **Health information privacy.**

The County's claim that it requires a waiver to disclose each detainee's health information is flatly incorrect. As Plaintiffs' counsel has explained to the County numerous times, the existing Confidentiality Order in this case (ECF 125) annuls that requirement.

*First*, the County claims that it is prohibited from disclosing the information by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"). Under generic circumstances HIPAA forbids "covered entities" like the County from disclosing an individual's health information without a waiver. However, as Plaintiffs have pointed out to the County repeatedly, HIPAA's enabling regulations create an exception to this requirement in the case of subpoenas or discovery that are governed by an appropriate protective order—like the one governing this case.

Specifically, 45 C.F.R. § 164.512 provides that "[a] covered entity may use or disclose protected health information ***without the written authorization of the individual***" in several enumerated circumstances. Among these circumstances, Section 164.512 provides that "[a] covered entity may disclose protected health information in the course of any judicial or administrative proceeding . . . . [i]n response to a . . . discovery request" if the request is made pursuant to a protective order that:

4

>    (A) Prohibits the parties from using or disclosing the protected health information for any purpose other than the litigation or proceeding for which such information was requested; and
>
>    (B) Requires the return to the covered entity or destruction of the protected health information (including all copies made) at the end of the litigation or proceeding.

45 C.F.R. §§ 164.512(e)(1)(ii)(B); (e)(1)(v)(A) & (B).

The discovery in this case is governed by just such a protective order. The Confidentiality Order (ECF 125) governing discovery in this case:

>    (1)  treats "medical information concerning any individual" as Confidential Information subject to the order (ECF 125 ¶ 2(d));
>
>    (2)  provides that "Confidential Information shall not be used or disclosed . . . for any purpose whatsoever other than in this litigation," (*Id.* ¶ 5(b)); and
>
>    (3)  requires that, upon the conclusion of the litigation, the Confidential Information must be returned to the disclosing party or destroyed. (*Id.* ¶ 14.)

These terms precisely satisfy the HIPAA exception set out in Section 164.512(e)(1)(v). Plaintiffs have repeatedly pointed out this fact to the County and have asked counsel for the County to explain how or why HIPAA nonetheless prohibits the County's response to discovery, but the County has not done so. There is no such prohibition. Under Section 164.512 the terms of the Confidentiality Order make HIPAA's waiver requirement inapplicable in this case.

*Second*, the County points to *Shull v. Ellis*, 15 L 9759 (Cir. Ct. Cook Cty. July 25, 2017), a recent order by the Cook County Circuit Court which held that the disclosure of certain medical information in insurance litigation required waivers under Illinois privacy law. (The *Shull* order attached hereto as **Exhibit 3**.)

State evidentiary privileges do not govern cases like this one, a federal-question suit in federal court. *See Nw. Mem'l Hosp. v. Ashcroft*, 362 F.3d 923, 925 (7th Cir. 2004). Even if the evidentiary issue in *Shull* did apply, though, it is simply not relevant to this litigation. As Judge Erlich explains in *Shull*'s opening paragraph, the issue in *Shull* involved a conflict between

5

"HIPAA" protective orders like the Confidentiality Order in this case—which limit use of health information to the litigation at hand, and require its destruction afterwards—and separate Illinois insurance regulations, which require insurers to preserve all healthcare information they receive for a certain number of years, and thus contradicted the HIPAA protective orders' "destruction" requirement. That conflict created the problem the *Shull* opinion sought to resolve.

As Plaintiffs have repeatedly explained to the County, no such problem exists here. The Confidentiality Order in this case requires destruction of all Confidential Information, including health information, after the conclusion of this litigation. There is no other rule or law mandating that this information should otherwise be preserved or used outside the litigation. *Shull* is thus simply irrelevant here. Plaintiffs have repeatedly asked the County to explain why *Shull* should matter here, and the County has not done so.

## CONCLUSION

Plaintiffs seek to prove their allegation that while sick call slips were normally answered promptly, but during the *Empire* filming they were not. The discovery at issue here is reasonably targeted to proving up that allegation. And in light of the Confidentiality Order governing discovery in this case, there are no medical privacy laws preventing the County from disclosing the information that Plaintiffs have requested.

For the foregoing reasons, Plaintiffs respectfully request that the Court order Cook County to produce the documents requested herein.

\*     \*     \*

October 4, 2018                                              Respectfully Submitted,

                                                             /s/ Stephen H. Weil

Stephen H. Weil – steve@weilchardon.com     Adam J. Pessin – apessin@finekaplan.com
Alexis G. Chardon – ali@weilchardon.com       Fine, Kaplan and Black, R.P.C.
Weil & Chardon LLC                                One South Broad Street, Suite 2300
333 S. Wabash Avenue, Suite 2700              Philadelphia, PA 19107
Chicago, IL 60604                                       (215) 567-6565
(312) 585-7404

Terrence Garmey – tgarmey@garmeylaw.com
Terry Garmey & Associates
482 Congress Street, Suite 402
Portland, ME 04101
(207) 331-3111

*Attorneys for Named Plaintiffs T.S. and Q.B.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 4, 2018, a true and correct copy of the foregoing was filed electronically. Notice of this filing was sent by operation of the Court's ECF electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

/s/ Stephen H. Weil