IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| T.S. *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> Twentieth Century Fox Television *et al.*, <br><br> Defendants. | Case No. 1:16-cv-08303 <br><br> Hon. Rebecca R. Pallmeyer |

**NAMED PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO COMPEL
DISCOVERY FROM THE FOX DEFENDANTS AND WITNESS BRADY BREEN**

In support of Plaintiffs' motion to compel (ECF 197), Plaintiffs here respond briefly to the arguments raised in the Fox Defendants' amended opposition brief (ECF 204).

- **Out-of-context quote regarding merits discovery**. Fox's leading argument appears to be a version of waiver: because Plaintiffs' counsel expressed satisfaction with Fox's merits responses as of the August 29, 2018 status hearing, Plaintiffs are precluded from enforcing the discovery at issue in the current motion. (ECF 204 at 1.) The discovery at issue in this motion was served on August 1, responses were due August 31, and Fox responded on September 7. (*See* ECF 197-1 Ex. 2.) Fox cannot seriously contend that on August 29 Plaintiffs were expressing satisfaction with merits discovery responses they had not yet seen.

- **Discovery of the "neighbors" payments**. In opposition to discovery of the "neighbors" payments Fox provides a convoluted description of *how* neighbor payments are made, and repeat its mantra that nothing outside Episodes 201 and 202 is discoverable in this case. (ECF 204 at 1-2.) Neither of these "arguments" actually confronts Plaintiffs' explanation of the relevance of the "neighbors" payments, which show that it was Fox's common experience

1

that its filing disrupted third parties. (ECF 197 at 2-4.) Fox also claims that providing responsive information "presents a burden," (ECF 204 at 2), but it makes no effort to explain what that burden would be—and in light of its well organized, computerized records, the claim is simply not credible.

- **DGA code of conduct**. Counsel for Mr. Breen contends that "the" DGA code of Conduct is available online. (ECF 204 at 3.) The link that Mr. Breen's counsel cites, however, contains guidelines for other matters, such as intellectual property rights. None of the guidelines reflect the document Mr. Breen described at his deposition, which contained guidelines for conduct of crews filming on location. (*See* ECF 197 at 6 (describing Mr. Breen's testimony).) If Mr. Breen or his counsel are unwilling to comply with the subpoena *duces tecum*, Plaintiffs should be given leave to subpoena DGA for this document.

- **Discovery about Fox's economic motivation**. Fox repeats its objection that Plaintiffs should not be allowed to discover the cost of building a set or the costs of other locations. Notably, though, Fox does not disagree that the rental costs offered by the County were a bargain, nor does it disagree that when it chose the JTDC, it had run out of other locations to film Episode 201 and 202's "prison" scenes. Both those facts go to Fox's strong economic motivation to avoid extra costs by renting out the JTDC.

This motivation goes to the likelihood that Fox was willing to film at the JTDC despite the impact on detainees. Fox emphasizes that it ended up paying more for the filming at the JTDC than it had expected (ECF 204), but that is precisely the point: when Fox eventually got the bill, Brady Breen expressed "sticker shock" at the price, and complained that it was "twice" what Fox had expected to pay. (Bates CCSAO 8381-84.) When Fox was *choosing* to rent out the JTDC, it thought it was getting a windfall.

2

- **Punitive damages discovery**. Fox claims that because Fox is so large, its net worth would not be relevant. (ECF 204 at 5.) That argument is utterly unsupported. As a general matter Fox returns to the *dicta* in *Zazu Designs*, even though the decision is irrelevant to Plaintiffs *state law* claims, and even though the overwhelming majority of decisions of this Court in particular have recognized it as *dicta*. As Judge Shadur put it after summarizing this case law, "[i]n sum, absent further clarification from our Court of Appeals itself, this Court joins the healthy number of its colleagues who have held that a corporate defendant's economic position is relevant to punitive damages determinations under federal law." *Isbell v. John Crane, Inc.*, 74 F. Supp. 3d 893, 899 (N.D. Ill. 2014) (collecting Northern District of Illinois decisions). Plaintiffs do not object to holding this discovery in abeyance, but will only agree to do so if (1) Fox is obligated to respond to the punitives discovery promptly upon Plaintiffs' survival of a motion for summary judgment, and (2) if Fox is subject to any further, prompt discovery necessary to establish the punitives information that Plaintiffs seek here.

October 17, 2018

Respectfully Submitted,

/s/ Stephen H. Weil

Stephen H. Weil – steve@weilchardon.com
Alexis G. Chardon – ali@weilchardon.com
Weil & Chardon LLC
333 S. Wabash Avenue, Suite 2700
Chicago, IL 60604
(312) 585-7404

Adam J. Pessin – apessin@finekaplan.com
Fine, Kaplan and Black, R.P.C.
One South Broad Street, Suite 2300
Philadelphia, PA 19107
(215) 567-6565

Terrence Garmey – tgarmey@garmeylaw.com
Terry Garmey & Associates
482 Congress Street, Suite 402
Portland, ME 04101
(207) 331-3111

*Attorneys for Named Plaintiffs T.S. and Q.B.*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on October 17, 2018, a true and correct copy of the foregoing was filed electronically. Notice of this filing was sent by operation of the Court's ECF electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

                                                      /s/ Stephen H. Weil