UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| T.S. *et al.*,<br><br>    Plaintiffs.<br><br>  v.<br><br>Twentieth Century Fox Television, a division of Twentieth Century Fox Film Corporation et al.,<br><br>    Defendants. | Case No. 1:16-cv-08303<br><br>Hon. Rebecca R. Pallmeyer |

**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO EXCEED PAGE LIMIT
AND OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE**

  Plaintiffs misapprehend Defendants' pending motion. The only request Defendants have made of this Court is to allow them to file a Joint Motion to Deny Class Certification that exceeds the Local Rule's 15-page limit. Defendants certainly do not expect to argue the substance of their Motion to Deny Class Certification at tomorrow's status conference. Defendants expect Plaintiffs to propose a reasonable briefing schedule with respect to Defendants' Motion to Deny Class Certification. If Plaintiffs believe they require more discovery in order to oppose the motion, they can meet-and-confer regarding that discovery and, if the parties cannot agree, they can request relief from the Court. Time for such discovery can be built into the briefing schedule.

  To be clear, however, Defendants' proposed Motion to Deny Class Certification is <u>not</u> in the nature of a pleading-stage motion to strike class allegations brought pursuant to Rule 12. This case is more than two years old; the deadline for written discovery expired on August 31, 2018; and Defendants have deposed the plaintiffs. Nor is Defendants' proposed motion one for summary judgment. The question posed in Defendants' Motion to Deny Class Certification is

1

not whether Plaintiffs have adduced sufficient evidence to proceed with their individual claims (although they have not), but instead whether Plaintiffs can satisfy the Rule 23(a) factors of commonality, typicality, and adequacy, and whether their claims involve predominantly common questions, as is necessary to satisfy Rule 23(b)(3). Defendants' motion demonstrates they cannot and do not.

The law and precedent in this District and Circuit make clear that Defendants, at this stage of the litigation, may initiate the Rule 23 process and seek a determination that Plaintiffs cannot satisfy the requirements of that Rule. *See, e.g., Alpha Tech Pet Inc. v. Lagasse, LLC*, Nos. 16 C 513 & 16 C 4321, 2017 WL 5069946, at *2 (N.D. Ill. Nov. 3, 2017) ("[U]nder Fed. R. Civ. P. 23(c)(1), either party may ask the court to determine whether class certification is appropriate."). This case has proceeded quite long enough, and the discovery record is quite clear enough, for the Court to determine that this case cannot possibly be maintained as a class action.

If Plaintiffs can demonstrate otherwise, the proper method to do so is in an opposition brief with appropriate record citations. Only through comparing actual evidence can the Court conduct the "rigorous analysis" Rule 23 requires. *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011). Plaintiffs' Motion to Strike instead weaves a tale, devoid of evidentiary citations and instead based solely on the allegations of their Second Amended Complaint ("Complaint"), about supposedly common impacts of *Empire*'s filming at the Juvenile Temporary Detention Center ("JTDC"). The problem for Plaintiffs, however, is that *their own deposition testimony* is entirely inconsistent with what their Complaint alleges. Those inconsistencies are set forth in great detail in Defendants' proposed Motion to Deny Class Certification, each with evidentiary proof.

As just one example, Plaintiff T.S. gave both written discovery answers and deposition testimony. He was asked in both to identify *all* medical requests he made during *Empire* filming. As Defendants show in the proposed motion, the only requests T.S. could identify was the one Plaintiffs now admit was a joke, seeking surgical circumcision for his assertedly too-large penis, and occasional headache complaints to which he said the JTDC appropriately responded. *See* Proposed Brief at 15. According to Plaintiffs' Motion to Strike (at 7), however, T.S. plans now to invent new medical requests that contradict his deposition testimony. It is too late for this improper maneuver. Under clear Seventh Circuit precedent, as explained in Defendants' proposed motion, neither T.S. nor Q.B. can represent a class claiming deprivation of medical care.

Equally untrue are Plaintiffs' sudden claims that Q.B.'s grandmother was turned away from a single visit with Q.B. because of "overcrowding," as opposed to a disciplinary issue affecting Q.B. specifically. Q.B.'s grandmother testified that on the occasion when she was turned away by a JTDC guard, she did not remember seeing other family members in the waiting area when she arrived. She also said she was turned away only after she said who she was at the JTDC to visit. Plaintiffs' brief similarly ignores the testimony of T.S.'s mother, who contradicted everything Plaintiffs' complaint alleged about her own supposedly impacted visit, from the amount of time she had to wait to whether she saw *Empire* cast or crew members leaving the facility (she did not). *See* Proposed Brief at 11.

Plaintiffs' testimony, as set forth in Defendants' proposed motion, is just one of many reasons this case has become ripe for a determination as to Plaintiffs' ability to represent a class. As Defendants explain in the Proposed Brief (at 5), defense-initiated challenges are commonplace and well accepted. In asking this Court to prevent Defendants from even filing their motion, Plaintiffs badly mischaracterize *Van v. Ford Motor Co.*, No. 14 CV 8708, 2018 WL

3

4635649 (N.D. Ill. Sept. 27, 2018), which does not support their position as they claim. In *Van*, Judge Dow denied a *plaintiff-initiated* motion for class certification, without prejudice, for several reasons, including that the plaintiffs' claims appeared atypical and that the plaintiffs' counsel had not demonstrated adequacy. The defendant also filed a motion, after Plaintiffs', seeking to deny class certification because it claimed it had offered a remedy equivalent to what the class was seeking. Judge Dow disagreed with the defendant's assertion and therefore denied the motion. Judge Dow did not say that further discovery was necessary, and the court sternly advised the plaintiffs that although it would allow another attempt, the next argument for class certification would be their last.

Plaintiffs also mischaracterize Judge St. Eve's ruling in *Toney v. Quality Resources, Inc.*, 75 F. Supp. 3d 727, 739 (N.D. Ill. 2014). *Toney* involved a pleading-stage challenge to class allegations as part of a larger motion to dismiss, and Judge St. Eve held the class allegations to have been adequately pleaded. *Toney* was not a case, like this one, where discovery had advanced sufficiently to permit a full Rule 23 inquiry. *Pruitt v. Personal Staffing Group, LLC*, No. 16 C 5079, 2016 WL 6995566 (N.D. Ill. Nov. 30, 2016), also was an inapposite pleading-stage challenge. Defendants' motion, by contrast, comes at the end of written discovery and after the plaintiffs have been deposed.

Rule 23 imposes a heavy burden, and discovery has shown Plaintiffs cannot meet it. No good cause exists to deny Defendants the ability to file the Motion to Deny Class Certification they have proposed. If Plaintiffs have an answer to that motion, let them present it on a reasonable schedule. If Plaintiffs' complaint is that Defendants' motion would deprive them of the last word, Defendants would not object to a sur-reply, if the Court believes one would be appropriate. Defendants' only wish here is for a prompt determination of what has become inevitable: This case is not viable as a class action.

4

## CONCLUSION

For the reasons stated above, Defendants request that the Court allow Defendants' Motion to Exceed Page Limit and deny Plaintiff's Motion to Strike.

Date: October 17, 2018

        Respectfully Submitted,

        KIMBERLY M. FOXX
        State's Attorney of Cook County

        By: */s/ Danielle Mikhail*
            Danielle Mikhail
            Anthony E. Zecchin
            Allyson Lynn West
            Cook County State's Attorney's Office
            500 Daley Center
            50 West Washington
            Chicago, IL 60602
            312-603-3368
            anthony.zecchin@cookcountyil.gov
            danielle.mikhail@cookcountyil.gov
            allyson.west@cookcountyil.gov

        *Attorneys for Defendant the County of Cook, Illinois*

        By: */s/ Joi Kamper*
            Joi Kamper
            Lyle Kevin Henretty
            Cook County State's Attorney
            69 W Washington, Suite 2030
            Chicago, IL 60602
            312-603-1434
            joi.kamper@cookcountyil.gov
            lyle.henretty@cookcountyil.gov

        *Attorneys for Defendant Leonard Dixon*

By: */s/ T. Andrew Horvat*
T. Andrew Horvat
Illinois Attorney General's Office
General Law Bureau
100 West Randolph Street
13th Floor
Chicago, IL 60601
312-814-5484
THorvat@atg.state.il.us

*Attorney for The Chief Judge of the Circuit Court of Cook County in his official capacity*


By: */s/ Jeffery Jacobson*
Jeffrey S. Jacobson
Kelley Drye & Warren LLP
101 Park Ave
New York, NY 10178
212-808-5145
jjacobson@kelleydrye.com
Matthew C. Luzadder
Catherine E. James
Janine N. Fletcher-Thomas
Kelley Drye & Warren LLP
333 West Wacker Drive
Suite 2600
Chicago, IL 60606
312-857-7070
mluzadder@kelleydrye.com

*Attorneys for the Fox Defendants*

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney, certifies that the foregoing Defendants' Reply in Support of Motion to Exceed Page Limit and Response to Motion to Strike was served on all counsel of record pursuant to the Court's ECF system on this 17th day of October, 2018.

By: */s/ Danielle Mikhail*
Danielle Mikhail
Anthony E. Zecchin
Allyson Lynn West
Cook County State's Attorney's Office
500 Daley Center
50 West Washington
Chicago, IL 60602
312-603-3368
anthony.zecchin@cookcountyil.gov
danielle.mikhail@cookcountyil.gov
allyson.west@cookcountyil.gov