**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| T.S., *et. al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 16-cv-8303 |
| | ) | |
| TWENTIETH CENTURY FOX | ) | Hon. Rebecca Pallmeyer |
| TELEVISION , *et. al.* | ) | |
| | ) | |
| Defendant. | ) | |

<u>**DEFENDANT COOK COUNTY'S RESPONSE IN OPPOSITION TO
PLAINTIFFS' MOTION TO COMPEL**</u>

NOW COMES Defendant, COOK COUNTY ("County"), by its State's Attorney, KIMBERLY M. FOXX, through her Assistant State's Attorney, Danielle Mikhail, and for its response in opposition to Plaintiffs' Motion to Compel Discovery Responses from Cook County ("Motion"), states as follows:

Plaintiffs moved to compel the County to provide Cook County Juvenile Temporary Detention Center ("JTDC") scheduling logs of certain detainees who were referred to the medical, dental, or mental health clinics. (Docket 195). These scheduling logs contain personal health information ("PHI") of the detainees listed on the schedule. Simply put, Plaintiffs' Motion should be denied for three reasons: 1.) Plaintiffs misunderstand the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") and are requesting documents that the County currently has no consent to produce; 2.) PHI of individual detainees is completely irrelevant to Plaintiff's cause of action; and 3.) Plaintiffs' motion is procedurally improper as there has been no formal discovery request by Plaintiffs for the documents in question.

1

**A. County's Production of the Scheduling Logs would be a Violation of the Health Insurance Portability and Accountability Act of 1996 ("HIPAA")**

Contrary to Plaintiffs' Motion, the main objection by County is the potential HIPPA violations that would occur should County produce the documents in question. The documents Plaintiffs are seeking are the scheduling logs of the medical, dental, and mental health clinic. Once a detainee has submitted a Health Service Request Form, that detainee is assessed by a nurse and, should the detainee require more specialized treatment that cannot be provided on site, the nurse would refer that detainee to one of the three clinics. Those detainees referred to the medical or dental clinic would then be put on the scheduling log to receive an appointment at the designated clinic.[1] These scheduling logs list, among other things, the detainee's name, date they were seen at the clinic, and the reason for their visit. The "reason for visit" section contains protected medical information ("PHI") of that detainee. Plaintiffs have not obtained any written HIPAA waivers from the detainees to disclose their PHI. As such, the County has no consent or authority to turn over the schedule logs as they contain PHI on various detainees.

Plaintiffs present with a fundamental misunderstanding of the County's, and their own, obligations under HIPAA. The Privacy Rule issued by the U.S. Department of Health and Human Services to implement HIPPA outlines standards that address the disclosure of individuals' health information. The Privacy Rule protects all individually identifiable health information, or PHI. 45 C.F.R. § 160.103. Health care providers subject to the HIPAA Privacy Rule include all "providers of services." The County, which is a "provider of services," would be considered a covered entity subject to the requirements of HIPAA. Any entity covered by HIPAA, such as the County, may not use or disclose individuals' PHI, except either: 1.) as the

---

[1] There is no such scheduling log for the mental health clinic as the "team members" in the mental health clinic are assigned to individual detainees requests as they come in on a needed basis. Therefore, there exists no such document that Plaintiff is requesting in regards to mental health appointments.

Privacy Rule permits or requires; or 2.) as the individual, or his personal representative, authorizes in writing. 45 C.F.R. § 164.502(a).

Plaintiffs argue that despite a lack of authorization from the individual detainees, pursuant to 45 C.F.R. § 164.512, the County nonetheless should disclose detainees PHI because it is sought in response to a discovery request. (*See* Docket 195, p. 4-5). However, contrary to Plaintiffs' interpretation, § 164.512 provides that PHI may only be disclosed if, in response to discovery requests, the covered entity "receives satisfactory assurance … that reasonable efforts have been made by such party to ensure that the individual who is the subject of the [PHI] that has been requested *has been given notice* of the request, or … *that reasonable efforts have been made by such party to secure a qualified protective order* that meets [the requirements of 45 C.F.R. § 164.512(e)(v)]. *See* 45 C.F.R. § 164.512(e)(1)(ii). To evaluate whether the County has received satisfactory assurance, the Court should look to 45 C.F.R. § 164.512(e)(1)(iii), which provides that a covered entity receives satisfactory assurances from a party seeking protecting health information if:

> (A) The party requesting such information has made a good faith attempt to provide written notice to the individual…;
>
> (B) The notice included sufficient information about the litigation or proceeding in which the protected health information is requested to permit the individual to raise an objection to the court or administrative tribunal; and
>
> (C) The time for the individual to raise objections to the court or administrative tribunal has elapsed, and:
>
> > (1) No objections were filed; or
> >
> > (2) All objections filed by the individual have been resolved by the court or the administrative tribunal and the disclosures being sought are consistent with such resolution. 45 C.F.R. § 164.512(e)(1)(iii).

None of the individual detainees in this case from whom Plaintiffs seek PHI have received timely, actual notice of Plaintiffs request for their medical information. None of these detainees are even on notice of this proceeding. Further, beyond requiring a good-faith attempt to provide notice to the individual, 45 C.F.R. § 164.512(e)(1)(iii)) also requires that the individual has not raised objections to the request for disclosure. Section 164.512(e)(1)(iii) anticipates that an individual may raise objections to disclosure of his or her PHI. For that reason, it requires a demonstration of efforts to notify the individual before permitting disclosure in response to a discovery request. Here, whether the County may disclose the PHI sought by Plaintiffs without running afoul of HIPAA requirements is contingent, in part, upon the resolution of any objections raised by the individual detainees. Resolution of the individual detainees' objections to disclosure of their PHI, if any, cannot occur unless written notice is provided to those detainees. Plaintiffs have not established that any notice at all was given to the detainees of their request or of this proceeding. Thus, their Motion to Compel is premature.

The overarching problem is that Plaintiffs misconstrue the issue at play with HIPPA altogether. HIPPA is an *individual*, personal right. Section 164, Subpart E of Title 45 of the Code of Federal Regulations highlights that by repeatedly deferring to the individual's consent, waiver, acknowledgement, and/or notice of what is going on with their PHI. This individual right that trumps Plaintiffs request of County as it is not the County's right in the first place. Individuals cannot waive rights "implicitly" when they have no actual knowledge of the lawsuit in which their medical information may be disclosed. *See* 45 C.F.R. § 164.512(e)(1)(iii). The very principle behind HIPAA is that all individuals are given the chance to "opt out" of disclosing their confidential information. *See* 45 C.F.R. § 164.510. Until the individuals are presented with that option to "opt out," none of their personal health information should be disclosed. *See Id.*

Filing a class action does not alleviate the problem of potential embarrassment and shame individuals will face in disclosing their PHI to identify with a class. *In re Rhone-Poulenc Rorer Inc.*, 51 F.3d 1293, 1302 (7th Cir. 1995). Class action certification is a completely separate issue from the individual privacy rights and HIPPA protections afforded to any individual who may be involved in a class action lawsuit. *See Id.* ("If the privacy of these class members in these follow-on proceedings to the class action is sought to be protected by denominating them "John Does," that is something that can equally well be done in individual lawsuits. The "John Doe" device--and with it the issue of privacy--is independent of class certification.").

Regardless, having failed to provide sufficient notice of their discovery request to the detainees, Plaintiffs next contend that they have secured a qualified protective order that meets the requirements imposed by 45 C.F.R. 164.512(e)(1)(v), such that the County cannot object to producing the detainees' PHI. In support of their position, Plaintiffs point to the existing Confidentiality Order. (Docket 125). However, the Confidentiality Order on file should not be construed as a HIPAA Qualified Protective Order. The Confidentiality Order in this case does not define the term "medical information" or equate that term with "protected health information" and it mentions nothing of HIPPA or HIPPA's regulations and protections. It does nothing to insure the least possible dissemination of any private health information disclosed in this case and therefore is not strong enough to protect the detainees PHI. Just because a document is labeled "confidential" in a case does not mean there is adequate protection, or consent, of its disclosure in a case.

What's more, even if the Court should find the Confidentiality Order on file sufficient, under Illinois law, an individual whose protected health information is sought must personally sign the Qualified Protective Order and expressly waive his/her constitutional right to privacy

**prior to the entry of the order.** *Shull v. Ellis,* 19 L 9759 (Cir. Ct. Cook Cty. Jul. 25, 2017). None of the individual detainees signed the Confidentiality Order at any time. (Docket 125). Plaintiffs argue that the decision in *Shull* is irrelevant. However, under 45 C.F.R. 160.203(b), state law that is contrary to HIPAA will not be preempted if it "relates to the privacy of individually identifiable health information and is more stringent" than a standard or requirement imposed by HIPAA regulations. *Shull* undeniably imposes a requirement related to protected health information that is more stringent than 45 C.F.R. 164.512(e)(1)(v). Plaintiffs therefore cannot rely on the existing Confidentiality Order; they must either obtain personal authorization or make a good faith attempt to notify the detainees of their discovery requests and this proceeding.

> **B. County Should Not Produce the Scheduling Logs Because the PHI of Individual Detainees is Irrelevant to Plaintiffs' Claim.**

According to Plaintiff's Second Amended Complaint, the only allegations related to health care provided for JTDC detainees is the *timeliness* of the responses to detainees Health Service Request Forms during the filming of *Empire*. [Docket 88, p. 16, ¶ 43 ("… [I]n order to seek medical attention the children can fill out sick-call slips on their pods. During normal operation, these requests usually receive prompt attention. The Empire film crew used the JTDC's infirmary to shoot scenes for the show, however, and during filming numerous sick call requests were ignored[;]" p. 17, ¶ 47, subsection c ("Sick call requests by children on T.S.'s pod were also ignored during filming, whereas during regular operation they were responded to relatively promptly.")]. Plaintiffs' claim for any individual detainee's PHI is therefore outside the scope of their own Second Amended Complaint and thus, irrelevant.

Furthermore, it should be noted that the County has offered to redact the "reason for visit" column in the scheduling log documents, thereby protecting the detainees' PHI while

providing Plaintiffs with the information they desire: the detainees' names and dates of when they were seen at the clinic. (*See* Docket. 195, p. 3). Plaintiffs' still rejected the redacted version of these documents. Regardless, because this type of information is in no way related to the allegations in their Second Amended Complaint, County should not be required to produce these irrelevant documents.

### C. Plaintiffs' Motion to Compel is Procedurally Premature and Should be Denied

Plaintiffs' initial request for the complained of documents stems from an informal email by Plaintiffs sent to County after County already responded to Plaintiffs' Third Request for Production. (Docket 195, Exhibit 1). Instead of issuing a Fourth Requests for Production, Plaintiffs simply asked County for entirely new documents via an email with County. Therefore, the entire meet and confer "email" pursuant to Federal Rule of Civil Procedure 37 and Local Rule 37.2[2], as well as Plaintiffs' Motion to Compel, are procedurally improper and should not be considered by the Court in the first place.

WHEREFORE, Defendant, COOK COUNTY, respectfully requests that this Honorable Court enter an Order denying Plaintiffs' Motion to Compel and awarding COOK COUNTY its costs in responding thereto, and prays for any other relief that this Honorable Court deems necessary and just.

---

[2] Local Rule 37.2 provides, in pertinent part, "[T]his court shall hereafter refuse to hear any and all motions for discovery and production of documents . . . unless the motion includes a statement (1) that after consultation in person or by telephone and good faith attempts to resolve differences they are unable to reach an accord, or (2) counsel's attempts to engage in such consultation were unsuccessful due to no fault of counsel's…"

Respectfully submitted,

KIMBERLY M. FOXX
State's Attorney of Cook County

By:      */s/ Danielle Mikhail*
         Assistant State's Attorney
         500 Richard J. Daley Center
         Chicago, Illinois 60602
         (312) 603-3368
         danielle.mikhail@cookcountyil.gov

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that the foregoing *Defendant Cook County's Response in Opposition to Plaintiffs' Motion to Compel* was served on all counsel of record pursuant to the Court's ECF system on this 17th day of October, 2018.

*/s/ Danielle Mikhail*
Danielle Mikhail

8