# Exhibit I

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| T.S. *et al.,*  <br><br>    Plaintiffs,  <br><br>  v.  <br><br> Twentieth Century Fox Television *et al.,*  <br><br>    Defendants. | Case No. 1:16-cv-08303  <br><br> Hon. Rebecca R. Pallmeyer |

### RESPONSE OF PLAINTIFF Q.B. TO CHIEF JUDGE'S FIRST SET OF INTERROGATORIES

**Plaintiff's Preliminary Response**

To the extent any information provided by Plaintiff in response to these interrogatories would reveal or tend to reveal Plaintiff's identity, or the identity of any other person who was detained at the JTDC as a juvenile, such information is CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER pursuant to the Agreed Confidentiality Order (ECF No. 96).

Plaintiff objects to each multi-part interrogatory which is an attempt to circumvent the numerical limit on interrogatories imposed by Rule 33, in that it contains subparts that do not relate to a common theme, and therefore constitutes multiple separate interrogatories. Plaintiff answers the interrogatories subject to this objection.

**Interrogatory Answers**

1. State your full name and all other names or nicknames you have ever used, as well as your current address and all resident addresses within the last ten (10) years, date of birth, driver's license number and issuing state and social security number.

    **ANSWER:** Plaintiff responds:

    A. **Name:** Q.B.
    B. **Nicknames:** None
    C. **Current Address:** Illinois Youth Center ("IYC") St. Charles, 3825 Campton Hills Rd., St. Charles, IL  60175 (anticipated release: October 2018)
    D. **Other resident addresses within last 10 years:**

1

**CONFIDENTIAL**
**SUBJECT TO PROTECTIVE ORDER**

    a. JTDC: 1100 S Hamilton Ave, Chicago, IL 60612
    b. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
    c. IYC Chicago, 136 N Western Ave, Chicago, IL 60612

**E. Date of Birth:** ▇▇▇▇▇▇
**F. Driver's License Number/State:** N/A (QB does not have a driver's license)
**G. Social Security Number:** Plaintiff objects to this request. Plaintiff's social security number has nothing to do with the events at issue in the complaint. Meanwhile, the disclosure of such information is unduly burdensome in that it is highly sensitive, its disclosure subjects Plaintiff to increased risk of identity theft, fraud, and other abuses; while at the same time since Defendant already has ample information regarding Plaintiff's identity. *See Jones v. Nat'l Council of Young Men's Christian Associations of U.S.*, No. 09-cv-6437, 2011 WL 1312162, at *3 (N.D. Ill. Mar. 31, 2011).

2. Describe your education, training and/or professional skills, including the names and addresses of all educational institutions attended, dates of attendance and degrees and certificates or diplomas issued to you by each institution. If you once attended an institution but did not receive a degree, certificate or diploma, or otherwise did not complete your studies, state why.

**ANSWER:** Plaintiff objects that the interrogatory is not reasonably calculated to lead to the discovery of admissible evidence, as the allegations in this case concern conditions at the JTDC under normal operations, alteration of those operations to accommodate Fox, and the effect of those altered operations on conditions at the JTDC. Subject to these objections, Plaintiff answers:

    **A. Education:** Plaintiff QB is in the process of finalizing his high school degree/GED at IYC St Charles.
    **B. Training/Professional Skills:** None.
    **C. All Educational Institutions Attended, Dates of Attendance, And Reasons for Leaving Pre-degree:** ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇; Nancy B. Jefferson School (while detained at JTDC).
    **D. Certificates/Degrees Received:** Plaintiff anticipates receiving his GED soon.

3. State the full name and current address of each person who has knowledge, or claims to have knowledge, of the facts giving rise to your complaint and the damages claimed to have resulted from the incidents alleged in your complaint. Please indicate the nature of your acquaintance with each person, such as friend, neighbor, relative, etc., and the nature of their knowledge.

**CONFIDENTIAL**
**SUBJECT TO PROTECTIVE ORDER**

**ANSWER:**

**In addition to Plaintiff:**



A. ▓▓▓ V.P. ▓▓▓, Plaintiff's grandmother, is knowledgeable about Plaintiff's experience in JTDC before, during, and after the filming lockdowns, as well as the disruption to visitation described in the complaint. Her address is: ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

4. Have you ever plead guilty to a crime, been convicted of any crime or been adjudicated delinquent? If so, state the date, offense, court and status and/or disposition of case.

**ANSWER**: Plaintiff objects to this Interrogatory to the extent is seeks information about confidential juvenile court proceedings and dispositions, as such information is protected under the Illinois Juvenile Court Act (705 ILCS 405/1 et seq.) and, in addition, is not reasonably calculated to lead to the discovery of admissible evidence, as the allegations in this case concern conditions at the JTDC under normal operations, alteration of those operations to accommodate Fox, and the effect of those altered operations on conditions at the JTDC. Plaintiff further objects that responsive information is in the possession of Defendants. Subject to and without waiving the foregoing objections, Plaintiff states: ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

5. State whether you or anyone on your behalf has ever filed any other lawsuits claiming injuries, mental or physical. If so, state the nature of the injuries claimed, the year, location, titles, docket numbers status and/or disposition of the claim.

**ANSWER:** Plaintiff objects that the Interrogatory is not calculated to lead to admissible or relevant information. Subject to and without waiving this objection, Plaintiff states: No.

6. State the dates during which you have ever been incarcerated in the Cook County Juvenile Detention Center, including any time during the filming period.

**ANSWER:** Plaintiff believes he was detained at the JTDC during the following periods: late February 2015 to March 25, 2015; April 15, 2015 to mid-May 2015; June 13, 2015 to July 8, 2015; early August 2015 to January 6, 2016; February 10, 2017 to March 8, 2018; March 10, 2018 to March 24, 2018; May 11, 2018 to April 10, 2018. Responding further, Plaintiff believes the exact dates of his detention at the JTDC would be available through documents possessed and/or produced by the Office of the Chief Judge.

**CONFIDENTIAL**
**SUBJECT TO PROTECTIVE ORDER**

7. Describe any injuries, physical or mental, sustained by you as a result of the incidents alleged in your complaint as well as any injuries from which you are still suffering as a result of the incidents alleged in your complaint.

**ANSWER**: Plaintiff objects that discovery, including expert discovery, is ongoing and the Interrogatory is therefore premature. Subject to this objection, Plaintiff states that his injuries are described in detail in the Second Amended Complaint. Answering further and subject to these objections, Plaintiff states that in general, he suffered multiple deprivations and restrictions during the filming of *Empire*, as described in the Complaint, including confinement to his pod, restricted access to outdoor areas, off-pod areas, classrooms, visitation areas, sports tournaments and medical access, and that there was a general disruption to the protocols and procedures put in place to provide safety and rehabilitation of residents. These restrictions and disruptions caused distress, increased risk of physical harm, and lost opportunity for rehabilitation.

8. For the injuries, physical or mental, you claim you suffered as a result of the incidents alleged in your complaint, state:

    a) All treatment sought,

    b) All medical facilities at which treatment was sought or rendered,

    c) All treatment received,

    d) All diagnoses rendered,

    e) All attending and consulting physicians involved in said treatment and/or diagnoses.

    f) All treatment sought,

    g) All medical facilities at which treatment was sought or rendered,

    h) All treatment received,

    i) All diagnoses rendered,

    j) All attending and consulting physicians involved in said treatment and/or diagnoses.

    **ANSWER:** Plaintiff responds to a) through j): None.

9. Set forth in detail and itemize all expenses, losses, and/or damages, both economic and non-economic, you claim as a result of the incidents alleged in your complaint.

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

**ANSWER:** Plaintiff refers to his response to Interrogatory No. 7; responding further, Plaintiff states that his injuries are described in the Second Amended Complaint and that he is seeking compensation for said injuries, including punitive damages and unjust enrichment.

10. Identify each individual who provided information or otherwise assisted in the preparation of the answers to these Interrogatories and for each such individual state the information or assistance which he or she provided.

    **ANSWER**: Q.B. (as to everything), V.P. (as to visitation).

11. During your incarceration at the JTDC, including during the filming period, did you ever request medical treatment? If so, state:

    a) The injury, ailment or issue for which treatment was requested,

    b) The date the injury, ailment or issue arose,

    c) The treatment requested,

    d) How many times treatment was requested,

    e) The process used for requesting treatment,

    f) The date(s) treatment was requested,

    g) The treatment received,

    h) The date(s) treatment was received

    i) The medical facilities at which treatment was rendered,

    j) The diagnosis rendered;

    k) All attending and consulting physicians involved in said treatment and/or diagnoses.

    **ANSWER**: Plaintiff objects to this interrogatory as unduly burdensome in that Plaintiff was detained at the JTDC for several months, and is thus unable to recall the precise dates and times on which he or others requested medical treatment, the nature of each such request, and the dates and times during which medical treatment was provided. Plaintiffs have sought information responsive to this Interrogatory through Requests for Production and discovery enforcement seeking, inter alia, sick call slips and responses, but have not obtained necessary responsive information and are therefore unable to fully answer this question. Subject to and without waiving these objections, Q.B. recalls that under normal operation, when he or other children on his pod put in sick call requests, they were usually attended to by the next day, usually by being taken to the infirmary. Q.B. recalls that during the *Empire* filming periods,

Case: 1:16-cv-08303 Document #: 213-4 Filed: 10/18/18 Page 7 of 15 PageID #:2897

**CONFIDENTIAL**
**SUBJECT TO PROTECTIVE ORDER**

however, many sick call requests were not attended to until the next week; and that children were not brought down to the infirmary for sick calls, as they normally would be. Q.B. recalls making sick call requests during the JTDC's normal operation. Q.B. does not recall making sick call requests during *Empire* filming.

12. Was your request for medical treatment was ever delayed, denied or left unattended to? If so, state:

    a) Did anyone, including any employee of the JTDC, ever inform you or anyone else why your request for treatment delayed, denied or left unattended to? If so,

    b) Who informed you,

    c) When did the conversation take place,

    d) Who was present during the conversation,

    e) What was said by the parties to the conversation?

**ANSWER**: See answer and objections to Interrogatory No. 11, above. Plaintiff objects that it is impossible for him to recall the requested details of specific conversations at this time and states that the interrogatory is better suited for deposition. Answering subject to these objections, Plaintiff states that he does not specifically recall speaking to any JTDC staff about medical treatment interruptions, but that he understood it was because of *Empire* filming due to the multiple interruptions caused by the filming.

13. During your incarceration at the JTDC, including during the filming period, did you engage in any recreation and/or exercise during the times allowed for such activities? If so, state:

    a) what type of exercise or recreation did you engage in,

    b) how often did you engage in the exercise or recreation,

    c) what was the duration of the exercise or recreation,

    d) was your participation required or optional,

    e) was the exercise or recreation structured or otherwise supervised,

    f) where did the exercise or recreation take place?

**ANSWER**: Plaintiff objects that the Interrogatory seeks expansive and detailed information over a significant period of time which would be impossible for Plaintiff to recall.

6

**CONFIDENTIAL**
**SUBJECT TO PROTECTIVE ORDER**

The Office of the Chief Judge is in possession of detailed and thorough records which answer each of the above questions; some of these have already been produced in discovery, and Plaintiff is currently seeking the rest through discovery enforcement. To the extent the Interrogatory seeks information in the possession of Plaintiff which is possible for him to recall, Plaintiff states that it is better suited for deposition.

Subject to the foregoing objections, Plaintiff answers: while at JTDC he engaged in recreation in the yards as well as the gyms. The types of recreation he engaged in included basketball, football, volleyball, kickball, and throwing balls around. Plaintiff had a minimum of about one hour of scheduled recreation per day. Plaintiff cannot remember the specific types of recreation he had on each day of his incarceration, or where it was held on specific days. Plaintiff would always participate if he could. Plaintiff sometimes had the opportunity to play in sports tournaments, especially during school vacation weeks, but did not do this during *Empire* filming. During the filming periods, Plaintiff's pod was not provided with recreation on multiple occasions. On those days, JTDC staff would say that they were giving the detainees recreation on the pod. Plaintiff remembers recreation specialists or other staff coming to the pod with bean bags to toss and ask them to do jumping jacks for five minutes. Plaintiff remembers that more than one time during the filming periods, the recreation specialists simply had the detainees to play cards instead of doing any exercise at all.

14. If you claim that, during the filming period, your recreation and/or exercise was canceled, shortened, delayed or otherwise curtailed, state the following:

    a) Which specific activity did you engage in that was canceled, shortened, delayed or otherwise curtailed,

    b) In what manner was the activity curtailed,

    c) When was the activity canceled, shortened, delayed or curtailed,

    d) Where did the activity take place or, if canceled, where was the activity supposed to take place,

    e) Did anyone, including any employee of the JTDC, ever inform you or anyone else why the activity was cancelled, shortened, delayed or otherwise curtailed and, if so;

    f) Who informed you,

    g) When did the conversation take place,

    h) Who was present during the conversation,

    i) What was said by the parties to the conversation?

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

**ANSWER**: Plaintiff objects that the Interrogatory seeks expansive and detailed information over a significant period of time and pertaining to details of conversations which would be impossible for Plaintiff to recall specifically. The Office of the Chief Judge is in possession of detailed and thorough records which answer each of the above questions; some has already been produced in discovery, and Plaintiffs are currently seeking the rest through discovery enforcement. To the extent the Interrogatory seeks information in the possession of Plaintiff which is possible for Plaintiff to recall, Plaintiff states that it is better suited for deposition.

Subject to the foregoing objections, Plaintiff answers: while at JTDC he engaged in recreation in the yards as well as the gyms. The types of recreation he engaged in included basketball, football, volleyball, kickball, and throwing balls around. Plaintiff had a minimum of about one hour of scheduled recreation per day. Plaintiff cannot remember the specific types of recreation he had on each day of his incarceration, or where it was held on specific days. Plaintiff would always participate if he could. Plaintiff sometimes had the opportunity to play in sports tournaments, especially during school vacation weeks, but did not do this during *Empire* filming. During the filming periods, Plaintiff's pod was not provided with recreation on multiple occasions. On those days, JTDC staff would say that they were giving the detainees recreation on the pod. Plaintiff remembers recreation specialists or other staff coming to the pod with bean bags to toss and ask them to do jumping jacks for five minutes. Plaintiff remembers that one time or more, the recreation specialists simply had the detainees to play cards instead of doing any exercise at all. Plaintiff recalls complaining to recreation specialists Mr. Lloyd and Mr. Quintero about not being able to go outside or to the gym, and that they would respond that it was because the yards were closed or movement was restricted due to *Empire*.

15. Pursuant to your claim that the educational instruction during the filming period was inadequate, curtailed or otherwise ineffective in contrast to the non-filming period, state the following:

    a) In what way(s) was your instruction inadequate, curtailed or otherwise less effective,

    b) Was the instruction provided during the filming period less frequent? If so, how,

    c) Were the instruction periods or classes provided during the filming period shortened? If so, how,

    d) Were the topics and subjects of instruction (e.g. math, history, etc.) during the filming period curtailed or otherwise not provided? If so, how,

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

    e) Were the assignments or homework given during the filming period less in frequency or duration? If so, how,

    f) Was your ability to interact with their teachers or otherwise ask questions during classes curtailed or otherwise limited during the filming period? If so, how,

    g) Did the manner in which the classes were conducted during the filming period inhibit or frustrate your ability to learn the material taught? If so, how?

**ANSWER:** Plaintiff objects to this interrogatory as misstating the allegations in Plaintiff's complaint. The Office of the Chief Judge is in possession of detailed and thorough records which answer each of the above questions; some of this has been produced, but Plaintiffs seek more information through discovery which is necessary to providing accurate answers. Subject to the foregoing objections, and based on his recollection without the assistance of documents which should be produced by the county defendants, Plaintiff answers that he does not believe he was detained at JTDC during the *Empire* filming when school was scheduled to be in session.

16. During your incarceration at the JTDC, including during the filming period, did you have visitors? If so, state:

    a) Who were your visitors and what was their relationship to you,

    b) When were you visited,

    c) How often, on average, were you visited,

    d) The length, on average, of the visitation,

    e) The place within the JTDC where the visitation occurred.

**ANSWER**: Plaintiff objects that this request is unduly burdensome in that he was detained at the JTDC for months and received regular visits during that time, and thus he cannot identify the precise date, time, and name of each visitor. Plaintiff responds further that this information is available in documents in the possession of the Office of the Chief Judge or other defendants. Subject to and without waiving these objections, Plaintiff responds: Q.B. had two visiting hours during the week, on Tuesdays and Saturdays, and during his confinement at the JTDC his father, H.B., visited him once on his birthday and his grandmother visited him frequently. Q.B.'s grandmother, V.P., visited him at the JTDC whenever she could. She works at a supermarket that frequently requires her to work over the weekends, however, making visits during Q.B.'s Saturday visiting slot difficult. Q.B. and his grandmother recall that one of their visits was not permitted in the manner described in Paragraph 48 of the Second Amended Complaint, and that this occurred on June 23, 2015. Specifically, after being unable to

9

get time off to visit one Saturday, Q.B.'s grandmother asked her boss to take off of work Tuesday, so that she could visit her grandson. *Empire* was filming that day, however, and when she arrived at the JTDC during Q.B.'s visiting slot, she was told that visits in that time had been cancelled. QB remembers that other times during filming, visitation was conducted in a classroom which was more cramped and offered less privacy than regular visitation.

17. Do you claim that, during the filming period, that your visits, including with your attorney(s), were canceled, shortened, delayed or otherwise curtailed? If so, state:

    a) When did the complained of visitation(s) or non-visitation(s) occur,

    b) Was the visitation scheduled in advance of the visitation,

    c) With whom did the visitation occur or with whom was the visitation supposed to occur,

    d) How was the visitation(s) cancelled, shortened, delay or otherwise curtailed,

    e) If shortened, by how long,

    f) If delayed, by how long,

    g) If canceled, was the visitation(s) rescheduled and, if so, when,

    h) If delayed or shortened where within the JTDC did the visitation(s) occur,

    i) How long was the visitation?

**ANSWER**: Plaintiff objects that this request is unduly burdensome in that he was detained at the JTDC for months and received regular visits during that time, and thus he cannot identify the precise date, time, and name of each visitor. Plaintiff responds further that this information is available in documents in the possession of the Office of the Chief Judge or other defendants. Subject to and without waiving these objections, Plaintiff responds: Q.B. had two visiting hours during the week, on Tuesdays and Saturdays, and during his confinement at the JTDC his father, H.B. visited him once on his birthday and his grandmother visited him frequently. Q.B.'s grandmother, V.P., visited him at the JTDC whenever she could. She works at a supermarket that frequently requires her to work over the weekends, however, making visits during Q.B.'s Saturday visiting slot difficult. Q.B. and his grandmother recall that one of their visits was not permitted in the manner described in Paragraph 48 of the Second Amended Complaint, and that this occurred on June 23, 2015. Specifically, after being unable to get time off to visit one Saturday, Q.B.'s grandmother asked her boss to take off of work Tuesday, so that she could visit her grandson. *Empire* was filming that day, however, and when she arrived at the JTDC during Q.B.'s visiting slot, she was told that visits in that time had been cancelled. QB remembers that other times during filming, visitation was conducted in a

classroom which was more cramped and offered less privacy than regular visitation. Q.B. does not recall whether there were disruptions to his attorney visitation.

18. If you claim that, during the filming period, your visits were canceled, shortened, delayed or otherwise curtailed, state the following:

    a) Did anyone, including any employee of the JTDC, ever inform you or anyone else why your visits were cancelled, shortened, delayed or otherwise curtailed and, if so;

    b) Who informed you,

    c) When did the conversation take place,

    d) Who was present during the conversation,

    e) What was said by all parties to the conversation?

**ANSWER:** Plaintiff objects that it is impossible for him to specifically recall the requested details of specific conversations at this time and that the interrogatory is better suited for deposition. Answering subject to these objections, Plaintiff states that he does not specifically recall complaining about or discussing interruptions to visitation with any JTDC staff, but that he understood that the disruptions were caused by the restrictions to movement occasioned by *Empire*.

19. During your incarceration at the JTDC, including during the filming period, did you engage in any after school and/or structured programing (e.g. music, dance, arts, botany projects, etc.)? If so, state:

    a) What programs did you participate did in,

    b) How often did you participate in these programs,

    c) What was the duration of the programs you participated in,

    d) Was your participation required or optional,

    e) Where within the JTDC did these programs take place?

**ANSWER:** Plaintiff objects that this interrogatory is unduly burdensome in that he was detained for months at the JTDC during which after school programming was provided, and thus he cannot identify the precise date, time, and nature of each instance of such programming they were provided. Answering subject to these objections, Plaintiff responds that he does not recall participating in any afterschool programming.

**CONFIDENTIAL**
**SUBJECT TO PROTECTIVE ORDER**

20. Do you claim that, during the filming period, participation in after school and/or structured programming you were engaged in, or wished to engage in, was canceled, shorted or otherwise curtailed? If so, state:

    a) Which program was cancelled, shortened or otherwise curtailed,

    b) How was the program(s) curtailed,

    c) What date(s) was the program cancelled, shortened or otherwise curtailed,

    d) If shortened, by how long,

    e) If delayed, by how long?

    f) If canceled, was the program rescheduled?

**ANSWER:** Plaintiff objects that this information is available in documents which are in the possession of the Office of the Chief Judge or other defendants, who are in a better position to answer the interrogatory, and that the interrogatory is better suited for deposition. Plaintiffs are seeking responsive information through discovery enforcement. Subject to and without waiving these objections, Plaintiff responds that he does not recall participating in any afterschool programming.

21. If you claim that, during the filming period, your participation in after school and/or structured programming you were engaged in, or wished to engage in, was canceled, shorted or otherwise hindered, state:

    a) Did anyone, including any employee of the JTDC, ever inform you or anyone else why your participation was cancelled, shortened, delayed or otherwise curtailed,

    b) Who informed you,

    c) When did the conversation take place,

    d) Who was present during the conversation,

    e) What was said by the parties to the conversation?

**ANSWER:** Plaintiff objects that it is impossible for him to specifically recall the requested details of specific conversations at this time and that the interrogatory is better suited for deposition. Answering subject to these objections, Plaintiff responds that he does not recall participating in any afterschool programming.

Respectfully Submitted,

/s/ Alexis G. Chardon

Stephen H. Weil – steve@weilchardon.com
Alexis G. Chardon – ali@weilchardon.com
Weil & Chardon LLC
333 S. Wabash Avenue, Suite 2700
Chicago, IL 60604
(312) 585-7404

Adam Pessin
Fine, Kaplan, and Black R.P.C.
One South Broad Street, Suite 2300
Philadelphia, Pennsylvania 19107

*Attorneys for Named Plaintiffs T.S. and Q.B.*

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

**CERTIFICATE OF SERVICE**

I hereby certify that on June 18, 2018, a true and correct copy of the foregoing was e-mailed to counsel for Defendants at:

Allyson West, allyson.west@cookcountyil.gov

Anthony Zecchin, anthony.zecchin@cookcountyil.gov

T. Andrew Horvat, THorvat@atg.state.il.us

Jeffrey Jacobsen, jjacobson@kelleydrye.com

Matthew C. Luzadder, mluzadder@kelleydrye.com

Catherine James, cjames@kelleydrye.com

/s/ Alexis G. Chardon