UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| T.S., a minor by and through his parent and guardian, S.S., on behalf of themselves and all others similarly situated and Q.B., a minor by and through his grandparent and guardian, V.P., on behalf of themselves, and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TWENTIETH CENTURY FOX TELEVISION, a division of TWENTIETH CENTURY FOX FILM CORPORATION; FOX BROADCASTING COMPANY; TWENTY-FIRST CENTURY FOX, INC., THE COUNTY OF COOK, ILLINOIS; THE CHIEF JUDGE OF THE CIRCUIT COURT OF COOK COUNTY, in his official capacity; LEONARD DIXON; and JOHN DOES 1 THROUGH 20,<br><br>Defendants. | No. 16 C 8303<br><br>Judge Rebecca R. Pallmeyer |

## ORDER

Plaintiffs' motion for an award of attorneys' fees as a discovery sanction [158] is granted in part and denied in part. The court directs the Fox Defendants to pay half of the fees requested by Plaintiffs for litigating their motion to compel.

## STATEMENT

In the summer of 2015, officials placed the Cook County Juvenile Temporary Detention Center ("JTDC") on lockdown so that it could be used to film episodes for the Fox television show *Empire*. In this lawsuit, minor Plaintiffs T.S. and Q.B., through their legal guardians, allege that the lockdown of the JTDC violated Plaintiffs' rights under a host of theories. The Plaintiffs have sued Twentieth Century Fox Television, a division of Twentieth Century Fox Film Corporation ("TCFTV"); Fox Broadcasting Company ("FBC"), and Twenty-First Century Fox, Inc. ("21CF") (collectively, "Fox" or the "Fox Defendants"); and various Cook County officials and John Doe

Defendants. The case was filed in October 2016 and originally assigned to Judge Amy St. Eve of this court, who ruled on motions to dismiss. Left standing against the Fox Defendants are Plaintiffs' claims of tortious inducement of the breach of fiduciary duty and unjust enrichment.

Upon Judge St. Eve's elevation to the Court of Appeals, the case was reassigned. There have been some disputes since then, but it appears to the court that counsel for the opposing parties in this challenging case have cooperated well and effectively with respect to discovery and preparation for dispositive motions or trial. Prior to the transfer, however, there were discovery disputes, including a motion to compel that Judge St. Eve heard and decided at a status conference in March 2018. Pending before the court is a motion for an award of attorney's fees in favor of Plaintiffs with respect to that motion to compel. The matter is fully briefed and ready for decision.

Under Rule 37(a)(5)(A), if a motion to compel is granted, the court "must" require the party whose conduct necessitated the motion to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees, unless the movant filed the motion before attempting to confer in good faith, the nonmovant's nondisclosure was substantially justified, or other circumstances make an award of expenses unjust. FED. R. CIV. P. 37(a)(5)(A). If the court grants the motion in part and denies it in part, the court may apportion the reasonable expenses incurred as a result. Rule 37(a)(5)(C). In ruling on this motion, this court is at a disadvantage, having not heard or decided the motion to compel in March 2018. There is no transcript of the hearing on that motion in the record. Having reviewed the parties' briefs and the record, however, the court concludes that an award of fees is warranted in part.

The motion to compel presented three areas of dispute: (1) Defendants' refusal to answer Interrogatory No. 4, which sought details about Defendants' discovery search procedure; (2) Defendants' refusal to provide information about all revenues generated by the *Empire* television series; and (3) Fox's failure to furnish, in response to Interrogatory No. 9, information about the identity of persons employed by the Fox Television group, and their communications about the

*Empire* series. (See Motion to Compel [138].) The Fox Defendants objected to the motion on several grounds (Fox Defendants' Memorandum in Opposition to Motion to Compel ("Defendants' Memorandum") [140]); Judge St. Eve sustained certain of those objections and overruled others. (Order [143].) Judge St. Eve ordered Fox to provide a full response to Interrogatory No. 4; an affidavit attesting to the completeness of the response it had provided in response to Interrogatory No. 9; and information concerning the revenues associated with two episodes of *Empire*. The question for this court is whether, before the court ruled, Fox's objections were substantially justified.

In the court's view, a number of them were not. For example, Fox contended that Plaintiffs' request for "discovery about discovery" (Interrogatory No. 4) was inappropriate in part because the information was more effectively requested by way of a deposition rather than an interrogatory. (Defendants' Memorandum [140], at 7.) Similarly, Fox urged that before pursuing discovery from Fox on the claim of inducement of a breach of fiduciary duty, Plaintiffs should first seek discovery about the breach itself, from the Cook County Defendants. (*Id*.) Both of those arguments appear to run afoul of FED. R. CIV. P. 26(d)(3), which confirms that "methods of discovery may be used in any sequence," and that "discovery by one party does not require any other party to delay its discovery." Nor was Fox on solid ground in asserting that damages discovery "should be deferred until such time as Plaintiffs have advanced their case on its non-existent merits." (Defendants' Memorandum [140], at 11.) Bifurcation of discovery in this way is appropriate only if agreed by opposing counsel and/or ordered by the court.

The Fox Defendants are correct that under Principle 2.04(b) of the Seventh Circuit Electronic Discovery Pilot Program (Second Ed. Jan. 2018), discovery "concerning the collection and preservation efforts of another party" should not be used "unadvisedly." But Judge St. Eve confirmed that there was nothing "unadvised" about Plaintiffs' request. Indeed, she noted that based upon the Fox Defendants' own assertions, complying with Interrogatory No. 4 would not be a "particularly difficult task due to the discrete period of time and number of people involved in

3

the filming . . . ." (Order [143] at 3.) Under these circumstances, Fox's refusal to furnish the information on request may have been more costly than simply producing it over objection. Its position on Interrogatory No. 4 was not substantially justified.

The Fox Defendants also objected to Plaintiffs' request for information concerning its advertising revenue. Fox's objection was largely devoted to its position that Plaintiffs' unjust enrichment claim has no merit. (See Defendants' Memorandum [140], at 3-5, 8-11.) In her ruling, Judge St. Eve reminded the Fox Defendants that the "unjust enrichment claim survived their Rule 12(b)(6) motion to dismiss, and thus these arguments are best left for summary judgment or trial." (Order [143] at 3.) She nevertheless ruled in Fox's favor with respect to the breadth of Plaintiffs' request, ultimately limiting the required production to "revenues and profit information for the first two episodes of *Empire's* second season," as "relevant and proportional." *Id*. Plaintiffs later sought reconsideration of that limitation, but this court denied it, noting its concerns about the notion that recovery for Plaintiffs' injuries could depend on *Empire*'s success or failure. (See Transcript of 8/29/2018 [192].) Defendants' focus on the merits of Plaintiffs' claims, at this stage, was arguably a distraction, but their objection to Plaintiffs' broad discovery request was sustained in large part. The court concludes that Defendants' objection to this request was "substantially justified" in part, as well.

The third area of dispute relates to Plaintiffs' desire for information concerning the involvement of other Fox entities in the filming of *Empire*. This court confesses difficulty in understanding the need for this information. Plaintiffs explained that they required it in order to "understand the collaboration between" various Fox entities, "as that collaboration relates to the liability of FBC for the filming of *Empire* at the JTDS." (Motion to Compel [138] at 12.) In objecting to this request, Defendants asserted that "21CF is unable to provide and verify discovery responses regarding communications by or between other corporate defendants," that TCFTV alone was responsible for filming the *Empire* episodes, and that Plaintiffs' request was "redundant of interrogatories already answered by [FBC and TCFTV] and the relevant documents produced."

(Defendants' Memorandum [140] at 13.) Judge St. Eve ordered only that Fox file a certification that it was unable to "provide and verify discovery responses in relation to Interrogatory No. 9." (Order [143] at 4.) Fox later did provide that verification. (See Affidavit of Completeness [150] at 3.) To this court's knowledge, Plaintiffs have not challenged this verification or otherwise pressed this request. The court concludes Defendants' position on this issue, too, is "substantially justified."

### **CONCLUSION**

Plaintiffs' motion to compel was granted in part and denied in part. Their motion for an award of fees pursuant to Rule 37(a)(5) is granted in part and denied in part as well. Three issues were raised in that motion. Defendants raised legitimate overbreadth objections, but also devoted unjustifiable attention to "order of discovery" objections and to repeating their challenges to the merits of Plaintiffs' unjust enrichment claims. Recognizing that any assessment of the matter is, at best, a blunt instrument, the court concludes that Defendants' position is only partly justified, and orders that Defendants pay half of the fees requested by Plaintiffs for litigating their motion to compel.

ENTER:

Dated: March 25, 2019

                                          REBECCA R. PALLMEYER
                                          United States District Judge