THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| T.S. *et al.*,<br><br>                Plaintiffs,<br><br>    v.<br><br>Twentieth Century Fox Television, a division of Twentieth Century Fox Film Corporation *et al.*,<br><br>                Defendants. | Case No. 1:16-cv-08303<br><br>Honorable Chief Judge Rebecca Pallmeyer |

### THE FOX DEFENDANTS' UPDATED MOTION FOR SUMMARY JUDGMENT

Defendants Twentieth Century Fox Television, a division of Twentieth Century Fox Film Corporation ("20th TV"), Fox Broadcasting Company, LLC, and TFCF Corporation, formerly known as Twenty-First Century Fox, Inc. (collectively the "Fox Defendants"), by and through their undersigned counsel, hereby move for summary judgment on all counts against them pursuant to Federal Rule of Civil Procedure 56, and in support thereof state as follows:

      1.      As explained more fully in the accompanying Memorandum of Law submitted in support of this Motion, this Court should grant the Fox Defendants' Updated Motion for Summary Judgment on all counts against them pursuant to Fed. R. Civ. P. 56.

      2.      Discovery, which proceeded for more than three years, left a record totally devoid of any evidence that the Fox Defendants "knowingly induced" or "knowingly participated in" a breach of fiduciary duty by Superintendent Leonard Dixon of the Cook County Juvenile Temporary Detention Center (the "JTDC"). No documentary evidence exists, and no testimony by any witness suggested, that 20th TV had reason to believe its presence at the JTDC was disrupting facility operations to a degree that put detainees' safety or well-being at any risk. To

the contrary, testimony confirmed that the JTDC never notified 20th TV that its presence at the JTDC was disrupting the JTDC's normal operations. Accordingly, even assuming Superintendent Dixon owed a duty that was fiduciary in nature, and breached it—neither of which any Defendant concedes—Plaintiffs have no basis to contend that the Fox Defendants are liable for tortiously inducing such a breach.

3. At most, Plaintiffs can argue that 20th TV knew JTDC detainees could not occupy the same spaces at the same time that 20th TV was using those spaces to film. That is not enough to demonstrate that the Fox Defendants "knew or had reason to know that their acts could be harmful to the JTDC detainees," let alone show "active misbehavior on the part of [the Fox Defendants.]" ECF No. 319 at 28-29. To the contrary, witness testimony established that JTDC employees told 20th TV personnel that its use of those facilities could be scheduled without impacting detainees' needs.

4. Because Plaintiffs have failed to demonstrate that the Fox Defendants "knowingly participated in" or "knowingly induced" a breach of fiduciary duty, Plaintiffs' unjust enrichment claim must fail as well. *Benson v. Fannie May Confections Brands, Inc.*, 944 F.3d 639, 648 (7th Cir. 2019); ECF No. 319 at 30-31 ("unjust enrichment" is not an independent cause of action and such claims cannot exist without a separate substantive claim underlying them).

5. For the reasons stated in this Motion and the accompanying Memorandum of Law, this Court should grant the Fox Defendants' Updated Motion for Summary Judgment on all counts against them.

WHEREFORE, Defendants Twentieth Century Fox Television, Fox Broadcasting Company, LLC, and TFCF Corporation respectfully request that the Court grant their Updated Motion for Summary Judgment.

Dated: December 16, 2020

Respectfully submitted,

/s/ Jeffrey S. Jacobson

Jeffrey S. Jacobson
Faegre Drinker Biddle & Reath LLP
1177 Avenue of the Americas, 41st Floor
New York, NY 10036-2714
212-248-3191
jeffrey.jacobson@faegredrinker.com

Justin O. Kay
Christina R. Chapin
Faegre Drinker Biddle & Reath LLP
191 N. Wacker Dr. Suite 3700
Chicago, IL 60606
312-569-1000
justin.kay@faegredrinker.com
christina.chapin@faegredrinker.com

*Attorneys for the Fox Defendants*

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing was served on all counsel of record pursuant to the Court's ECF system on this 16th day of December, 2020.

                                        /s/ *Justin O. Kay*
                                        Justin O. Kay