**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

|  |  |
|---|---|
| T.S. *et al.,* | Case No. 1:16-cv-08303 |
| Plaintiffs, | Honorable Chief Judge |
| v. | Rebecca Pallmeyer |
| Twentieth Century Fox Television, a division of Twentieth Century Fox Film Corporation et al., |  |
| Defendants. |  |

**DEFENDANTS, THE COUNTY OF COOK, ILLINOIS AND LEONARD DIXON'S
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO
CERTIFY QUESTIONS PURSUANT TO 28 U.S.C. § 1292(B)**

# TABLE OF CONTENTS

**Page**

INTRODUCTION ................................................................................................................. 1

ARGUMENT ...................................................................................................................... 4

    I.     The Court Based its Order on Controlling, Pure Issues of Law. ........................... 4

    II.    Substantial Grounds Exist For a Difference of Judicial Opinion. ........................ 6

    III.   Ultimate Termination Would Be Advanced if the Court of Appeals Hears an Immediate Appeal. ......................................................................................... 10

CONCLUSION.................................................................................................................. 10

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Ahrenholz v. Bd. of Trustees of Univ. of Illinois*,
   219 F.3d 674 (7th Cir. 2000) ...............................................................................1, 4

*In re Bridgestone/Firestone, Inc. Tires Prod. Liab. Litig.*,
   212 F. Supp. 2d 903 (S.D. Ind. 2002) ........................................................................9

*Carlson v. Brandt*,
   Nos. 97–C–2165 & 97–C–3630, 1997 WL 534500 (N.D. Ill. Aug. 19, 1997).........................9

*Day v. Jeffreys*,
   No. 19-CV-00945-NJR, 2019 WL 6701671 (S.D. Ill. Dec. 9, 2019) .......................................7

*In re Est. of Swiecicki*,
   106 Ill. 2d 111, 477 N.E.2d 488 (1985) ...................................................................4

*Fritz v. Johnston*,
   209 Ill. 2d 302 (2004) ...................................................................................9

*Fulk v. Illinois Cent. R. Co.*,
   22 F.3d 120 (7th Cir. 1994) ...........................................................................4

*Giovenco-Pappas v. Berauer*,
   2020 IL App (1st) 190904.................................................................................8

*Gonzalez v. Volvo of Am. Corp.*,
   752 F.2d 295 (7th Cir. 1985) ...........................................................................4

*Hernandez v. Cate*,
   No. EDCV 11-00627 R AJW, 2014 WL 6473769 (C.D. Cal. Oct. 16, 2014)..........................7

*Hyzy v. Bellock*,
   2019 U.S. Dist. LEXIS 68186 (C.D. Ill. Apr. 23, 2019) ......................................5, 8

*Jackson v. Alverez*,
   358 Ill. App. 3d 555 (4th Dist. 2005)...................................................................6

*Mister v. Illinois Cent. Gulf R. Co.*,
   790 F. Supp. 1411 (S.D. Ill. 1992).....................................................................6

*Mueller v. First Nat. Bank of Quad Cities*,
   797 F. Supp. 656 (C.D. Ill. 1992) .....................................................................6

*Murphy v. Smith*,
844 F.3d 653 (7th Cir. 2016) ...................................................................8, 9

*O'Conner v. Commonwealth Edison Co.*,
748 F. Supp. 672 (C.D. Ill. 1990), aff'd, 13 F.3d 1090 (7th Cir. 1994) ...................................4

*Parmer v. Madigan*,
2018 IL 122265 .................................................................................6, 8, 9

*Rembis v. Board of Trustees*,
249 Ill. App. 3d 1 ......................................................................................6

*Rua v. Glodis*,
52 F. Supp. 3d 84 (D. Mass. 2014) ...........................................................7

*Saunders v. Raleigh County*,
No 5:20-cv-00221, 2020 WL 9348328 (S.D. W. Va. May 18, 2020), *aff'd*,
2021 WL 1180786 (S.D. W. Va. Mar. 29, 2021) ...................................7, 8

*Shell v. Burlington Northern Santa Fe R.R. Co.*,
No. 15-cv-11040, 2018 WL 6061473 (N.D. Ill. Nov. 20, 2018) ............................10

*Sokaogon Gaming Enter. Corp. v. Tushie-Montgomery Assocs., Inc.*,
86 F.3d 656 (7th Cir. 1996) .....................................................................4

*Sperry v. Corizon Health, Inc.*,
No. 18-3119-SAC, 2020 WL 905745 (D. Kan. Feb. 25, 2020) ("Kansas courts
have not recognized an action for breach of fiduciary duty in the prison
context…") .................................................................................................7

*Sterk v. Redbox Automated Retail, LLC*,
672 F.3d 535 (7th Cir. 2012) ...................................................................10

*Surratt v. McClaran*,
234 F. Supp. 3d 815 (E.D. Tex. 2016), *aff'd sub nom. Surratt v. McClarin*,
851 F.3d 389 (5th Cir. 2017) .....................................................................7

**Statutes**

28 U.S.C. § 1292(b) ...........................................................................1, 2, 4, 10

State Lawsuit Immunity Act, 745 ILCS 5/1 ...........................................1, 5

**Other Authorities**

Eleventh Amendment .................................................................................3

Fourteenth Amendment ..........................................................................1, 3

Fed. R. App. P. 5(a)(3)....................................................................................................1, 10

Fed. R. Civ. P. 23(f)..........................................................................................................2

## INTRODUCTION

Defendants the County of Cook, Illinois, and Leonard Dixon, Superintendent of the Cook County Juvenile Temporary Detention Center (the "JTDC"), respectfully request that the Court certify two controlling issues of law decided in the Court's Order dated June 10, 2021 (Dkt. No. 434) (the "Order")—for immediate appeal to the Seventh Circuit pursuant to 28 U.S.C. § 1292(b) and Fed. R. App. P. 5(a)(3). The two issues as to which Defendants seek certification are:

1. Does the Superintendent of the JTDC owe JTDC detainees a fiduciary duty pursuant to Illinois common law, separate from his Fourteenth Amendment obligations, and if so, what is the scope of that fiduciary duty? The Court held that Dixon did owe Plaintiffs a fiduciary duty and that the scope of the duty required him to safeguard Plaintiffs' well-being.

2. Is Dixon entitled to sovereign immunity from Plaintiffs' breach-of-fiduciary-duty claim pursuant to the Illinois State Lawsuit Immunity Act, 745 ILCS 5/1 as a matter of law? The Court held that he is not.

To certify these questions pursuant to Section 1292(b), the Court need not be in doubt about its rulings. The Court must find only that (1) the Order involves controlling questions of law; (2) substantial grounds exist for a difference of opinion regarding these questions; and (3) immediate appeal may materially advance the ultimate termination of the litigation. *See* 28 U.S.C. § 1292(b); *Ahrenholz v. Bd. of Trustees of Univ. of Illinois*, 219 F.3d 674, 675 (7th Cir. 2000). Fed. R. App. P. 5(a)(3) permits the Court to amend its Order to include the certification set forth above. Defendants respectfully submit that the two questions identified above fit all three of Section 1292(b)'s criteria.

The Court's Order granted summary judgment in Dixon's favor on all of Plaintiffs' claims other than the claim that he owed them a fiduciary duty, and kept Cook County in the case only for the purpose of indemnifying Dixon with respect to this claim. Accordingly, there can be no question about the "controlling" nature of the Court's legal ruling that Dixon owed Plaintiffs a fiduciary duty. As Dixon and Cook County will set forth below, other district courts have held

that detention center officials do not owe detainees a fiduciary duty. This demonstrates substantial grounds for a difference of judicial opinion on the issue. With regard to sovereign immunity, the court cited authority that Dixon and Cook County respectfully submit is at odds with a controlling decision from the Illinois Supreme Court. Finally, because an appellate ruling in Dixon's favor on either of these two questions would end the case, and because the parties otherwise would have to go forward with a class action trial before being able to obtain an appellate ruling on these controlling issues, having them resolved now by the Court of Appeals would serve judicial economy and materially advance the ultimate termination of the litigation.

Contemporaneously with the filing of this motion, Dixon and Cook County have filed a petition with the Seventh Circuit, pursuant to Fed. R. Civ. P. 23(f), seeking permission to appeal from the portions of the Court's Order that certified classes. Dixon and Cook County argue in that petition that because the Court's fiduciary duty holding was the legal foundation upon which the Court held that Plaintiffs satisfied Rule 23(a) and Rule 23(b)(3), Rule 23(f) would suffice as a jurisdictional basis for the Court of Appeals to review this Court's determination that Dixon owed a fiduciary duty to safeguard Plaintiffs' well-being. In case of a potential dispute over jurisdiction, however, and because Cook County and Dixon did not argue in the petition that Rule 23(f) would permit the Court of Appeals to review this Court's sovereign immunity determinations, Dixon and Cook County respectfully request that the Court grant this motion. If the Court of Appeals elects to accept the Rule 23(f) petition, it then may choose also to exercise jurisdiction over these issues pursuant to Section 1292(b) and thereby put to rest any questions about its jurisdiction to consider them.

## BACKGROUND

Dixon and Cook County will not belabor the background of this case, with which the Court is very familiar and which the Court just cogently summarized in its Order. For twelve days in the

summer of 2015, Twentieth Century Fox Television ("TCFTV") contracted for limited access to the Cook County Temporary Detention Center (the "JTDC") to film scenes for the fictional television drama series *Empire*. To facilitate the filming, Dixon directed certain changes to normal operations at the JTDC, including (for example) moving all recreation indoors for a few days so that TCFTV could film in the JTDC's outdoor courtyard, and conducting three days of school classes in detainees' residential "pod" common areas instead of in the JTDC's in-house classrooms. Those changes are the basis for Plaintiffs' lawsuit.

To the extent that Plaintiffs' adduced evidence was sufficient to take their Fourteenth Amendment claims to a jury—which Dixon contested in his summary judgment motion—the Court held in the Order that Dixon has qualified immunity from those claims. But the Court also held that Dixon had a <u>fiduciary</u> duty to Plaintiffs imposed by Illinois common law, similar to that of a guardian to his wards. The Court held that this fiduciary duty required Dixon to safeguard Plaintiffs' well-being and that if Plaintiffs can prove that the JTDC altered its operations to accommodate the filming in a manner detrimental to Plaintiffs' well-being, and that the JTDC's changes were not sufficiently justified, a jury could find Dixon liable to Plaintiffs for breach of fiduciary duty. The Court also held that Cook County must indemnify Dixon against these claims.

Dixon and Cook County are the only defendants remaining in the case and the fiduciary duty and indemnification claims are the only surviving disputes. The Court held that the Chief Judge of Cook County Circuit Court has Eleventh Amendment immunity from suit, but did not extend that immunity to Dixon despite a stipulation that Dixon was the Chief Judge's final decision-maker on the relevant issues. The Court also granted the summary judgment motion filed by TCFTV, terminating them from the case.

## ARGUMENT

**I.     The Court Based its Order on Controlling, Pure Issues of Law.**

Whether the Superintendent of a juvenile detention center in Illinois owes detainees a fiduciary duty under Illinois common law is a textbook example of a controlling question of law capable of certification pursuant to Section 1292(b).  As the Seventh Circuit held in *Ahrenholz*, the term "question of law" refers "to a question of the meaning of a statutory or constitutional provision, regulation, or common law doctrine rather than to whether the party opposing summary judgment had raised a genuine issue of material fact." *Ahrenholz*, 219 F.3d at 676.  If a case turns on such a "pure question of law, something the court of appeals could decide quickly and cleanly without having to study the record, the court should be enabled to do so without having to wait [until] the end of the case." *Id.* at 677.  "A question of law may be deemed 'controlling' if its resolution is quite likely to affect the further course of the litigation, even if not certain to do so." *Sokaogon Gaming Enter. Corp. v. Tushie-Montgomery Assocs., Inc.*, 86 F.3d 656, 659 (7th Cir. 1996).  These descriptions perfectly fit the issues Cook County and Dixon ask the Court to certify.

The Court's holding that Dixon owed a fiduciary duty did not turn on particular facts in the evidentiary record.  The Court held that the duty flowed directly from the nature of Dixon's position as Superintendent.  It is well-settled that whether a fiduciary duty exists is a question of law for courts to decide, not a question for juries.  *See, e.g., Gonzalez v. Volvo of Am. Corp.*, 752 F.2d 295, 300 (7th Cir. 1985); *Fulk v. Illinois Cent. R. Co.*, 22 F.3d 120, 125 (7th Cir. 1994); *In re Est. of Swiecicki*, 106 Ill. 2d 111, 117, 477 N.E.2d 488, 490 (1985).  As a result, questions regarding what duty applies are particularly appropriate for interlocutory appeal because "the extent of the duty owed may determine whether or not a jury could find in favor of the Plaintiff[s]." *O'Conner v. Commonwealth Edison Co.*, 748 F. Supp. 672, 679 (C.D. Ill. 1990), aff'd, 13 F.3d 1090 (7th Cir. 1994) (certifying question as to what duty of care applies).

It should be beyond dispute that whether Dixon owed Plaintiffs a fiduciary duty is a controlling question of law in this case. Were the Court of Appeals to determine that the Superintendent of an Illinois juvenile detention facility does not owe detainees a fiduciary duty, Plaintiffs' claim to the contrary would fail. Because that is Plaintiffs' sole surviving cause of action, its failure would mark the end of this case.

The same is true of the Court's legal holding that Dixon is not entitled to sovereign immunity, which is a pure question of law. Pursuant to the Illinois State Lawsuit Immunity Act ("Immunity Act"), the State of Illinois "shall not be made a defendant or party in any Court." 745 ILCS 5/1. As this Court noted, "[t]hat immunity can shield state employees even when those employees are sued in their individual capacities." Order at 31-32, *citing Richman v. Sheahan*, 270 F.3d 430, 441 (7th Cir. 2001). "[A] claim against a state employee is considered a claim against the state when there are (1) no allegations that an agent or employee of the State acted beyond the scope of his authority through wrongful acts; (2) the duty alleged to have been breached was not owed to the public generally independent of the fact of State employment; and (3) where the complained-of actions involve matters ordinarily within the employee's normal and official functions of the State." *Hyzy v. Bellock*, 2019 U.S. Dist. LEXIS 68186, at *8 (C.D. Ill. Apr. 23, 2019), *quoting Healy v. Vaupel*, 133 Ill.2d 295, 309 (1990) (internal citations and quotation marks omitted).

It is undisputed that any duties owned by Dixon to the detainees at the JTDC arose from his position as Superintendent and were not owed to the public at large. Similarly, his decision to allow the filming was an exercise of his State authority. Further, as a matter of law, Dixon did not act beyond the scope of his authority through wrongful acts. "Because sovereign immunity presupposes the possibility of a legal wrong by a state employee, and legal wrongs are, per se, unauthorized, the relevant question cannot be whether the employee had authority to commit the

legal wrong. Instead, the question is whether the employee intended to perform some function within the scope of his or her authority when committing the legal wrong. By breaking workplace rules or performing their duties with willful and wanton indifference, employees do not necessarily act outside the scope of their state employment." *Jackson v. Alverez*, 358 Ill. App. 3d 555, 561 (4th Dist. 2005), *citing* 705 ILCS 505/8(d); *see Rembis v. Board of Trustees*, 249 Ill. App. 3d 1, 4 (1st Dist. 1993, *appeal denied Rembis v. Board of Trustees*, 249 Ill.App.3d 1 (Nov. 1, 1993). As this Court has already determined, Dixon was exercising his State authority as the Superintendent of the JTDC when he made the decision to allow filming at the JTDC. *See* Order at 31 n.15.

Relying on a Seventh Circuit case, this Court held that Plaintiffs' claims fall within a "statutory or constitutional law" exception to sovereign immunity. In *Parmer v. Madigan¸* 2018 IL 122265, however, the Illinois Supreme Court found that this exception applies only when a plaintiff is seeking prospective injunctive relief, and not where, as here, Plaintiffs seek damages for past wrongs. *Parmer*, at ¶¶ 22-24. Whether or not the exception applies is a controlling pure question of law, and therefore 1292(b) certification is appropriate.

If the Seventh Circuit resolves *either* of these two questions in Dixon's favor, such a ruling would resolve this case in its entirety.

## II. Substantial Grounds Exist For a Difference of Judicial Opinion.

To the best of Dixon's and Cook County's knowledge, no prior court has held detention center supervisors of any kind to be detainees' fiduciaries. "While novelty alone does not satisfy the requirement for a permissive interlocutory appeal, the lack of clear precedent indicates that the question of law is unsettled." *Mister v. Illinois Cent. Gulf R. Co.*, 790 F. Supp. 1411, 1426 (S.D. Ill. 1992). Cases of first impression "afford[] an additional basis for certification." *Mueller v. First Nat. Bank of Quad Cities*, 797 F. Supp. 656, 664 (C.D. Ill. 1992).

In the context of <u>adult</u> pretrial detention, moreover, courts have <u>rejected</u> claims that detention center supervisors owe detainees a fiduciary duty. Dixon cited those cases in support of his motion for summary judgment. They include: *Sperry v. Corizon Health, Inc.*, No. 18-3119-SAC, 2020 WL 905745, at *3 (D. Kan. Feb. 25, 2020) ("Kansas courts have not recognized an action for breach of fiduciary duty in the prison context…"); *Hernandez v. Cate*, No. EDCV 11-00627 R AJW, 2014 WL 6473769, at *3 (C.D. Cal. Oct. 16, 2014) (although a fiduciary relationship may exist between a prison physician and his patient or with respect to an inmate's funds, there is no authority to support that there is a fiduciary relationship with respect to a prisoner's conditions of confinement); *Rua v. Glodis*, 52 F. Supp. 3d 84, 100 (D. Mass. 2014) (jail supervisor did not owe fiduciary duties to pretrial detainees; relationship did not fall within the "many familiar and well recognized forms of fiduciary relationships" (citation and internal quotation marks omitted)); *Surratt v. McClaran*, 234 F. Supp. 3d 815, 833 (E.D. Tex. 2016), *aff'd sub nom. Surratt v. McClarin*, 851 F.3d 389 (5th Cir. 2017) ("no basis for recognizing Plaintiff's novel conception of a fiduciary relationship" between arrestee and arresting police officers).

This Court, in its Order, also cited *Day v. Jeffreys*, No. 19-CV-00945-NJR, 2019 WL 6701671 (S.D. Ill. Dec. 9, 2019). The court in *Day* considered it to be "unclear" whether a breach of fiduciary duty" exists against an Illinois corrections officer. Order at 27, *quoting Day*, 2019 WL 6701671, at *4. If not at odds with the Court's Order, *Day* certainly provides a further basis to find a difference of judicial opinion on the issue.

Another recent decision that had not been posted to Westlaw when the parties briefed summary judgment is *Saunders v. Raleigh County*, No 5:20-cv-00221, 2020 WL 9348328 (S.D. W. Va. May 18, 2020) (magistrate's report and recommendations), *aff'd*, 2021 WL 1180786 (S.D. W. Va. Mar. 29, 2021). The magistrate and district court judges in *Saunders* also found that detention center officials do not owe detainees a fiduciary duty:

> To the extent that Plaintiff has alleged that the Southern Regional
> Jail owed him a fiduciary duty . . . there is no such duty owed to a
> pretrial detainee under law, but only a duty of care pursuant to the
> Eighth and Fourteenth Amendments. *See, e.g.*, *Whitley v. Albers*,
> 475 U.S. 312, 320 (1986) ("prison administrators are charged with
> the responsibility of ensuring the safety of the prison staff,
> administrative personnel, and visitors, as well as the "obligation to
> take reasonable measures to guarantee the safety of the inmates
> themselves."). In West Virginia, this has been interpreted as a duty
> of reasonable care, akin to the duty landowners owe to invitees. *See*
> *McNeal v. United States*, 979 F. Supp. 431 (N.D.W. Va. 1997); *see*
> *also, Burdette v. Burdette*, 127 S.E.2d 249 (W. Va. 1962).

*See id.* at *15.

Similarly, there is a substantial grounds for a difference of opinion with regard to the application of sovereign immunity in this case. Relying on *Murphy v. Smith*, 844 F.3d 653, 658 (7th Cir. 2016), this Court held that there was an exception to sovereign immunity protection where the "'plaintiff alleges that the state officials or employees violated 'statutory or constitutional law.'" Order at 32. The Court notes that this exception, as applied, "appears to eviscerate the statutory immunity in many cases." *Id.* As noted above, however, according to the Illinois Supreme Court's decision in *Parmer*, the exception does not apply where Plaintiffs seek damages for past wrongs. *Parmer*, at ¶¶ 22-24; *See also Giovenco-Pappas v. Berauer*, 2020 IL App (1st) 190904, ¶ 36; *Hyzy v. Bellock*, 2019 U.S. Dist. LEXIS 68186, at *8 (C.D. Ill. Apr. 23, 2019). These cases demonstrate that substantial grounds exist for a difference of judicial opinion as to whether *Murphy* should control the outcome in this case. Cook County and Dixon submit that the Seventh Circuit should find, based on *Parmer*, that the exception does not apply in this case, and that Dixon thus is entitled to immunity from Plaintiffs' claims as a matter of law.

Additionally, and as argued above, the Immunity Act does not apply as a matter of law solely because Plaintiffs allege or put forth evidence that Dixon may have violated constitutional or statutory law. The Seventh Circuit's ruling in *Murphy* was premised on the Illinois Supreme

Court's ruling in *Fritz v. Johnston*, 209 Ill. 2d 302, 312 (2004). See *Murphy*, 844 F.3d at 659. However, in *Fritz,* the Supreme Court held sovereign immunity did not apply where the defendants' violative actions—reporting false information—constituted a breach of duty that was entirely independent from the defendant's duties as a State employee, as it was a duty owed by the public on the whole. 209 Ill. 2d at 314 (holding that "the critical question is the source of the duty the employee is alleged to have violated-and specifically, whether that duty exists solely by virtue of the defendant's state employment.").

That is not this case. Dixon need not demonstrate that "he had a legitimate government purpose for imposing the challenged conditions" in order to be entitled to immunity. Instead, he should have immunity unless he violated a duty *independent of his employment* in imposing the alleged conditions. Order at 32. Because this Court already determined that Dixon was exercising his State authority as the Superintendent of the JTDC when he made the decision to allow filming at the JTDC, Dixon already has established the key fact entitling him to immunity. *See* Order at 31 n.15.

Further, given that the authority relied on by this Court, particularly *Murphy*, predates the Illinois Supreme Court's most recent analysis of the issue in *Parmer*, judicial economy would be served in certifying the issue immediately before the parties undergo costly class notice procedures and begin preparing for a trial that is likely to be lengthy and complex.

Dixon and Cook County respectfully submit that these cases demonstrate that substantial grounds exist for a difference of judicial opinion as to both issues, existence of a fiduciary duty and Dixon's immunity. *See, e.g.*, *Carlson v. Brandt*, Nos. 97–C–2165 & 97–C–3630, 1997 WL 534500, at 24 (N.D. Ill. Aug. 19, 1997) (finding it "beyond dispute" that interlocutory appeal is justified if there are conflicting decisions regarding the issue); *In re Bridgestone/Firestone, Inc. Tires Prod. Liab. Litig.*, 212 F. Supp. 2d 903, 910 (S.D. Ind. 2002) (same). Particularly given the

import of these questions, and the potential to open up a new and wide path to liability for detention center officials across the State—and therefore for the State's taxpayers—these issues satisfy the second Section 1292(b) factor.

### III. Ultimate Termination Would Be Advanced if the Court of Appeals Hears an Immediate Appeal.

Finally, Dixon and Cook County submit that interlocutory review would advance the ultimate termination of the litigation and conserve the judicial resources that otherwise would be expended on a class action trial. This element requires that an immediate appeal *may* materially advance the ultimate termination of the litigation. *See Sterk v. Redbox Automated Retail, LLC*, 672 F.3d 535, 536 (7th Cir. 2012). A finding either that Dixon did not owe a fiduciary duty, or that he has sovereign immunity from such a claim, would require dismissal of all that remains open in this case. *See, e.g.*, *Shell v. Burlington Northern Santa Fe R.R. Co.*, No. 15-cv-11040, 2018 WL 6061473, at *4 (N.D. Ill. Nov. 20, 2018) (immediate appeal would advance ultimate termination "either by ending this litigation at summary judgment or by providing resolution to a contested question that is certain to complicate any potential trial in this case").

### CONCLUSION

For the above reasons, the Government Defendants request that the Court grant their motion to certify the above question for immediate appeal to the Seventh Circuit pursuant to 28 U.S.C. § 1292(b) and Fed. R. App. P. 5(a)(3).

Date: June 24, 2021          Respectfully Submitted,

By: *Francis J. Catania*
        Francis J. Catania
        Danielle Mikhail
        Cook County State's Attorney's Office
        50 West Washington, Room 500
        Chicago, IL 60602
        312-603-3373
        francis.catania@cookcountyil.gov
        danielle.mikhail@cookcountyil.gov

        ***Attorneys for Defendant the County of Cook, Illinois***

By: *Lyle K. Henretty/ Patrick D. Morris*
        Lyle K. Henretty
        Patrick D. Morris
        Cook County State's Attorney
        50 W Washington, Suite 2760
        Chicago, IL  60602
        312-603-1434
        patrick.morris@cookcountyil.gov
        lyle.henretty@cookcountyil.gov

        ***Attorneys for Defendant Leonard Dixon***